IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DIANE D. JONES and JAMES ARNOLD, individually and on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> REALPAGE, INC. d/b/a LEASINGDESK SCREENING, <br><br> *Defendant*. | Civ. No. 1:19-cv-501-JG <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> (Trial by Jury Demanded) |

Plaintiffs Diane D. Jones and James Arnold, individually and on behalf of themselves and all others similarly situated, file this Class Action Complaint against RealPage, Inc. d/b/a LeasingDesk Screening ("Defendant" or "RealPage"). Plaintiffs allege, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), brought on behalf of rental applicants nationwide who were the subjects of background reports prepared by Defendant. Defendant systematically violates section 1681e(b) of the FCRA by failing to use reasonable procedures to assure the maximum possible accuracy of information included on the tenant screening reports it sells to prospective landlords.

2. Specifically, Defendant violates this fundamental accuracy requirement of the FCRA by inaccurately reporting criminal record information about consumers, including Ms. Jones and Mr. Arnold. In each instance, Defendant reported criminal record information that does not pertain to the subject of the report and, which in fact, relates to a different person with an

entirely different name.

3. Defendant's inaccurate reporting is the result of its systematic failure to adopt adequate matching procedures for placing criminal record information on the tenant screening reports it sells.

4. Aside from Defendant's practices generally disrupting interstate commerce, these practices and inaccurate adverse reports specifically harm consumers seeking residential leases by prejudicing their prospective landlords' decision making ultimately resulting in the denial of housing to these otherwise qualified consumers.

5. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiffs seek monetary relief for herself and a class of similarly situated individuals for about whom Defendant reported criminal record information that was inaccurate on the face of the report.

## PARTIES

6. Plaintiff Diane D. Jones is a "consumer" as defined by the FCRA, and resides in University Heights, Ohio.

7. Plaintiff James Arnold is a "consumer" as defined by the FCRA, and resided in Montrose, Colorado.

8. Defendant RealPage, Inc. is a consumer reporting agency that regularly conducts business in the State of Ohio in its own name and as "LeasingDesk Screening." RealPage maintains a principal place of business at 2201 Lakeside Boulevard, Richardson, TX.

## JURISDICTION AND VENUE

8. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

*RealPage Fails To Accurately Report Consumer Information*

10. Defendant is regulated by the FCRA and sells consumer reports (commonly called "credit reports") about thousands of consumers. Defendant regularly sells credit reports for residential screening purposes.

11. Consumer Reporting Agencies ("CRAs") such as Defendant deal in volume and use standardized procedures to gather information and attribute it to individuals. They do not "reinvent the wheel" by using unique practices with respect to each different report.

12. Defendant fails to follow reasonable procedures to assure the maximum possible accuracy regarding the information it sells about consumers. *See* 15 U.S.C. § 1681e(b).

13. One of the most well-known and prevalent inaccuracies that occur in the consumer reporting industry is a "mixed file."

14. A mixed file is a consumer report in which some or all of the information in the report pertains to an individual who is not the subject of the report.

15. The main cause of mixed files is a CRA's failure to use full identifying information to match records to the personal identifying information of consumers who are the subjects of its reports.

16. RealPage's standard practice is to use only partial matching and not full identifying information in preparing consumer reports.

17. Specifically, RealPage does not require a match to full identifying information (such as full last name and first name; middle initial; full street address; zip code; year of birth; any generational designation; and social security number) before preparing a report that it attributes to a particular consumer and sells about that consumer.

18. Defendant employs policies and procedures that do not include the use of a reasonable number of identifiers, or even a precise first and last name, and that frequently allow the information belonging to one consumer to appear in the consumer file of another.

19. Furthermore, Defendant does not require that the identifiers that it does use to match character-for-character. For example, Defendant does not require names to match character-for-character.

20. Defendant employs these loose matching procedures in order to maximize the number of reports which contain information, accurate or not. RealPage intentionally employs procedures that maximize the likelihood of a match between any inquiry and some data in its database about one or more consumers, purposefully prioritizing quantity of matches over accuracy of matches.

21. Defendant has used the same matching procedure to create many consumer reports which include criminal records for which the name of the criminal does not match the name of the individual who is the subject of the report. Such mismatches are obvious from the face of the reports.

22. Defendant's reporting of inaccurate public record information is not accidental, nor just a result of simple negligence, but a result of deliberately designed policies and procedures.

*The Experience of Plaintiff Diane Jones*

23. Plaintiff Jones is a consumer about whom Defendant sold inaccurate public record information pursuant to its standardized procedures for creating and selling consumer reports.

