**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISIN**

| | | |
|---|---|---|
| DIANE D. JONES and JAMES ARNOLD, individually and on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>REALPAGE, INC. d/b/a LEASINGDESK SCREENING,<br><br>*Defendant*. | ) | Civ. No. 3:19-CV-02087-B<br><br>**JOINT STATUS REPORT OF THE PARTIES** |

TO THE HONORABLE COURT:

Pursuant to Fed. R. Civ. P 26(f) and 16(b), and the Court's September 11, 2019 and September 26, 2019 Orders (Dkt. Nos. 44, 60), the parties' joint status report for the Court's information and consideration is as follows:

1. **A brief statement of the nature of the case, including the contentions of the parties**:

This is a consumer class action brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x. Plaintiffs contend that Defendant RealPage, Inc. ("RealPage") regularly and as a matter of standard practice fails to maintain reasonable procedures to assure the maximum possible accuracy of the information it includes on consumer background reports sold to prospective landlords, in violation of 15 U.S.C. § 1681e(b). Plaintiffs allege that as a result of RealPage's inadequate procedures, it sells thousands of background reports to landlords each year which includes criminal records which do not pertain to the individual who is the subject of the report, and who in fact may have entirely different names. With respect to Plaintiff Diane D. Jones,

Plaintiffs contend that RealPage reported criminal records belonging to an individual named "Toni Taylor" with a different date of birth. Plaintiffs assert that discovery conducted prior to the transfer of this case indicates that thousands of other consumers were similarly affected by RealPage's procedures. Plaintiff seeks monetary relief for herself and a class of similarly situated individuals about whom Defendant reported criminal record information that was inaccurate.

Defendant contends that it complied with § 1681e(b) of the FCRA when it generated the consumer reports at issue in this case. Specifically, RealPage used reasonable procedures to assure maximum possible accuracy when it matched certain personal identifying information provided by the properties to which Plaintiffs had applied, with information made available by public sources. Defendant contends that there is also no basis for any claim of a "willful" violation of the FCRA, such that Plaintiffs are not entitled to punitive damages. Defendant further denies that the named Plaintiffs were harmed as a result of its conduct. Defendant also contends that the putative class is not properly certifiable under Rule 23. If Plaintiffs file a renewed motion for class certification, Defendant will contest that motion under the factors set forth under Rule 23(b)(3), which will be further developed as discovery unfolds. Defendant's opposition will likely include arguments that the class is not ascertainable and that the issues raised in this lawsuit are inherently individualized and are not amenable to class treatment.

**2. Any challenge to jurisdiction or venue, including any procedural defects in removal if this case was removed:**

None.

**3. Any pending motions:**

Plaintiff Jones filed her Motion for Class Certification on August 26, 2019, in keeping with the prior schedule entered in the Northern District of Ohio in this matter. In light of the transfer of this matter to this Court, Defendant has not yet filed its response, and the parties have agreed that a revised Motion for Class Certification should be filed, to appropriately conform to the local rules of this District and the law of this Circuit. Plaintiff furthermore submits that further discovery

is needed to fully identify the complete class. The Parties have agreed to the proposed briefing schedule set forth in paragraph 6(a) below.

**4. Any matters that require a conference with the court:**

Because this matter is proposed as a class action under Fed. R. Civ. P. 23, the parties propose to proceed to two phases, as detailed in paragraph 6 below. The Court may wish to hold an initial conference with the parties to discuss the work already done in the case prior to transfer, how deadlines should proceed on the forthcoming revised Motion for Class Certification, and a subsequent conference following resolution of such motion to determine whether there is further discovery needed prior to dispositive motion practice.

**5. Likelihood that other parties will be joined or the pleadings amended:**

Plaintiff Arnold no longer seeks to be appointed as a class representative in this matter; therefore, Plaintiff Jones anticipates the need to amend the Complaint to remove allegations relating solely to his circumstances. Plaintiff does not anticipate joining additional parties.

