IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DIANE D. JONES, individually and on behalf of herself and all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>REALPAGE, INC. d/b/a LEASINGDESK SCREENING,<br><br>    *Defendant*. | Civ. No. 3:19-cv-02087-B |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff Diane D. Jones, individually and on behalf of herself and all others similarly situated, files this Class Action Complaint against RealPage, Inc. d/b/a LeasingDesk Screening ("Defendant" or "RealPage"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.    This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), brought on behalf of rental applicants nationwide who were the subjects of background reports prepared by Defendant. Defendant systematically violates section 1681e(b) of the FCRA by failing to use reasonable procedures to assure the maximum possible accuracy of information included on the tenant screening reports it sells to prospective landlords.

2.    Specifically, Defendant violates this fundamental accuracy requirement of the FCRA by inaccurately reporting criminal record information about consumers, including Ms. Jones. In each instance, Defendant reported criminal record information that does not pertain to

the subject of the report and which in fact relates to a different person with an entirely different name.

3. Defendant's inaccurate reporting is the result of its systematic failure to adopt adequate matching procedures for placing criminal record information on the tenant screening reports it sells.

4. Aside from Defendant's practices generally disrupting interstate commerce, these practices and inaccurate adverse reports specifically harm consumers seeking residential leases by prejudicing their prospective landlords' decision making, ultimately resulting in the denial of housing to these otherwise qualified consumers.

5. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for herself and two classes of similarly situated individuals about whom Defendant reported criminal record information that was inaccurate on the face of the report.

## PARTIES

6. Plaintiff Diane D. Jones is a "consumer" as defined by the FCRA and resides in University Heights, Ohio.

7. Defendant RealPage, Inc. is a consumer reporting agency that regularly conducts business in the State of Ohio in its own name and as "LeasingDesk Screening." RealPage maintains a principal place of business at 2201 Lakeside Boulevard, Richardson, TX.

## JURISDICTION AND VENUE

8. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

*RealPage Fails To Accurately Report Consumer Information*

10. Defendant is regulated by the FCRA and sells consumer reports (commonly called "credit reports") about thousands of consumers. Defendant regularly sells credit reports for residential screening purposes.

11. Consumer Reporting Agencies ("CRAs") such as Defendant deal in volume and use standardized procedures to gather information and attribute it to individuals. They do not "reinvent the wheel" by using unique practices with respect to each different report.

12. Defendant fails to follow reasonable procedures to assure the maximum possible accuracy regarding the information it sells about consumers. *See* 15 U.S.C. § 1681e(b).

13. One of the most well-known and prevalent inaccuracies that occur in the consumer reporting industry is a "mixed file."

14. A mixed file is a consumer report in which some or all of the information in the report pertains to an individual who is not the subject of the report.

15. The main cause of mixed files is a CRA's failure to use full identifying information to match records to the personal identifying information of consumers who are the subjects of its reports.

16. RealPage's standard practice is to use only partial matching and not full identifying information in preparing consumer reports.

17. Specifically, RealPage does not require a match to full identifying information (such as full last name and first name; middle initial; full street address; zip code; year of birth; any generational designation; and social security number) before preparing a report that it attributes to a particular consumer and sells about that consumer.

18. Defendant employs policies and procedures that do not include the use of a reasonable number of identifiers, or even a precise first and last name, and that frequently allow the information belonging to one consumer to appear in the consumer file of another.

19. Furthermore, Defendant does not require that the identifiers that it does use to match character-for-character. For example, Defendant does not require names to match character-for-character.

20. Defendant employs these loose matching procedures in order to maximize the number of reports which contain information, accurate or not. RealPage intentionally employs procedures that maximize the likelihood of a match between any inquiry and some data in its database about one or more consumers, purposefully prioritizing quantity of matches over accuracy of matches.

21. Defendant has used the same matching procedure to create many consumer reports which include criminal records for which the name of the criminal does not match the name of the individual who is the subject of the report. Such mismatches are obvious from the face of the reports.

22. Defendant's reporting of inaccurate public record information is not accidental, nor just a result of simple negligence, but a result of deliberately designed policies and procedures.

*The Experience of Plaintiff Diane Jones*

23. Plaintiff Jones is a consumer about whom Defendant sold inaccurate public record information pursuant to its standardized procedures for creating and selling consumer reports.

24. In June 2016, Plaintiff Jones applied for a subsidized apartment at the Marietta Road Senior High Rise apartment operated by Interstate Realty Management ("Interstate Realty") and was placed on a waiting list.

25. Over a year later, when her name reached the top of the waiting list, Interstate ordered a consumer tenant screening report from RealPage about Plaintiff Jones, after obtaining Plaintiff Jones's name, address, social security number, and date of birth and providing all of this information to RealPage.

26. On August 28, 2017, Defendant sold Interstate Realty a consumer report about Plaintiff Jones for a fee.

27. The report inaccurately stated that Ms. Jones was charged with a drug crime in Fulton County, Georgia, despite the fact that the record RealPage placed on the report states that the offender's name is "Toni Taylor." This criminal record belongs to an unrelated person with an entirely different first and last name, and Ms. Jones has no criminal record in Georgia.

28. The inclusion of this inaccurate record was the result of Defendant's use of an imprecise name matching procedure to attribute public records to rental applicants, such as Plaintiff Jones.

