**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DIANE D. JONES, individually and on behalf of herself and all others similarly situated, | ) ) ) | Civ. No. 3:19-cv-02087-B |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REALPAGE, INC. d/b/a LEASINGDESK SCREENING, | ) ) | |
| | ) | |
| *Defendant*. | | |

**APPENDIX TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS**

| Exhibit | Description | Beginning Page Number |
|---|---|---|
| 1 | Defendant's Second Supplemental Objections and Responses to Plaintiff's Second Set of Interrogatories | 001 |
| 2 | Manjitsingh Sohal Deposition Transcript | 012 |

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **DIANE D. JONES, individually and on behalf of herself and all others similarly situated,** | |
| Plaintiff, | Case No. 3:19-cv-02087-B |
| | **DEFENDANT'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF JONES' SECOND SET OF INTERROGATORIES** |
| v. | District Court Judge Jane J. Boyle |
| | Magistrate Judge Irma C. Ramirez |
| **REALPAGE, INC. d/b/a LEASINGDESK SCREENING,** | |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant RealPage, Inc. d/b/a LeasingDesk Screening, ("RealPage" or "Defendant") supplements its objections and responses to Plaintiff Diane D. Jones' ("Plaintiff") Second Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

RealPage has not yet completed its investigation of the facts relating to this action, has not yet completed its discovery, and has not yet completed its preparation for trial. Consequently, the following responses are provided without prejudice to RealPage's right to introduce, at the time of trial or other proceedings, subsequently discovered information relating to the proof of presently known material facts and to introduce all information, whenever discovered, relating to the proof of subsequently discovered material facts. However, RealPage does not assume any duty of ongoing amendment to these responses.

1

**002**

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

RealPage objects to the definition of "Defendant," "You," and "Your" insofar as it includes any "agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or others connected by legal relationship, in the broadest sense." This definition is vague, ambiguous, and woefully overly broad and unduly burdensome, given that it would encompass third parties or entities, whose information and/or documents are not within RealPage's possession, custody, or control, or whose information has no relevance or bearing on the claims or defenses at issue in this matter.

## RESPONSES TO INTERROGATORIES

12.    State the total number of consumers with an address in the United States and its Territories about whom you sold a report for each calendar year between March 6, 2017 and the present which included one or more items for criminal record information, and from whom you subsequently received a dispute or other communication stating that the criminal record information did not pertain or belong to them, or which RealPage interpreted as a "nonmatch" dispute.

**ANSWER:**    RealPage objects to this Interrogatory as vague and ambiguous, including with respect to the undefined terms "criminal record information," "dispute," "other communication," and "interpreted as a nonmatch." RealPage objects to this Interrogatory on the grounds that it is premature, overly broad, unduly burdensome, and irrelevant to the claims and defenses as they currently exist. Plaintiff's purported class has not been certified and, thus, the requested information is overbroad and irrelevant. RealPage objects to this Interrogatory on the basis that it calls for trade secret, confidential business, financial, commercial or proprietary information.

**003**

The following response is designated as "Confidential." ██REDACTED██

███████████████████████████████████████████████████████

███████████████████████████

**SUPPLEMENTAL ANSWER: The following response is designated as "Confidential."** ██REDACTED██

███████████████████████████████████████████████████████

███

13.     Of the consumers who comprise your response to Interrogatory No. 1, state the total number of consumers for whom you determined following a reinvestigation was a "nonmatch" on the criminal record on the report.

**ANSWER:**     RealPage objects to this Interrogatory as vague and ambiguous on the whole given its reference to Interrogatory No. 1, which states: "Identify all entities, public or private, from which you have obtained any of the criminal record information that you sell about consumers, from March 6, 2014 to the present." For the purposes of providing a response, RealPage assumes that this Interrogatory intended to reference Interrogatory No. 12 and incorporates its objections to Interrogatory No. 12. RealPage objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "for whom you determined following a reinvestigation was a 'nonmatch' on the criminal record." RealPage objects to this Interrogatory on the grounds that it is premature, overly broad, unduly burdensome, and irrelevant to the claims and defenses as they currently exist. Plaintiff's purported class has not been certified and, thus, the requested information is overbroad and irrelevant. RealPage objects to this Interrogatory on the basis that it calls for trade secret, confidential business, financial, or proprietary information.

