IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DIANE D. JONES, individually and on behalf of herself and all others similarly situated, ) ) | Civ. No. 3:19-cv-02087-B |
| *Plaintiff*, ) ) | |
| v. ) ) | |
| REALPAGE, INC. d/b/a LEASINGDESK SCREENING, ) ) ) | |
| *Defendant*. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RULE 37(c) MOTION TO STRIKE DEFENDANT'S SECOND SUPPLEMENTAL DISCLOSURES**

Plaintiff Diane D. Jones, by and through her attorneys and pursuant to Federal Rule of Civil Procedure 37(c), files this Memorandum of Law in Support of her Motion to Strike Defendant RealPage, Inc.'s ("RealPage") Second Supplemental Disclosures.

**I.      INTRODUCTION**

Defendant RealPage has blatantly attempted to game the discovery process by disclosing critical fact witnesses **on the day discovery closed**.  This is prohibited.  Rule 26(a)(1)(A)(i) disclosures made at the end of or after discovery are routinely excluded unless their late disclosure is either substantially justified or harmless.  Here it is neither: Defendant RealPage intentionally waited until the very close of discovery to name these two individuals because it intends to have them file declarations opposing class certification that Plaintiff would not have the opportunity to challenge.

Courts in the Fifth Circuit in general, and the Northern District of Texas in particular, have repeatedly demonstrated that they have no tolerance for these types of sharp practices, and that

exclusion is *automatic* and *mandatory* unless the violation of 26(a) was justified or harmless.[1] Plaintiff urges this Court to follow this line of cases, discussed below, and exclude the individuals disclosed in Defendant RealPage's Second Supplemental Disclosures from participating in RealPage's defense of this case. Given Defendant RealPage's transparent bad faith, Plaintiff Jones asks that Defendant's Second Supplemental Disclosures be stricken from the record and Defendant be prevented from using the witnesses named in the disclosure in defending this case.

## II.   BACKGROUND

This is a consumer class action brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x. Plaintiff contends that Defendant RealPage, Inc. ("RealPage") regularly and as a matter of standard practice fails to maintain reasonable procedures to assure the maximum possible accuracy of the information it includes on consumer background reports sold to prospective landlords, in violation of 15 U.S.C. § 1681e(b). As a result of RealPage's inadequate procedures, it sells thousands of background reports to landlords each year which includes criminal records which do not pertain to the individual who is the subject of the report, and who in fact may have entirely different names. With respect to Plaintiff Diane D. Jones, RealPage reported criminal records belonging to an individual named "Toni Taylor" with a different date of birth. Discovery conducted prior to the transfer of this case indicates that thousands of other consumers were similarly affected by RealPage's procedures. Plaintiff seeks monetary relief for herself and a class of similarly situated individuals for whom Defendant reported criminal record information that was inaccurate.

As part of discovery, Defendant RealPage served its Initial Disclosures on August 16, 2019. When disclosing the names of individuals with discoverable information, Defendant

---

[1] *See JMC Constr. LP v. Modular Space Corp.*, Civ. A. No. 3:07-CV-01925-B, 2008 WL 11425650, *3 (N.D. Tex. Oct. 28, 2008), *infra.*

RealPage included a caveat that the "following list should not be construed as a final witness list, and RealPage reserves the right to supplement or amend these disclosures upon further investigation and discovery in this case." Appendix ("App'x.") Exhibit ("Ex.") 1 at 003-004. On January 17, 2020, Defendant RealPage served Plaintiff with Supplemental Initial Disclosures. These supplemental disclosures disclosed Manjit Sohal, a current RealPage employee, as a corporate representative, along with an *unnamed* corporate representative from Genuine Data Services, LLC, whose name, address, and telephone number Defendant RealPage represented it did not know. App'x. Ex. 2 at 009. This prompted a letter from Plaintiff's counsel on January 27, 2020, notifying Defendant RealPage that its disclosure of a placeholder corporate designee with no identifying information failed to comport with the requirements of Federal Rule of Civil Procedure 26(a)(1)(A)(i). App'x. Ex. 3 at 013. The letter further stated that if these deficiencies were not cured and the corporate designee was not promptly identified so that Plaintiff could serve additional discovery or notice the designee's deposition, Plaintiff would move to preclude the witness from being used by Defendant RealPage in its defense.

