IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIANE D. JONES, individually and on behalf of herself and all others similarly situated, | ) ) ) ) | Civ. No. 3:19-cv-02087-B |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | |
| REALPAGE, INC. d/b/a LEASINGDESK SCREENING, | ) ) ) | |
| *Defendant*. | | |

**APPENDIX TO PLAINTIFF'S RULE 37(c) MOTION TO STRIKE DEFENDANT'S SECOND SUPPLEMENTAL DISCLOSURES**

| Exhibit | Description | Beginning Page Number |
|---|---|---|
| 1 | Defendant's Initial Disclosures (August 16, 2019) | 001 |
| 2 | Defendant's Supplemental Initial Disclosures (January 17, 2020) | 008 |
| 3 | Letter from John Soumilas to Defendant's Counsel Ronald I. Raether (January 27, 2020) | 012 |
| 4 | Defendant's Second Supplemental Disclosures (March 6, 2020) | 014 |
| 5 | Letter from Lauren KW Brennan to Jessica Lohr, Ronald I. Raether (March 6, 2020) | 018 |

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DIANE D. JONES and JAMES ARNOLD,** on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**REALPAGE, INC. d/b/a LEASINGDESK SCREENING,**<br><br>Defendant. | Case No. 1:19-cv-501-JG<br><br>District Court Judge James S. Gwin<br><br>Magistrate Judge William H. Baughman |

## **DEFENDANT REALPAGE, INC.'S INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), and this Court's policies and procedures, Defendant RealPage, Inc., incorrectly identified as RealPage, Inc. d/b/a LeasingDesk Screening ("RealPage"), provides the following Initial Disclosures to Plaintiffs, Diane D. Jones and James Arnold ("Plaintiffs").

While RealPage has made reasonable efforts under the circumstances to identify and locate witnesses, responsive documents, and information, RealPage reserves the right to identify further witnesses and to produce documents that are subsequently located at a later date. RealPage has not completed its investigation of the facts, witnesses, or documents relating to this case, has not completed discovery, has not completed an analysis of available data, and has not completed

002

- 2 -

preparation for trial. Accordingly, the following disclosures are made without waiving the rights of RealPage to supplement the disclosures to include information that has been subsequently discovered or omitted through inadvertence or good faith oversight.

By making these disclosures, RealPage does not represent that it is identifying every witness, document or tangible thing that it may use to support their case. Rather, the disclosures of RealPage represent a good faith effort to identify discoverable information it currently reasonably believes may be used to support its claims or defenses as required by Federal Rule of Civil Procedure 26(a)(1). These disclosures do not include information that may be used solely for impeachment purposes.

The disclosures of RealPage are made without waiving, in any way:  (1) any claim of privilege or work product; (2) the right to object on the grounds of competency, relevancy and materiality, hearsay, or any other proper ground, to the use of any such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (3) the right to object on any and all grounds, at any time, to any discovery request or proceeding involving or relating to the subject matter of these disclosures.

Finally, these disclosures do not identify or otherwise include information concerning experts, as that subject is not covered by Federal Rule of Civil Procedure 26(a)(1).

### I.   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT DEFENDANTS MAY USE TO SUPPORT THEIR DEFENSES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) and based on the information reasonably available to RealPage at this time and subject to further investigation of the case, RealPage: (a) describes the individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses (unless solely for impeachment); and (b) identifies the subject of the information. The following list should not be construed as a final witness list,

and RealPage reserves the right to supplement or amend this disclosure upon further investigation and discovery in this case. Accordingly, RealPage identifies the following individuals:

    1.    Plaintiffs have knowledge of the claims and alleged damages set forth in the First Amended Complaint. On information and belief, Plaintiffs' addresses and telephone numbers are as follows:

    (a)    Plaintiff Jones – Address: 22709 Lakeshore Blvd., Apt. 250C, Euclid, OH 44123; Phone: 216-640-5419

    (b)    Plaintiff Arnold – Address: 227 N. Ute Avenue, Apt. 12 G, Montrose, CO 81401; Phone: 970-417-1242

    2.    Employees of RealPage (including those involved in handling any data about Plaintiff) may have information or knowledge relating to the allegations and claimed damages set forth in Plaintiffs' First Amended Complaint, the preparation of the reports at issue in this case, the general operation of RealPage, and the authenticity of any documents produced by RealPage. RealPage identifies James Hilliard, Becky Boyst, Pavithra Ramesh, and Lee Castiglione as its corporate representatives, who may only be contacted through RealPage's counsel in this matter.