24. In June 2016, Plaintiff Jones applied for a subsidized apartment at the Marietta Road Senior High Rise apartment operated by Interstate Realty Management ("Interstate Realty"), and was placed on a waiting list.

25. Over a year later, when her name reached the top of the waiting list, Interstate ordered a consumer tenant screening report from RealPage about Plaintiff Jones, after obtaining Plaintiff Jones's name, address, social security number, and date of birth, and providing all of this information to RealPage.

26. On August 28, 2017, Defendant sold Interstate Realty a consumer report about Plaintiff Jones for a fee.

27. The report inaccurately stated that Ms. Jones was charged with a drug crime in Fulton County, Georgia, despite the fact that the record RealPage placed on the report states that the offender's name is "Toni Taylor." This criminal record belongs to an unrelated person with an entirely different first and last name, and Ms. Jones has no criminal record in Georgia.

28. The inclusion of inaccurate record was the result of Defendant's use of imprecise name matching procedure to attribute public records to rental applicants, such as Plaintiff Jones.

29. The name matching procedure is so imprecise that it does not account for the fact that neither the first nor the last name of the offender matches Plaintiff Jones's name.

30. Plaintiff Jones had her good reputation tarnished and lost the opportunity to rent a subsidized senior apartment from Interstate as a result of Defendant's inaccurate reporting.

*The Experience of Plaintiff James Arnold*

31. In or around October 2016, Plaintiff Arnold applied for housing at the San Juan in Montrose. As part of the application process, San Juan engaged Defendant to execute a consumer background check on Plaintiff Arnold. The Defendant furnished a consumer background report to San Juan containing inaccuracies, including false and damaging averments that Plaintiff Arnold had a prior criminal background, and San Juan subsequently rejected Plaintiff Arnold's housing application due to that reason.

32. Just months after learning that he was unable to secure housing at San Juan, in or around July 2017, Plaintiff Arnold applied for housing at Anciano, a complex managed by Foundation Property. As part of the application process, Anciano engaged Defendant to execute a consumer background check on Plaintiff Arnold.

33. Defendant once again furnished a consumer background report containing inaccuracies, including false and damaging averments that Plaintiff Arnold had a prior criminal background, and Anciano and Foundation Property subsequently rejected Plaintiff Arnold's housing application for that reason. Plaintiff Arnold received a letter from Foundation Property, which stated:

> We are in receipt of your application for housing at Anciano Tower. Unfortunately, we must reject your application due to the reason(s) listed below:
>
> **Prior criminal activity**.
>
> You may appeal this decision in writing, or you may request a meeting with management provided you do so within fourteen (14) days of this letter. Please be sure to include the name of the housing facility to which you were applying. If your rejection was due to negative landlord references, you may submit a written request within 60 days requesting disclosure of the reason. If the rejection was due to credit history, you may obtain a free copy of the report by requesting such from the agency(s) listed within 30 days…
>
> Sincerely, Joanne Silva

34. Plaintiff Arnold attempted to contact Foundation Property on numerous occasions but was unsuccessful. On August 15, 2017, Plaintiff Arnold emailed Foundation Property as follows:

> I have attempted on numerous occasions to contact Joanne Silva, whom denied my rental application.
>
> On August 1, 2017 *I disputed information contained in the report Leasing Desk Screening provided* to you.

> On August 7, 2018 Leasing Desk Screening contacted me via email indicating after reinvestigation, ***information in the report was determined inaccurate, incomplete, or could not be verified***, and was removed from the file provided to you.
>
> Furthermore, Leasing Desk Screening advised that they forwarded the results to the Anciano Tower community.
>
> ***Based upon inaccurate information contained in a consumer report, I was unfairly denied housing***, and respectfully request you reconsider and approve me for tenancy.
>
> Please be advised that this letter is similar to that i mailed to Mr. Carroll.
>
> James Arnold

(Emphasis added).

35. As stated above, Plaintiff Arnold disputed the criminal record listed in the report with Defendant, and on August 7, 2017, Defendant corresponded via email with Plaintiff Arnold that the reported criminal activity was determined to be inaccurate and unfounded after an investigation into the matter. Defendant removed the criminal activity from the consumer background report that was once again provided to Anciano and Foundation Property. Plaintiff Arnold was subsequently approved for housing at Anciano.