**6. (a) An estimate of the time needed for discovery, with reasons:**

The parties jointly propose to proceed according to the following schedule:

| **Event** | **Deadline** |
|---|---|
| Amend Pleadings | October 11, 2019 |
| Close of Class Certification Fact Discovery | December 20, 2019 |
| Serve Affirmative Expert Reports on Class Certification | January 10, 2020 |
| Serve Rebuttal Expert Reports on Class Certification | February 7, 2020 |
| Complete Depositions of Class Certification Experts | February 28, 2020 |
| Plaintiff's Renewed Motion for Class Certification | March 13, 2020 |
| Defendant's Opposition to Class Certification | April 10, 2020 |
| Plaintiff's Reply in Support of Class Certification | May 1, 2020 |
| Hearing on Motion for Class Certification | May 28, 2020 or as ordered by the Court |
| Updated Joint Status Report identifying any further discovery needed and proposing schedule for dispositive motions | 14 days following order on Motion for Class Certification |

The parties have conferred and agree that proceeding according to the deadlines proposed above will best serve the interests of efficiency by focusing the parties' efforts on issues related to class certification pursuant to Fed. R. Civ. P. 23. The parties believe that the timeline proposed above will provide them with sufficient time to adequately explore the necessary fact and expert support for class certification arguments.

**(b) a specification of the subjects on which discovery may be needed**

Plaintiff contends that the following areas of discovery remain prior to filing of Plaintiff's renewed motion for class certification:

- Data relevant to the total number of potential class members, including
  - revised interrogatories, to clarify nature of information requested and better target proposed class members based upon discovery already conducted;
  - further document production, with revised requested to clarify the nature of information requested and better target proposed class members;
  - a brief deposition of one of the individuals responsible for conducting the system queries done in order to provide responses to Plaintiff's original interrogatories, regarding system capabilities,
- Production of documents which are subject to an existing discovery dispute between the parties.

Defendant contends that it has already provided sufficient responses to the currently outstanding discovery and that Plaintiffs are not entitled to further information and/or documents at issue in the parties' ongoing discovery dispute.

**(c) whether discovery should be conducted in phases or be limited to or focused upon particular issues**

As set forth above, the parties jointly propose to conduct discovery in phases, beginning with the issues related to class certification pursuant to Fed. R. Civ. P. 23. Following a ruling on Plaintiff's Motion for Class Certification, the parties will propose deadlines for any further discovery needed, including reasons such discovery is required, as well as a schedule for dispositive motions.

**7. Any issues related to the disclosure or discovery of electronically stored information, including the form or forms (e.g. TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced:**

The parties will continue to work together to provide materials in a format which is appropriate for the information provided and the needs of the parties, including but not limited to in searchable PDF or format, and with metadata.

**8. Any issues related to claims of privilege or protection or protection as trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether they will be asking the Court to include their agreement in an order:**

None anticipated at this time.

**9. What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed:**

None anticipated at this time.

**10. Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c):**

None anticipated at this time.

**11. Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2):**

See paragraph 6 above.

**12. Requested trial date, estimated length or trial, and whether jury has been demanded:**

The parties jointly propose to set a trial date following resolution of any dispositive motions. They estimate that a trial in this matter, if conducted on a class basis, would last approximately 4-5 days. Plaintiff has demanded a jury trial.

**13. Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. 636(c):**

The parties will not consent to a jury trial before a U.S. Magistrate Judge.

**14. Progress made toward settlement, and the present status of settlement negotiations. This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful.**

The parties have not discussed settlement of this matter on a class-wide basis. Plaintiff Arnold has made an individual settlement demand, and Defendant is considering its response thereto.

**15. What form of alternative dispute resolution (*e.g.*, mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and *when* it would be most effective:**

The parties agree that a mediation to discuss resolution of this matter on a class-wide basis may be appropriate following the close of discovery related to class certification issues, as discussed in paragraph 6 above.

**16. Any other matters relevant to the status and disposition of this case.**

None at this time.

Respectfully submitted,

*_/s/ John Soumilas_*
James A. Francis
John Soumilas
Lauren KW Brennan
**Francis & Mailman, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000

**COHEN & MIZRAHI LLP**
DANIEL C. COHEN
EDWARD Y. KROUB
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
T: 929/575-4175
F: 929/575-4195
E: dan@cml.legal
E: edward@cml.legal

*_/s/ Timothy St. George_*
Timothy St. George
**Troutman Sanders LLP**
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-1339

Ronald I. Raether, Jr.
**Troutman Sanders LLP**
5 Park Plaza, Suite 1400
Irvine, CA 92614
Tel: (949) 622-2700
Fax: (949) 622-2739
*Attorneys for Defendant RealPage, Inc.*

**O'TOOLE, McLAUGHLIN, DOOLEY & PECORA, CO., LPA**
Matthew A. Dooley
Stephen M. Bosak
5455 Detroit Road
Sheffield Village, Ohio 44054
T: (440) 930-4001
F: (440) 934-7208
E: apecora@omdplaw.com
E: sbosak@omdplaw.com

*Attorneys for Plaintiffs Diane D. Jones and James Arnold*

Dated: October 2, 2019