29. The name matching procedure is so imprecise that it does not account for the fact that neither the first nor the last name of the offender matches Plaintiff Jones's name.

30. Ms. Jones subsequently disputed the accuracy of RealPage's report about her.

31. RealPage categorized Ms. Jones's dispute as a "nonmatch" and, after conducting a reinvestigation, confirmed that the criminal record it included did not belong to her and was a "nonmatch."

32. But by then it was a too late – Ms. Jones had already lost the rental opportunity with Interstate Realty.

33. Plaintiff Jones had her good reputation tarnished and lost the opportunity to rent a subsidized senior apartment from Interstate as a result of Defendant's inaccurate reporting.

34. At all times pertinent hereto, Defendant's conduct was a result of its deliberately adopted policies and procedures, was willful, and was carried out in reckless disregard for consumers' rights as set forth in section 1681e(b) of the FCRA, and further involved an unjustifiably high risk of harm to consumers.

35. On October 16, 2018, Defendant Realpage and the FTC announced a $3,000,000 settlement of charges that the company "failed to take reasonable steps to ensure the accuracy of tenant screening information that it provided to landlords and property managers, a violation of federal law that caused some potential renters to be falsely associated with criminal records."

36. As of result of Defendant's conduct, Plaintiff has suffered damages in the form of (a) lost rental opportunity, (b) harm to reputation, (c) emotional distress, and (d) time spent to resolve the problem.

37. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision and control of Defendant.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Classes:

> (a) **Facially Inaccurate Records Class**: All persons residing in the United States and its Territories, beginning two years prior to the filing of the Complaint in this matter and continuing through the resolution of the action, about whom RealPage furnished a consumer report which included one or more items of criminal record information for which the first and last name of the offender did not match the first and last name of the person who was the subject of the report.
>
> (b) **Confirmed Nonmatch Class:** All persons residing in the United States and its Territories, beginning two years prior to the filing of the Complaint in this matter and continuing through the resolution of the action, about whom RealPage furnished a consumer report which included one or more items of criminal record information, and for

      whom RealPage subsequently determined that the item(s) of criminal record information was a "nonmatch."

39. Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

40. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief, Defendant prepares thousands of consumer reports on rental applicants each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

41. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Classes and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Defendant fails to use reasonable procedures to assure the maximum possible accuracy of information included on the reports it sells and whether Defendant acted willfully or negligently in disregard of the rights of consumers.

42. **Typicality. FED. R. CIV. P. 23(a)(3)**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same or similar claims for statutory and punitive damages that she seeks for absent class members.

43. **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes. Her interests are aligned with and are not antagonistic to the interests of the members of the Classes she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the Classes.

44. **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members,

and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct.  Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSES OF ACTION

### COUNT I
### Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)
### (On behalf of Plaintiff Jones and the Classes)

45. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth here.

46. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable to Plaintiff and the Classes for negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom a consumer report relates, in violation of section 1681e(b). Specifically, Defendant fails to follow reasonable procedures to assure maximum possible accuracy by using matching criteria which permits a criminal record to appear on a consumer report although it does not pertain to the individual who is the subject of the report.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Classes pray for relief as follows:

A.  An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.  An award of statutory, actual and punitive damages for Plaintiff and the Classes;

C.  An award of statutory, actual and punitive damages for Plaintiff individually;

D.  An award of pre-judgment and post-judgment interest as provided by law;

E.  An award of attorneys' fees and costs; and

F.  Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby request and demand a trial by jury.

Respectfully submitted,

Dated: October 11, 2019

BY: _/s/ John Soumilas_
**FRANCIS & MAILMAN, P.C.**
JAMES A. FRANCIS (*pro hac vice*)
PA Bar No. 77474
JOHN SOUMILAS (*pro hac vice*)
PA Bar No. 84527
LAUREN KW BRENNAN (*pro hac vice*)
PA Bar No. 316461
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel.: 215-735-8600
Fax: 215-940-8000
Email: jfrancis@consumerlawfirm.com
Email: jsoumilas@consumerlawfirm.com
Email: lbrennan@consumerlawfirm.com

**CADDELL & CHAPMAN**
MICHAEL A. CADDELL
N.D. Tex. Bar No. 03576700
628 East 9th Street
Houston, TX 77007
Tel.: 713-751-0400
Fax: 713-751-0906
Email: mac@caddellchapman.com

**COHEN & MIZRAHI LLP**
DANIEL C. COHEN (*pro hac vice forthcoming*)
EDWARD Y. KROUB (*pro hac vice forthcoming*)
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Tel.:  929-575-4175
Fax: 929-575-4195
Email: dan@cml.legal
Email: edward@cml.legal

**O'TOOLE, McLAUGHLIN, DOOLEY
& PECORA, CO., LPA**
Matthew A. Dooley (*pro hac vice forthcoming*)
Ohio Bar No. 0081482
Anthony R. Pecora (*pro hac vice forthcoming*)
Ohio Bar No. 0069660
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel.: 440-930-4001
Fax: 440-934-7208
Email: apecora@omdplaw.com
Email: mdooley@omdplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2019, this document was filed electronically via the Court's ECF system and thereby served on all counsel of record.

*/s/ John Soumilas*
John Soumilas