<u>The following response is designated as "Confidential."</u> REDACTED

<u>**SUPPLEMENTAL ANSWER:** The following response is designated as</u> <u>"Confidential."</u> REDACTED

14.     Of the consumers who comprise your response to Interrogatory No. 1, state the total number of consumers for whom you removed the criminal record information from the consumer's report following the consumer's dispute or communication.

**ANSWER:**    RealPage objects to this Interrogatory as vague and ambiguous on the whole given its reference to Interrogatory No. 1, which states: "Identify all entities, public or private, from which you have obtained any of the criminal record information that you sell about consumers, from March 6, 2014 to the present." For the purposes of providing a response, RealPage assumes that this Interrogatory intended to reference Interrogatory No. 12 and incorporates its objections to Interrogatory No. 12.  RealPage objects to this Interrogatory as vague and ambiguous, specifically with respect to the phrase "for whom you removed the criminal record information from the consumer's report following the consumer's dispute or communication." RealPage objects to this Interrogatory on the grounds that it is premature, overly broad, unduly burdensome, and irrelevant to the claims and defenses as they currently exist. Plaintiff's purported class has not been certified and, thus, the requested information is overbroad and irrelevant.

RealPage objects to this Interrogatory on the basis that it calls for trade secret, confidential business, financial, or proprietary information.

**The following response is designated as "Confidential."** REDACTED

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████

**SUPPLEMENTAL ANSWER: The following response is designated as "Confidential."** REDACTED

████████████████████████████████████████████████████████

████████████████████████████████████████

15.   State the total number of consumers about whom you provided a consumer report to a third party from March 6, 2017 to the present which included one or more items of criminal record information for which the Name of the individual who was the subject of the report was not a character for character match to neither the Name of the offender or any of the alias Names listed on the criminal record.

**ANSWER:**   RealPage objects to this Interrogatory as vague and ambiguous on the whole. RealPage objects to this Interrogatory on the basis that it seeks information not tied to the allegations in Plaintiff's Second Amended Complaint, including the proposed class definitions. RealPage objects to this Interrogatory on the grounds that it is premature, overly broad, unduly burdensome, and irrelevant to the claims and defenses as they currently exist. Plaintiff's purported class has not been certified and, thus, the requested information is overbroad and irrelevant.

RealPage objects to this Interrogatory on the basis that it calls for trade secret, confidential business, financial, or proprietary information.

Subject to and without waiving its objections, RealPage responds as follows: none.

**SUPPLEMENTAL ANSWER: The following response is designated as "Confidential."** REDACTED

16.     State the total number of consumers with an address in the United States and its Territories about whom you sold a report for each calendar year between March 6, 2017 and the present which included one or more items of criminal record information, for which (i) the first name of the offender as listed on the criminal record was not a character-for-character match to the first name of the individual who was the subject of the report, and (ii) the criminal record you placed on the report represented the offender's date of birth as "1/1/XXXX – 12/31/XXXX."

**ANSWER:**     RealPage objects to this Interrogatory as vague and ambiguous on the whole. RealPage objects to this Interrogatory on the basis that it seeks information not tied to the allegations in Plaintiff's Second Amended Complaint, including the proposed class definitions. RealPage objects to this Interrogatory on the grounds that it is premature, overly broad, unduly burdensome, and irrelevant to the claims and defenses as they currently exist. Plaintiff's purported class has not been certified and, thus, the requested information is overbroad and irrelevant. RealPage objects to this Interrogatory on the basis that it calls for trade secret, confidential business, financial, or proprietary information.

**SUPPLEMENTAL   ANSWER:   The   following   response   is   designated   as** **"Confidential."** REDACTED

▮

17.     State the total number of consumers with an address in the United States and its Territories about whom you sold a report for each calendar year between March 6, 2017 and the present which included one or more items of criminal record information, for which (i) three or more characters, when taken in order, of the first name of the offender did not match the characters, when taken in order, of the first name of the individual who was the subject of the report, and (ii) the criminal record you placed on the report represented the offender's date of birth as "1/1/XXXX – 12/31/XXXX".

**ANSWER:**     RealPage objects to this Interrogatory as vague and ambiguous on the whole. RealPage objects to this Interrogatory on the basis that it seeks information not tied to the allegations in Plaintiff's Second Amended Complaint, including the proposed class definitions. RealPage objects to this Interrogatory on the grounds that it is premature, overly broad, unduly burdensome, and irrelevant to the claims and defenses as they currently exist. Plaintiff's purported class has not been certified and, thus, the requested information is overbroad and irrelevant. RealPage objects to this Interrogatory on the basis that it calls for trade secret, confidential business, financial, or proprietary information.