On March 6, 2020, the **last day** of discovery, Defendant RealPage served Second Supplemental Disclosures identifying two additional individuals, Jessica Jordan, a corporate representative for Genuine Data Services, and Kevin Cook, the Regional Property Manager for The Michaels Organization. App'x. Ex. 4 at 015-016. Several days prior, during a meet and confer call, defense counsel acknowledged that at least one of these (as yet undisclosed) witnesses would be filing a Declaration to attempt to defeat Plaintiff's anticipated motion for class certification. App'x. Ex. 5 at 019.

Given that discovery is now closed, Plaintiff is unable to depose either Ms. Jordan or Mr. Cook, or to take further discovery as may be necessary, putting her at severe disadvantage should

3

either or both of them file declarations used to support the opposition to class certification. Nor is there any question that Defendant's last-minute disclosure was intentional given Rule 26 and Plaintiff's counsel's letter of January 27, 2020 specifically requesting that Defendant comply with Rule 26 so that Plaintiff could take appropriate discovery. Plaintiff therefore asks that Defendant RealPage's Second Supplemental Disclosures be struck and that Defendant be prohibited from using these witnesses in this case.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(a)(1)(A)(i) a party must provide to all other parties:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. P. 26(a)(1)(A)(1).

> Rule 37(c) (1) provides:
>
> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party *is not allowed* to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1) (emphasis added).

Four factors are considered in determining whether a party's failure to disclose is harmless for purposes of Rule 37(c)(1): "(1) the importance of the evidence; (2) the prejudice to the opposing

party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose*.*" *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563–64 (5th Cir.2004) (citation omitted). "The court considers the four-factor test holistically. It does not mechanically count the number of factors that favor each side." *Hoffman v. L&M Arts*, 2013 WL 81578, at *23, n.7 (N.D. Tex. Jan. 8, 2013) (quoting *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009)).

The "'sanction of exclusion is *automatic* and *mandatory* unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" *JMC Constr. LP v. Modular Space Corp.*, Civ. A. No. 3:07-CV-01925-B, 2008 WL 11425650, *3 (N.D. Tex. Oct. 28, 2008) (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (emphasis added)).

## IV. ARGUMENT

Defendant RealPage should be prohibited from untimely disclosing important fact witnesses it wishes to use to defeat class certification and/or defend this case when the late disclosure of these witnesses was solely timed to thwart Plaintiff's discovery efforts and permitting the disclosure would harm Plaintiff.

As a matter of course, the federal courts for the Northern District of Texas exclude untimely Rule 26(a)(1)(A)(i) disclosures. *JMC Construction LP v. Modular Space Corp.* is instructive. In that case defendant failed to disclose two individuals who then submitted declarations opposing plaintiff's motion for summary judgment. *JMC Constr. LP*, 2008 WL 11425650 at *2.

Turning to the Rule 37(c) two-part analysis, the court first determined that defendant's claims that it missed the discovery deadlines because its energies had been purportedly focused on settlement did not justify the untimely disclosures. *Id.* at *2.

Next looking at the factors to determine whether the untimely disclosures were harmless, the court held that: (1) the evidence went to the heart of the case; (2) Plaintiff would be severely prejudiced by not being able to take discovery as to the individuals in question; (3) granting a continuance would only allow defendant to benefit from its failure to abide by the discovery rules; and (4) defendant's explanation that the parties were focused on settlement was weak. *Id.* at *3-4. As a result, the court found plaintiff would be harmed by allowing the late disclosures and therefore excluded them. *Id.* at *5. *See also Drechsel v. Liberty Mut. Ins. Co.*, No. 3:14-cv-162-M-BN, 2015 WL 7067793 (N.D. Tex. Nov. 12, 2015) (excluding witnesses disclosed on last day of discovery that were previously unknown to movant); *Rodgers v. Mercury Interactive Corp.*, Civ. A. No. 3:08-CV-917-M (BH), 2009 WL 10704485 (N.D. Tex. Apr. 6, 2009) (excluding damages expert for failure to abide by court's scheduling order); *Browning v. City of Balch Springs*, No. CIV. A. 3:96-CV-1411P, 1997 WL 361632 (N.D. Tex. June 20, 1997) (excluding expert witnesses for failing to repeatedly meet discovery deadlines).