    3.    Representative(s) of Marietta Road Senior High Rise apartments ("Marietta") are likely to have information or knowledge related to the allegations and claimed damages by Plaintiff Jones in the First Amended Complaint, including relative to Plaintiff Jones' alleged application for housing and the report at issue in this case. The representative(s)' addresses and telephone numbers are unknown at this time;

    4.    Representative(s) of the San Juan apartments ("San Juan") are likely to have information or knowledge related to the allegations and claimed damages by Plaintiff Arnold in the First Amended Complaint, including relative to Plaintiff Arnold's alleged application for housing and the report at issue in this case. The representative(s)' addresses and telephone numbers are unknown at this time;

5. Representative(s) of the Anciano Tower apartments ("Anciano") are likely to have information or knowledge related to the allegations and claimed damages by Plaintiff Arnold in the First Amended Complaint, including relative to Plaintiff Arnold's alleged application for housing and the report at issue in this case. The representative(s)' addresses and telephone numbers are unknown at this time;

6. Certain individuals identified in documents produced by Plaintiffs, RealPage; and third parties may have information or knowledge related to the allegations and claimed damages set forth in Plaintiffs' First Amended Complaint;

7. Other third parties may have information or knowledge of Plaintiff's allegations and claimed damages, as well as the authenticity of any documents produced, the identity of whom may be obtained through discovery;

8. Certain persons identified by Plaintiffs in their Rule 26(a)(1) Initial Disclosures may have information or knowledge related to the allegations and claimed damages set forth in Plaintiffs' First Amended Complaint;

9. Any person necessary for rebuttal or impeachment;

10. Any person deposed by any party to this action;

11. RealPage reserves the right to add additional witnesses as they become known through the course of discovery; and

12. RealPage further reserves the right to supplement these disclosures upon receiving additional information concerning the nature of Plaintiffs' claims and alleged damages.

## II. DOCUMENTS DEFENDANTS MAY USE TO SUPPORT THEIR DEFENSES

Based on the information reasonably available to RealPage at this time, pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), the documents that RealPage may use to support their

defenses consist of certain documents concerning the furnishing of information to Marietta, the San Juan, and Anciano relating to Plaintiffs. These documents are located in RealPage's offices in Texas. These documents consist of the following:

- Documents consisting of and relating to the screening reports at issue in this case;
- Communications, and internal records indicating communications, with Plaintiffs relating to disputes submitted and their requests for a copy of their consumer file;
- Internal records relating to Plaintiffs' disputes and their requests for a copy of their consumer file;
- Documents relating to the retrieval and use of public record information; and
- Certain of RealPage's final, confidential, and proprietary policies and procedures relating to their compliance with relevant sections of the FCRA.

RealPage also may rely on documents, data, compilations and tangible things that are produced by Plaintiffs in support of their First Amended Complaint, including those produced as part of any Rule 26(a)(1) Initial Disclosures or in response to any Requests for Production of Documents, or that are produced in response to any subpoena *duces tecum* issued in this case, including any subpoena to Marietta, the San Juan, and/or Anciano. This identification of documents does not waive any privilege that may apply to those documents or any such documents which are inadvertently produced as part of these disclosures. RealPage reserves the right to supplement its disclosures.

### III.  COMPUTATION OF DAMAGES

RealPage does not seek any damages at this time, but it reserves the right to do so. Further, RealPage denies liability to Plaintiffs for any damages.

- 5 -

## IV.  INSURANCE PAYMENTS

RealPage states that its has not identified any insurance agreement implicated by this action at this stage of the proceedings.  RealPage further refers Plaintiff to the documents produced in this case.