36. On August 30, 2018, Plaintiff Arnold received a copy of the consumer file prepared by Defendant. The report inaccurately stated that Plaintiff Arnold was guilty of assault, theft, credit card impersonation and assault in the second degree, as reported by Maryland courts and Nevada Department of Corrections. The LeasingDesk record listed, under a category "offendor information", criminal records of one James Guy Arnold and James Arnold who went under the Aliases John Peltier, Stuart Michaels, Jim and Jim Peltrie. This criminal record was willfully and negligently attributed to Plaintiff Arnold, who has no criminal record.

37. Keen to regularly check his consumer background following Defendant's mistaken inclusion of criminal activity not attributable to him on his consumer background report, Plaintiff

Arnold noticed in September 2018, that egregiously, Defendant once more willfully violated the FCRA and reinserted the inaccurate criminal background information into Plaintiff Arnold's credit history. On September 5, 2018, Plaintiff Arnold emailed Defendant as follows:

> ***I wish to again challenge erroneous information contained in your report***. Last year I made a challenge and I was advised the information was removed because it was inaccurate or could not be verified. I made it clear I was a victim of identity theft, your company advised... "after reinvestigation, information in the report was determined inaccurate, incomplete, or could not be verified, and was removed from the file provided to you..." ***Yet the most current report contains exactly the same inaccurate information***. This inaccurate material is deleterious to my endeavor to move to another apartment complex. Moreover, your previous email to me using DocuSign notes the password expired 12/01/2017. I am currently in touch with multiple law enforcement agencies and am hoping to obtain exonerating material, but since the initial identity theft occurred in early 2002, its not likely the investigating Captain and Sergeant are available. I hope you resolve this matter expeditiously, and this material be removed, and your prior emails be removed.
> Cordially,
> James Arnold [Emphasis added]

38.    On January 6, 2019, Defendant sent an email to Plaintiff Arnold, which stated:

> Thank you for contacting Leasing Desk Screening, your request for a Consumer Dispute (Case #SF05357492) has successfully been submitted.
>
> We will review and consider the relevant information you have submitted in connection with your dispute and will perform a reinvestigation of the disputed item(s), or, in the case of one or more credit disputes, will forward your dispute(s) to the credit bureau for reinvestigation. We will send you the results of our reinvestigation when complete and/or forward the results of any credit bureau reinvestigation to you in accordance with your requested method of disclosure.
>
> If you have any questions or wish to add or change any information regarding your dispute (Case #SF05357492), please contact us at 1-866-934-1124

39.    On January 7, 2019, Defendant communicated with Plaintiff via email and confirmed the inaccuracies complained of herein after their investigation into the matter, stating as follows:

> Dear James Arnold,
>
> Thank you for notifying Leasing Desk Screening regarding the accuracy and/or completeness of certain information that is contained in your consumer file.

8

> Leasing Desk does not change information contained in a consumer file if the disputed information is accurate. If Leasing Desk Screening's investigation reveals that the disputed information is inaccurate, incomplete, or cannot be verified, then LeasingDesk Screening will delete or correct the disputed information.
>
> Leasing Desk Screening has investigated your dispute and has notified the sources of the disputed information. Our investigation is now complete. ***The investigation performed by Leasing Desk Screening revealed that the disputed information is inaccurate, incomplete, or cannot be verified***.
>
> Here is a summary of the results of our investigation:
>
> ***The criminal section of the report was derived from public records from the Maryland Courts and the Nevada Department of Corrections Supplemental. Based upon the information you have provided and our investigation, we have determined that the records reported are no longer public and the records will be removed from your file.***
>
> You have the right to file with Leasing Desk Screening a brief statement disputing any of the information contained in your file. If you choose to do so, then Leasing Desk Screening will include the statement or a summary of it in future reports that Leasing Desk Screening prepares.
>
> Upon your request, LeasingDesk Screening will provide to you a description of the procedures used to determine the completeness and accuracy of the information in your file, including the name, business address, and telephone number of anyone who furnished information to Leasing Desk Screening. Leasing Desk Screening also will provide to individuals who have received a copy of your consumer report within the past twelve months (1) a copy of your statement or a summary of it, or (2) notice that certain information, if any, has been revised or deleted from our file.

    (Emphasis added).

40. On January 22, 2019, Plaintiff Arnold received a copy of his consumer background report from Defendant and verified that the criminal history that was reinserted was expunged from his consumer background report.

41. At all times pertinent hereto, Defendant's conduct was a result of its deliberately-adopted policies and procedures, was willful, and was carried out in reckless disregard for consumers' rights as set forth in sections 1681e(b) of the FCRA, and further involved an unjustifiably high risk of harm to consumers.