**SUPPLEMENTAL   ANSWER:   The   following   response   is   designated   as** **"Confidential."** REDACTED

▮

Dated:      February 5, 2020              By:*/s/ Timothy St. George*

Ronald I. Raether, Jr. (*pro hac vice*)
Jessica R. Lohr (*pro hac vice*)
**Troutman Sanders LLP**
5 Park Plaza, Suite 1400
Irvine, CA 92614
Tel: (949) 622-2700
Fax: (949) 622-2739

Timothy St. George (*pro hac vice*)
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-1339

*Attorneys for Defendant*
*RealPage, Inc.*

8

**009**

## <u>VERIFICATION</u>

I, Manjit Sohal, state that I have read the foregoing RealPage, Inc.'s First Supplemental Responses to Plaintiff Jones' Second Set of Interrogatories ("Responses"), and that while I do not have personal knowledge of all of the facts recited in these Responses, the information contained has been collected and made available to me by others, and these Responses are true to the best of my knowledge, information, and belief based upon the information made available to me; and that these Responses are verified on behalf of RealPage, Inc. in this litigation.

Executed on February 5, 2020

_____

9

**010**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by electronic mail and

U.S. first class mail on this the 5th day of February 2020:

John Soumilas, Esq.
James A. Francis, Esq.
Lauren KW Brennan, Esq.
Francis & Mailman
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Email: jfrancis@consumerlawfirm.com
      jsoumilas@consumerlawfirm.com
      lbrennan@consumerlawfirm.com

Michael A. Caddell
Cynthia B. Chapman
Amy E. Taylor
Caddell & Chapman
628 East 9th Street
Houston, TX 77007
Email: mac@caddellchapman.com
      cbc@caddellchapman.com
      aet@caddellchapman.com

Daniel Cohen, Esq.
Edward Y. Kroub, Esq.
Cohen & Mizrahi LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Email: dan@cml.legal
      edward@cml.legal

Stephen M. Bosak, Esq.
Matthew A. Dooley, Esq.
O'Toole McLaughlin Dooley & Pecora
5455 Detroit Road
Sheffield Village, OH 44054
Email: sbosak@omdplaw.com
      mdooley@omdplaw.com

*/s/ Jessica R. Lohr*
Jessica R. Lohr

*Attorney for Defendant, RealPage, Inc. d/b/a
Leasing Desk*

**011**

# EXHIBIT 2

Rough Draft

1  WITNESS:  MANJITSINGH SOHAL

2  DATE:  FEBRUARY 11, 2020

3      CASE:  3:19-CV-02087-B

4          - - -

5      ROUGH TRANSCRIPT

6          - - -

7

    This is an unedited, or partially edited,
8  unproofread, uncertified transcript for attorneys'
   information only.  This transcript may NOT be quoted
9  in documents or used for examination purposes.

10  This transcript may still contain:

11      1. Conflicts - an apparently wrong word
   that has the same stenotype stroke as a less-used
12  word.  Conflicts are remedied by the reporter in
   editing.
13
       2. Untranslates/Misstrokes - the stenotype
14  stroke appears on the screen as the result of the
   computer dictionary not having the stroke previously
15  identified, or a fingering error.

16      3. Reporter's notes - a parenthetical word
   or phrase from the reporter to the scopist (the person
17  making the initial edit).  Since the reporter must
   write each word instantly, a misunderstood word or
18  phrase will not be apparent until some time later.
   Reporter's notes provide the opportunity to correct
19  such situations.

20          - - -

21      SUMMIT COURT REPORTING, INC.
   Certified Court Reporters and Videographers
22      1500 Walnut Street, Suite 1610

**013**



24



Redacted Portions Proposed to be Sealed

**014**

25



Redacted Portions Proposed to be Sealed



37

# REDACTED



38



**Redacted Portions Proposed to be Sealed**



39



Redacted Portions Proposed to be Sealed



40



Redacted Portions Proposed to be Sealed



48



49

REDACTED

Redacted Portions Proposed to be Sealed



50



Redacted Portions Proposed to be Sealed

**022**



51

**REDACTED**

Redacted Portions Proposed to be Sealed



71



Redacted Portions Proposed to be Sealed

**024**



72



Redacted Portions Proposed to be Sealed

025