Here, the same outcome is warranted because there is no justification for Defendant's serving Second Supplemental Disclosures on the last day of discovery and allowing these witnesses into the case will harm Plaintiff.

Defendant RealPage filed its Initial Disclosures over six months ago. During that time, defense counsel was well aware of the need to finalize its disclosures so that Plaintiff could conduct any necessary discovery on these individuals as Rule 26 requires. In all that time, counsel for Defendant never conveyed to Plaintiff that there were witnesses they could not locate or were having trouble identifying other than indicating in its First Supplemental Disclosures served on January 17, 2020 that it intended to name a corporate representative from Genuine Data Services, LLC. It then ignored Plaintiff's request to identify this person for another six weeks before

identifying a Genuine Data Services corporate representative, along with another individual, on *the day discovery closed*. Having already conveyed to Plaintiff's counsel by phone that they intended to use at least one of these witnesses as a declarant to challenge the class certification, the reason for this last minute reveal is obvious: to prevent Plaintiff from deposing or taking other discovery of these witnesses so as not to be able to challenge their declarations.

With no justification for this last-minute disclosure, the second part of the test is whether the disclosure is harmless. It is not. First, the evidence these witnesses will provide is very important since the declarations one or both of these witnesses will file will go directly to attempting to defeat Plaintiff's class certification.[2] Second, Plaintiff would be severely prejudiced by not being able to take discovery as to these newly disclosed individuals, leaving her Motion for Class Certification open to undefended attacks. Third, granting a continuance would only allow defendant to benefit from its manipulation of the discovery rules and bad faith. Fourth, given the circumstances, defendant's explanation for these untimely disclosures will likely be weak.

Given Defendant RealPage's transparent and textbook attempt to game the discovery rules to give itself an unfair advantage, there is no justification for its last minute 26(a)(1)(A)(i) disclosures and the harm these disclosures will cause Plaintiff and the class requires this Court to exclude them.

V. **CONCLUSION**

For the reasons stated above, Plaintiff Jones respectfully requests that Defendant RealPage's Second Supplemental Disclosures be struck and both individuals identified in that disclosure be excluded from participating in RealPage's defense of this case.

---

[2] Genuine Data Services is Defendant RealPage's supplier of criminal record data, including the inaccurate data at issue in this case, thus placing them at the heart of this matter. This case also concerns the use of background reports by landlords and property managers, and thus the disclosure of Kevin Cook, a Regional Property Manager, also is very important to an issue in this case, namely the use of Defendant's background reports by property managers.

Respectfully submitted,

*/s/ John Soumilas*
James A. Francis
John Soumilas
Lauren KW Brennan
**Francis Mailman Soumilas, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000

Michael A. Caddell
Cynthia B. Chapman
Amy E. Tabor
**Caddell & Chapman**
628 East 9th Street
Houston, TX 77007
T: 713.751.0400
E. mac@caddellchapman.com
E: cbc@caddellchapman.com
E: aet@caddellchapman.com

Jim Flegle
**Loewinsohn Flegle Deary Simon LLP**
12377 Merit Drive, Suite 900
Dallas, TX 75251
T: 214.572.1700
E: jimf@lfdslaw.com

Edward Y. Kroub
**Cohen & Mizrahi LLP**
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
T:  929/575-4175
F: 929/575-4195
E: edward@cml.legal

*Attorneys for Plaintiff Diane D. Jones*

Dated: March 12, 2020