Dated: August 16, 2019                              TROUTMAN SANDERS LLP

                 By: */s/ Ronald I. Raether*
                     Ronald I. Raether (Bar No. 0067731)
                     5 Park Plaza, Suite 1400
                     Irvine, California 92614
                     Tel: (949) 622-2700
                     Fax: (949) 622-2739
                     Ron.Raether@troutman.com

                     Timothy St. George (*pro hac vice*)
                     1001 Haxall Point
                     Richmond, Virginia 23219
                     Telephone: (804) 697-1200
                     Facsimile: (804) 698-1339
                     Tim.st.george@troutman.com

                     Jessica R. Lohr (*pro hac vice*)
                     11682 El Camino Real, Suite 400
                     San Diego, California 92130
                     Tel: (858) 509-6044
                     Fax: (858) 509-6040
                     Jessica.lohr@troutman.com

                     *Attorneys for Defendant*
                     *RealPage Inc., d/b/a LeasingDesk Screening*

007

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DIANE D. JONES,**<br><br>    Plaintiff,<br><br>v.<br><br>**REALPAGE, INC. d/b/a LEASINGDESK SCREENING,**<br><br>    Defendant. | Case No. 3:19-cv-02087-B |

### DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant RealPage, Inc., incorrectly identified as RealPage, Inc. d/b/a LeasingDesk Screening ("RealPage"), provides the following Supplemental Initial Disclosures to Plaintiff Diane D. Jones ("Plaintiff").

**I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT DEFENDANT MAY USE TO SUPPORT ITS DEFENSES**

RealPage supplements its initial disclosures to identify the following persons:

1. Manjit Sohal, a current employee of RealPage, as its corporate representative, who may only be contacted through RealPage's counsel in this matter.

2. Corporate representative(s) of Genuine Data Services, LLC ("GDS") are likely to have information or knowledge related to the allegations and claimed damages by Plaintiff in the Second Amended Complaint, including relative to GDS's practices for collecting and supplying public records to RealPage. The representative(s)' addresses and telephone numbers are unknown at this time.

009

- 2 -

Dated: January 17, 2020                                TROUTMAN SANDERS LLP

               By: */s/ Ronald I. Raether*
                  Ronald I. Raether (Bar No. 0067731)
                  5 Park Plaza, Suite 1400
                  Irvine, California 92614
                  Tel: (949) 622-2700
                  Fax: (949) 622-2739
                  Ron.Raether@troutman.com

                  *Attorneys for Defendant*
                  *RealPage Inc., d/b/a LeasingDesk Screening*

- 3 -

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that a copy of the foregoing Defendants' Supplemental Initial Disclosures was mailed today with postage prepaid to:

>James A. Francis
>John Soumilas
>Lauren K.W. Brennan
>Francis and Mailman, P.C.
>1600 Market Street, 25th Floor
>Philadelphia, PA 19103

Date: January 17, 2020                     /s/ *Ronald I. Raether*
                                           Ronald I. Raether

# Exhibit 3



January 27, 2020

**Via Electronic Mail**

Ronald I. Raether
Troutman Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614

      Re:    *Jones v. RealPage, Inc.*, No. 3:19-cv-02087-B (N.D. Tex.)

Ron:

      We are in receipt of Defendant's Supplemental Initial Disclosures, dated January 17, 2020. Although the document identifies Manjit Sohal and an unidentified corporate representative of Genuine Data Services, LLC, the disclosure does not meet the requirements of Fed. R. Civ. P. 26(a)(1)(A)(i): "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information ...." As such, the supplemental disclosure does not meet the purposes of the Federal Rule, and Plaintiff seeks information required by the Rule so that she can take discovery from these witnesses, as may be appropriate. If we do not receive a complete disclosure as required by Rule 26, we cannot properly take discovery, and thus we will seek to preclude Defendant from using improperly disclosed persons in its defense of this case.

      Sincerely,

      John Soumilas

cc:    Timothy J. St. George
        Jessica Lohr
        Virginia Bell Flynn

1600 MARKET STREET | SUITE 2510 | PHILADELPHIA, PA 19103
P 215.735.8600 | F 215.940.8000
WWW.CONSUMERLAWFIRM.COM | WWW.CREDITREPORTPROBLEMS.COM

013

# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DIANE D. JONES,** <br><br> Plaintiff, <br><br> v. <br><br> **REALPAGE, INC. d/b/a LEASINGDESK SCREENING,** <br><br> Defendant. | Case No. 3:19-cv-02087-B |

**DEFENDANT'S SECOND SUPPLEMENTAL INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant RealPage, Inc., incorrectly identified as RealPage, Inc. d/b/a LeasingDesk Screening ("RealPage"), provides the following Second Supplemental Initial Disclosures to Plaintiff Diane D. Jones ("Plaintiff").