9

42. On October 16, 2018, Defendant Realpage and the FTC announced a $3,000,000 settlement of charges that the company "failed to take reasonable steps to ensure the accuracy of tenant screening information that it provided to landlords and property managers, a violation of federal law that caused some potential renters to be falsely associated with criminal records."

43. As of result of Defendant's conduct, Plaintiffs have suffered damages in the form of (a) lost rental opportunity, (b) harm to reputation, (c) emotional distress, and (d) time spent to resolve the problem.

44. At all times pertinent hereto, Defendant was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## CLASS ACTION ALLEGATIONS

45. Plaintiffs bring this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Class:

> All persons residing in the United States and its Territories, beginning five years prior to the filing of this Complaint and continuing through the resolution of the action, about whom RealPage furnished a consumer report which included one or more items of criminal record information for which the first and last name of the offender did not match the first and last name of the person who was the subject of the report.

46. Plaintiffs reserve the right to amend the definition of the Class based on discovery or legal developments.

47. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief, Defendant prepares thousands of consumer reports on rental applicants each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

48. **Existence and Predominance of Common Questions of Law and Fact. FED. R.**

CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Defendant fails to use reasonable procedures to assure the maximum possible accuracy of information included on the reports it sells, and whether Defendant acted willfully or negligently in disregard of the rights of consumers.

49. **Typicality.** FED. R. CIV. P. 23(a)(3). Plaintiffs' claims are typical of the claims of each Class member. Plaintiffs have the same or similar claims for statutory and punitive damages that they seek for absent class members.

50. **Adequacy.** FED. R. CIV. P. 23(a)(4). Plaintiffs are each an adequate representative of the Class. Their interests are aligned with, and are not antagonistic to, the interests of the members of the Class they seek to represent, they have retained counsel competent and experienced in such litigation, and they intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of members of the Class.

51. **Predominance and Superiority.** FED. R. CIV. P. 23(b)(3). Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will

result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSES OF ACTION

### COUNT I
### Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)
### (On behalf of Plaintiffs Jones and Arnold and the Class)

52. Plaintiffs incorporate by reference those paragraphs set out above as though fully set forth herein.

53. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable to Plaintiffs and the Class for negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom a consumer report relates, in violation of section 1681e(b). Specifically, Defendant fails to follow reasonable procedures to assure maximum possible accuracy by using matching criteria which permits a criminal record to appear on a consumer report although it does not pertain to the individual who is the subject of the report.

### COUNT II
### Violation of Fair Credit Report Act, 15 U.S.C. § 1681i
### (On behalf of Plaintiff Arnold)

54. Plaintiffs incorporate by reference those paragraphs set out above as though fully set forth herein.

55. Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable to Plaintiff Arnold for negligently and willfully failing to conduct a reasonable reinvestigation to determine whether disputed information is inaccurate and by reinserting the disputed information back into Plaintiff's consumer report without proper certification and notice.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Class pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiffs and the undersigned counsel of record to represent same;

B. An award of statutory, actual and punitive damages for Plaintiffs and the Class;

C. An award of statutory, actual and punitive damages for Plaintiffs individually;

D. An award of pre-judgment and post-judgment interest as provided by law;

E. An award of attorneys' fees and costs; and

F. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs hereby request and demand a trial by jury.

Respectfully submitted,

Dated: May 20, 2019          BY:   */s/ John Soumilas*
**FRANCIS & MAILMAN, P.C.**
JAMES A. FRANCIS (*pro hac vice*)
JOHN SOUMILAS (*pro hac vice*)
LAUREN KW BRENNAN (*pro hac vice*)
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215.735.8600
F: 215.940.8000
E: jfrancis@consumerlawfirm.com
E: jsoumilas@consumerlawfirm.com
E: lbrennan@consumerlawfirm.com

**COHEN & MIZRAHI LLP**
DANIEL C. COHEN (*pro hac vice forthcoming*)
EDWARD Y. KROUB (*pro hac vice forthcoming*)
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201

T:  929/575-4175
F: 929/575-4195
E: dan@cml.legal
E: edward@cml.legal

**O'TOOLE, McLAUGHLIN, DOOLEY
& PECORA, CO., LPA**
Matthew A. Dooley (Ohio #0081482)
Anthony R. Pecora (Ohio #0069660)
5455 Detroit Road
Sheffield Village, Ohio 44054
T: (440) 930-4001
F: (440) 934-7208
E: apecora@omdplaw.com
E: mdooley@omdplaw.com