**I.   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT DEFENDANT MAY USE TO SUPPORT ITS DEFENSES**

RealPage supplements its initial disclosures to identify the following persons:

1. Kevin Cook, the Regional Property Manager for The Michaels Organization ("TMO"), which is the property management company that manages the Marietta Road Apartments ("Marietta"), is likely to have information or knowledge related to the allegations and claimed damages by Plaintiff in the First Amended Complaint, including relative to Plaintiff Jones' application for housing at Marietta and the report at issue in this case. Mr. Cook resides in Atlanta, Georgia and can be contacted by email at kcook@tmo.com or by phone at (404) 516-3512.

2. Jessica Jordan, the corporate representative of Genuine Data Services, LLC ("GDS") is likely to have information or knowledge related to the allegations and claimed damages

- 2 -

by Plaintiff in the Second Amended Complaint, including relative to GDS's practices for collecting and supplying public records to RealPage. Ms. Jordan resides in Lexington County, South Carolina and can only be contacted through counsel: John Papianou at Montgomery McCracken Walker & Rhoads LLP, (215) 772-7389, jpapianou@mmwr.com.


Dated: March 6, 2020                    TROUTMAN SANDERS LLP

                              By:    */s/ Jessica R. Lohr*
                                     Jessica R. Lohr (CA Bar No. 302348)
                                     11682 El Camino Real, Suite 400
                                     San Diego, California 92130
                                     Tel: (858) 509-6044
                                     Fax: (858) 509-6040
                                     Jessica.lohr@troutman.com

                                     *Attorneys for Defendant*
                                     *RealPage Inc., d/b/a LeasingDesk Screening*

- 3 -

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that a copy of the foregoing Defendants' Second Supplemental Initial Disclosures was sent by electronic mail and by U.S. Mail today, with postage prepaid to:

>James A. Francis
>John Soumilas
>Lauren K.W. Brennan
>Francis and Mailman, P.C.
>1600 Market Street, 25th Floor
>Philadelphia, PA 19103

Date: March 6, 2020                    /s/ *Jessica R. Lohr*
                                       Jessica R. Lohr

# Exhibit 5



**FRANCIS·MAILMAN·SOUMILAS**
CONSUMER LAW FIRM                                   P.C.

March 6, 2020

**Via Email**
Jessica Lohr
Ronald I. Raether
Troutman Sanders LLP
5 Park Plaza, Suite 1400
jessica.lohr@troutman.com
ronald.raether@troutman.com

   Re: Jones v. RealPage, Inc., No. 3:19-cv-02087-B (N.D. Tex.)

Dear Jessica and Ron,

  I write regarding Defendant's Second Supplemental Initial Disclosures served earlier today. These disclosures identify the names of two individuals who may have discoverable information that Defendant may use to support its defenses. Indeed, I understand from my March 3, 2020 telephone call with Jessica that Defendant in fact intends to submit a declaration from at least one these individuals in opposition to Plaintiff's anticipated Motion for Class Certification.

  Neither of these individuals were identified in Defendant's August 16, 2019 Initial Disclosures, or in Defendant's January 17, 2020 Supplemental Initial Disclosures. John Soumilas of my firm wrote to Ron on January 27, 2020 to notify Defendant that including an unidentified corporate representative of an entity in a disclosure document does not meet with requirements of Fed. R. Civ. P. 26(a)(1)(A)(i), and that Plaintiff will seek to preclude Defendant from using improperly disclosed persons in its defense of this case.

  Defendant's disclosure of these names on the afternoon of the final day of class certification discovery in this matter does not give Plaintiff any opportunity to take needed discovery. Further, Defendant's stated intention of submitting one or more factual declarations in opposition to class certification which may be created after the close of class certification discovery is improper. Plaintiff will therefore move to strike these witnesses from this matter.

                 Very truly yours,

                 LAUREN KW BRENNAN

Cc: (via email)  All counsel of record

1600 MARKET STREET | SUITE 2510 | PHILADELPHIA, PA 19103
P 215.753.8600 | F 215.940.8000
WWW.CONSUMERLAWFIRM.COM | WWW.CREDITREPORTPROBLEMS.COM

**019**