**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DIANE D. JONES, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civ. No. 3:19-cv-02087-B |
| | ) | |
| REALPAGE, INC. d/b/a LEASINGDESK | ) | |
| SCREENING, | ) | |
| *Defendant*. | ) | |
| | ) | |

**DEFENDANT REALPAGE, INC.'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

LEGAL STANDARD.......................................................................................................... 2

PROCEDURAL HISTORY.................................................................................................. 4

I.      PLAINTIFF'S MOTION TO COMPEL SHOULD BE DENIED. ................................ 5

      A.      Plaintiff's Motion to Compel a Response to a Different Version of Interrogatory No. 15 Should be Denied. .............................................. 5

            1.      RealPage Already Responded to Plaintiff's Interrogatory No. 15............. 6

            2.      Plaintiff's Attempt to Modify Interrogatory No. 15 Through This Motion Should be Denied Because it is Improper and Also Moot. .......... 7

            3.      Plaintiff's Motion is Also Unnecessary. ..................................................... 8

      B.      Plaintiff's Motion to Compel a Further Response to Request for Production No. 2 Should be Denied. ....................................................... 9

            1.      Plaintiff's Attempt to Compel RealPage to Produce the Documents Used to Derive its Response to Interrogatory No. 15 is Contrary to the Court's Order. ..................................................................................... 9

            2.      Burden and Consumer Privacy Outweigh Any Possible Relevance of Request for Production No. 2. .......................................................... 10

II.     PLAINTIFF'S MOTION FOR SANCTIONS SHOULD BE DENIED ....................... 11

      A.      Plaintiff's Request for Sanctions is Entirely Without Merit.............................. 11

      B.      RealPage Is Entitled to Its Fees and Costs for Having to Oppose Plaintiff's Motion to Compel and For Sanctions. ............................................... 13

CONCLUSION.................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hugo ex. rel. BankAtlantic Bancorp, Inc. v. Levan*,
    2009 U.S. Dist. LEXIS 130427, 2009 WL 1758708 (S.D. Fla. 2009) ......................................8

*Bethea v. St. Paul Guardian Ins. Co.*,
    No. 02-1444, 2003 U.S. Dist. LEXIS 1913 (E.D. La. Feb. 10, 2003) ................................3, 13

*De Angelis v. City of El Paso*,
    265 F. App'x 390 (5th Cir. 2008) ...........................................................................................12

*FDIC v. Conner*,
    20 F.3d 1376 (5th Cir. 1995) ............................................................................................11, 13

*Heller v. City of Dall.*,
    303 F.R.D. 466 (N.D. Tex. 2014) ...........................................................................................12

*Leal v. Wal-Mart Stores, Inc.*,
    No. 15-CV-5768, 2017 U.S. Dist. LEXIS 1902 (E.D. La. Jan. 5, 2017)..................................7

*Logan v. Madison Par. Det. Ctr.*,
    No. 12-CV-2221, 2013 U.S. Dist. LEXIS 153759 (W.D. La. Oct. 25, 2013) .........................7

*Mary Kay Inc. v. Reibel*,
    No. 3:17-cv-2634-D, 2019 U.S. Dist. LEXIS 38963 (N.D. Tex. Mar. 11,
    2019) ........................................................................................................................................12

*McNeal v. Tate Cty. Sch. Dist.*,
    No. 2:17-CV-00029, 2016 U.S. Dist. LEXIS 169226 (N.D. Miss. Dec. 7,
    2016) ..................................................................................................................................10, 13

*Mirror Worlds Techs., LLC v. Apple Inc.*,
    No. 6:13-CV-419, 2014 U.S. Dist. LEXIS 196155 (E.D. Tex. Dec. 3, 2014).........................9

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*,
    427 U.S. 639 (1976)................................................................................................................11

*Oppenheimer Fund. Inc. v. Sanders*,
    437 U.S. 340 (1978).................................................................................................................11

*Oreck Holdings v. Dyson Inc.*,
    No. 05-0361, 2006 U.S. Dist. LEXIS 104957 (E.D. La. Oct. 11, 2006) ..................................8

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Pers. Audio, L.L.C. v. Apple, Inc.*,
    No. 9:09-CV-111, 2010 U.S. Dist. LEXIS 144281, 2010 WL 9499679 (E.D.
    Tex. 2010) ............................................................................................................................3

*Pierce v. Underwood*,
    487 U.S. 552 (1988)............................................................................................................11

*Robinson v. Coey*,
    No. 15-CV-944, 2016 U.S. Dist. LEXIS 122296 (S.D. Oh. Sept. 9, 2016).............................8

*Samsung Elecs. Am., Inc. v. Chung*,
    321 F.R.D. 250 (N.D. Tex. 2017) ................................................................................3, 7, 13

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20 (1984)..............................................................................................................10

*TIVO Inc. v. Echostar Comm. Corp.*,
    2005 U.S. Dist. LEXIS 42481 (E.D. Tex. Sep. 26, 2006) .......................................................2

*Trujillo v. Bd. of Educ.*,
    Nos. CIV 02-1146 JB, 2007 U.S. Dist. LEXIS 33919 (D.N.M. Mar. 12, 2007) ......................3

*United States v. Gonzales*,
    117 S. Ct. 1032 (1997)..........................................................................................................6

*United States v. Webb*,
    No. 3:04-CR-334-D, 2005 U.S. Dist. LEXIS 2232 (N.D. Tex. Feb. 15, 2005)........................3

*Vann v. Mattress Firm*,
    No. H-12-3566, 2014 U.S. Dist. LEXIS 47546 (S.D. Tex. Apr. 7, 2014)..........................8, 14

*Vicknair v. Louisiana Dep't of Pub. Safety & Corr.*,
    555 F. App'x 325 (5th Cir. 2014) .......................................................................................12

*Whitt v. Stephens County*,
    529 F.3d 278 (5th Cir. 2008) ..............................................................................................11

*In re Williams*,
    298 F. 3d 458 (5th Cir. 2002) .............................................................................................11

*Winfield v. City of N.Y.*,
    No. 15-cv-05236, 2018 U.S. Dist. LEXIS 56160 (S.D.N.Y. Mar. 29, 2018)...........................3

**TABLE OF AUTHORITIES**
(continued)

Page(s)

**Statutes**

Fair Credit Reporting Act 15 U.S.C. §§ 1681, *et seq.* ....................................................................4

**Other Authorities**

Fed. R. Civ. P. 37(a)(2)(B) ...........................................................................................................3

Rule 26(b)(1)................................................................................................................................2

Rule 33 .......................................................................................................................................12

Rule 37(a)(4)(B)...................................................................................................................11, 13

Defendant RealPage, Inc. ("RealPage"), by counsel, submits the following Opposition to Plaintiff Diane Jones's ("Plaintiff") Motion to Compel and for Sanctions ("Motion," Dkt. No. 110).

## INTRODUCTION

This purported discovery dispute arises out of Plaintiff's dissatisfaction with the way that she chose to draft Interrogatory No. 15 and not any failing by RealPage.  In that Interrogatory, Plaintiff asked RealPage to identify instances over a specified time period where RealPage had identified a criminal record on a background screening report where the input applicant name from the property did not exactly match "either the Name[1] of the offender or any of the alias Names listed on the criminal record."  RealPage did so, identifying instances where the applicant Name did not exactly match the offender Name or one or more of the alias Names on a record.

Now, however, realizing she did not ask what she intended, Plaintiff misstates the text of the interrogatory in her Motion, changing the word "either" to "neither" in an attempt to compel RealPage to identify instances where neither the identified name of the offender nor any of the identified aliases matched the name of the applicant.  (*Compare* **Exhibit 1**, Second Set of Interrogatories ("INTs.") No. 15 ["***either*** the Name of the offender ***or*** . . ."] (Appendix 002) *with* Motion, Dkt. No. 110 at 7-8 ["***neither*** the Name of the offender ***or*** . . ."].)[2] (emphasis added).) That is improper.

As detailed below, RealPage's technical team provided a response to Interrogatory No. 15 – as it was worded in Plaintiff's Second Set of Interrogatories (**Exhibit 1,** INT No. 15 (Appendix 002)) – in full compliance with the Court's previous Order coming out of the last

---

[1] "Name" was defined by Plaintiff in her interrogatories to be an exact, character-for-character match across both the first and last name.

[2] Indeed, Plaintiff repeatedly misstates the text of her request throughout her Motion, frequently omitting the clear disjunctive "either-or" language of the Interrogatory.

discovery hearing.  (*See* Dkt. No. 97) (order reflecting negotiated resolution of the discovery dispute.)  RealPage's response in that regard was thoroughly explained in deposition testimony prior to Plaintiff's filing.  During that deposition, however, it apparently became clear to Plaintiff's counsel that they had intended to draft the interrogatory to request different information than what they had requested.  The fact that Plaintiff's counsel does not now like the question they asked – and the corresponding response that RealPage provided – is not a basis to involve the Court or to try to modify the question via this Motion, let alone to try and seek sanctions against RealPage.

Furthermore, the Court's involvement here was entirely unnecessary because, in response to meet and confer demands coming out of the depositions, RealPage offered to voluntarily respond to a modified interrogatory reflecting what Plaintiff evidently now wanted to ask, despite the additional burden of doing so.  RealPage offered such a proposal well prior to this Motion and invited Plaintiff's counsel to serve a new interrogatory.  Yet, Plaintiff has taken the unreasonable position that such good-faith action by RealPage to cure her misunderstanding is not good enough.  Instead, Plaintiff is demanding tens of thousands of underlying consumer reports, the production of which was *already denied* by Court Order based on the agreement reached by the parties at the last hearing in January.  Plaintiff's Motion should be denied in its entirety, and the Court should award RealPage its fees and costs for having to oppose this baseless and unnecessary filing.

## LEGAL STANDARD

While the scope of discovery is broad, it is far from unlimited and, in considering a motion to compel, courts must determine whether the material sought is relevant to the subject matter of the litigation.  *TIVO Inc. v. Echostar Comm. Corp.*, 2005 U.S. Dist. LEXIS 44481, at *10 (E.D. Tex. Sep. 26, 2006).  Rule 26(b)(1) further "restricts discovery to the extent it is

disproportionate to the needs of the case, taking into account the 'importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Winfield v. City of N.Y.*, No. 15-cv-05236, 2018 U.S. Dist. LEXIS 56160, at *12 (S.D.N.Y. Mar. 29, 2018).

"The requesting party can file a motion to compel if interrogatories are not answered, or if the answers are evasive or incomplete." *Pers. Audio, L.L.C. v. Apple, Inc.*, No. 9:09-CV-111, 2010 U.S. Dist. LEXIS 144281, 2010 WL 9499679, at *1 (E.D. Tex. 2010) (citing Rule 37(a)(3)(B)(iii), (4)). "[A] court may decline to compel, and, at its option or on motion, 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden . . . , including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.'" *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 281 (N.D. Tex. 2017) (citing Fed. R. Civ. P. 26(c)(1)(D) and Fed. R. Civ. P. 37(a)(5)(B)). Courts also deny motions to compel as moot if the responding party already produced or has agreed to production of information. *See Bethea v. St. Paul Guardian Ins. Co.*, No. 02-1444, 2003 U.S. Dist. LEXIS 1913, at *19 (E.D. La. Feb. 10, 2003); *United States v. Webb*, No. 3:04-CR-334-D, 2005 U.S. Dist. LEXIS 2232, at *5 (N.D. Tex. Feb. 15, 2005).

Courts will also not resolve factual challenges in a motion to compel when a party is merely challenging the factual accuracy of a response. *See* Fed. R. Civ. P. 37(a)(2)(B) (providing for order compelling disclosure only if "a party fails to answer an interrogatory"); *Trujillo v. Bd. of Educ.*, Nos. CIV 02-1146 JB, 2007 U.S. Dist. LEXIS 33919, at *24-25 (D.N.M. Mar. 12, 2007).

## PROCEDURAL HISTORY

Plaintiff filed her Complaint against RealPage on March 6, 2019 on behalf of herself and a proposed class, for alleged violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681, *et seq*.  (Dkt. No. 1.)  Plaintiff amended her Complaint on May 20, 2019.  (Dkt. No. 12.)

Plaintiff amended her complaint a second time on October 11, 2019, (Dkt. No. 6), when Plaintiff's Complaint was transferred to this Court.

Plaintiff then served a set of interrogatories and requests for production of documents on October 23, 2019, which included the discovery demands at issue here.  RealPage submitted its verified responses on November 22, 2019.

On December 6, 2019, Plaintiff filed her First Motion to Compel responses to Interrogatory Nos. 12-17 and Request for Production No. 2 ("First Motion").  (Dkt. No. 79.)  The parties were ordered by the Court to meet further regarding Plaintiff's First Motion.  (Dkt. No. 83.)  The parties resolved the issue regarding Interrogatory Nos. 12-14, but they then submitted a joint filing on December 20, 2019 on those few issues that they were unable to resolve.  (Dkt. No. 88.)

The Court held an oral argument on January 15, 2019.  At the hearing, RealPage agreed to provide responses to Interrogatory Nos. 15, 16, and 17 but not Request for Production No. 2. Specifically, during the oral argument, the parties compromised that and agreed that, in exchange for withdrawing its objections to Interrogatory Nos. 15-17, RealPage *would not* produce documents responsive to Plaintiff's Request for Production No. 2, which requested tens of thousands of confidential background screening reports on third party consumers.  The Court memorialized this agreement in its Order directing RealPage to Respond to Interrogatories Nos. 15-17, but otherwise denying Plaintiff's motion to compel a response to Request for Production No. 2 as "moot."  (Dkt. No. 97.)

4

RealPage submitted its responses to Interrogatory Nos. 15-17 pursuant to the Order. Plaintiff then took the deposition of RealPage's witness, Manjit Sohal, on February 11, 2020.

On February 14, 2020, Plaintiff's counsel sent a letter to RealPage's counsel seeking a different response to Plaintiff's Interrogatory No. 15. (*See* **Exhibit 2** (Appendix 005-008).) After further correspondence, on February 19, 2020, RealPage agreed to provide a response to a revised Interrogatory No. 15, but it would not agree to provide a further document production in response to Request for Production No. 2, including because that issue was specifically resolved by the Court at the prior hearing. (**Exhibit 3**, email conversation between counsel (Appendix 009-011).)

Despite RealPage's offer to respond to a new version of Plaintiff's Interrogatory No. 15, Plaintiff filed her Motion seeking the Court's intervention to compel a response to Interrogatory No. 15, as well as to compel a document response to Request for Production No. 2. (Dkt. No. 103.)

## ARGUMENT

## I.   PLAINTIFF'S MOTION TO COMPEL SHOULD BE DENIED.

Plaintiffs' Motion seeks to compel a response to a different interrogatory than what she asked. That is not allowed. On that basis, she then further seeks to unwind the prior Court Order memorializing the agreement reached by the parties regarding to the scope of discovery to which RealPage would respond. Her Motion to Compel should be denied in all respects.

### A.   Plaintiff's Motion to Compel a Response to a Different Version of Interrogatory No. 15 Should be Denied.

As an initial matter, in evaluating this Motion, the Court should carefully review the actual text of Interrogatory No. 15. (*See* **Exhibit 1,** INT No. 15 (Appendix 002).) Plaintiff consistently misstates the text of that interrogatory throughout her Motion, and her counsel also

5

often misstated the interrogatory while questioning Mr. Sohal at his recent deposition.  (*See*, *e.g.*, **Exhibit 4**, Deposition Transcript of Manjit Sohal ("Sohal Dep. Tr."), at 60:17-20 ["So I think you used the key word, 'nor' right, when you described it, you said neither the name nor the aliases, that's not how you worded the interrogatory"] (Appendix 016), and 62:1-4 [Plaintiff's counsel incorrectly stating Interrogatory No. 15 as asking for the number of consumers "where the name of the individual who was the tenant applicant and the subject of the report was not a character-for-character match to ***neither*** the name ***nor*** the aliases, any of the aliases"]) (Appendix 017) (emphases added).  As detailed below, Plaintiff's Motion stems from her dissatisfaction with the question she asked, rather than any non-compliance by RealPage.

### 1.    RealPage Already Responded to Plaintiff's Interrogatory No. 15.

Interrogatory No. 15 asks RealPage to identify "the total number of consumers about whom [it] provided a consumer report to a third party from March 6, 2017 to the present which included one or more items of criminal record information for which the Name of the individual who was the subject of the report was not a character for character match to ***either*** the Name of the offender ***or*** any of the alias Names listed on the criminal record."  (**Exhibit 1,** INT No. 15 (Appendix 002) (emphases added).)  Thus, if the either offender Name did not exactly match, or any (*i.e.*, one or more) of the aliases Names did not exactly match, that report was included in RealPage's numerical response.  *See, e.g.*, *United States v. Gonzales*, 117 S. Ct. 1032, 1035 (1997) ("Read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'") (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 97 (1976)).  RealPage provided an answer to Interrogatory No. 15 based on the language that Plaintiff used in the request.  (**Exhibit 4**, Sohal Dep. Tr., at 58:22-59:1 ["that's how the query was constructed, as long as any one of the names, either the criminal record name or the alias names had a character-by-character nonmatch, they would be in the list"] (Appendix

014-015).)  At the recent deposition, RealPage's verifying witness, Mr. Sohal, fully explained the means by which RealPage extracted the voluminous data and the process for running the query with respect to what was asked.  (*Id.*)  Accordingly, Plaintiff has already received a response to Interrogatory No. 15.  There is nothing further to compel.

2.      **Plaintiff's Attempt to Modify Interrogatory No. 15 Through This Motion Should be Denied Because it is Improper and Also Moot.**

Despite already receiving a full and verified response from RealPage to Interrogatory No. 15, Plaintiff moves to compel an answer to a modified request.

Specifically, during Mr. Sohal's deposition, it evidently became clear to Plaintiff's counsel that what Plaintiff meant to ask was the number of situations where the Name of the individual, who was the subject of the report was not a character for character match to ***neither*** the Name of the offender ***nor*** any of the alias Names listed on the criminal record.  (*See* **Exhibit 4**, Sohal Dep. Tr., at 62:1-4 (Appendix 017), and 59:16-20 ["are you able to run the query to -- in such a fashion as to see that the only people included in interrogatory 15 are those people where neither the name of the offender nor any of the aliases on the criminal record . . . ?] (Appendix 015).)  That is a very different question from what was stated in Interrogatory No. 15.

Courts in the Fifth Circuit routinely hold that a party may not bring a motion to compel responses to discovery that was not requested.  *See*, *e.g.*, *Leal v. Wal-Mart Stores, Inc.*, No. 15-CV-5768, 2017 U.S. Dist. LEXIS 1902, at *9 (E.D. La. Jan. 5, 2017) (denying plaintiff's motion to compel because defendant already not failed to answer plaintiff's "narrowed request" and plaintiff is not entitled to an order compelling production of information beyond the scope of the narrowed request); *Logan v. Madison Par. Det. Ctr.*, No. 12-CV-2221, 2013 U.S. Dist. LEXIS 153759, at *10 n.3 (W.D. La. Oct. 25, 2013) (holding that "[p]laintiff may not use a motion to compel to obtain information that he has not requested"); *Samsung*, 321 F.R.D. at 250 (N.D. Tex.

2017) (denying in part plaintiff's motion to compel response to interrogatories after defendant argued that plaintiff cannot compel information it had not requested and finding that defendant already provided responses to the discovery served). That is precisely what Plaintiff is attempting.

For RealPage to have responded to Interrogatory No. 15 in any other way than it did, Plaintiff would have to modify the interrogatory. Plaintiff concedes this point by suggesting that RealPage should have re-written Plaintiff's request and then provided a different answer, given the "context" of this case. (*See generally* Motion.) There is no Federal Rule, however, that would allow a defendant to modify a question posed in a discovery request, including based on its subjective view of a case's "context." Indeed, to have responded in the manner now demanded by Plaintiff, RealPage would have needed to _violate_ the Court's Order directing a response to the actual text of Interrogatory No. 15. Accordingly, Plaintiff's Motion should be denied. *See, e.g.*, *Robinson v. Coey*, No. 15-CV-944, 2016 U.S. Dist. LEXIS 122296, at *37 (S.D. Oh. Sept. 9, 2016) ("Defendants assert that they are under no obligation to produce a document that was not requested. The Court agrees and will deny the motion to compel as to this request"); *Hugo ex. rel. BankAtlantic Bancorp, Inc. v. Levan*, 2009 U.S. Dist. LEXIS 130427, 2009 WL 1758708 at *1 (S.D. Fla. 2009) (denying motion to compel discovery that was not requested).

### 3.   Plaintiff's Motion is Also Unnecessary.

Lastly, it is unnecessary for the Court to consider Plaintiff's Motion because RealPage had already agreed to respond to Plaintiff's modified interrogatory. *Vann v. Mattress Firm*, No. H-12-3566, 2014 U.S. Dist. LEXIS 47546, at *9 (S.D. Tex. Apr. 7, 2014) (denying plaintiff's motion to compel as moot when a party agreed to respond to an interrogatory); *see also Oreck Holdings v. Dyson Inc.*, No. 05-0361, 2006 U.S. Dist. LEXIS 104957, at *3-4 (E.D. La. Oct. 11,

2006) (ruling some items in a motion to compel moot when a party agreed to respond to those discovery items); *Mirror Worlds Techs., LLC v. Apple Inc.*, No. 6:13-CV-419, 2014 U.S. Dist. LEXIS 196155, at *10 (E.D. Tex. Dec. 3, 2014) (denying a motion to compel finding that a party's agreement to respond was an equitable solution).

Contrary to Plaintiff's assertions in the Motion, RealPage has worked diligently to process every reasonable request Plaintiff has made in this matter and then put up witnesses to discuss those responses. Accordingly, even though responding to Plaintiff's modified Interrogatory No. 15 would result in additional burden on RealPage, including engaging developers and employees across different departments to write an entirely different technical search query, RealPage agreed to do so in order to address the discrepancy between what Plaintiff apparently intended to ask and what was actually asked. Yet, despite that attempted cooperation, Plaintiff still unreasonably sought the Court's intervention. Thus, the Court should deny Plaintiff's Motion as moot.

**B.**     **Plaintiff's Motion to Compel a Further Response to Request for Production No. 2 Should be Denied.**

**1.**     **Plaintiff's Attempt to Compel RealPage to Produce the Documents Used to Derive its Response to Interrogatory No. 15 is Contrary to the Court's Order.**

Plaintiff's Motion also seeks to compel production of documents responsive to Request for Production No. 2, which would include copies of all screening reports included within the response to Interrogatory No. 15. The request to compel a response to Request for Production No. 2, however, was already denied by this Court as "moot" based on the compromise that was reached at the last oral argument, whereby RealPage agreed to respond to Interrogatory Nos. 15-

9

17[3] in exchange for Plaintiff's withdrawal of Request for Production No. 2.  That Court Order controls given that RealPage has fully complied with its terms.  *See McNeal v. Tate Cty. Sch. Dist.*, No. 2:17-CV-00029, 2016 U.S. Dist. LEXIS 169226, at *28-29 (N.D. Miss. Dec. 7, 2016) (stating "[i]f a party can violate a court order merely by asking to modify the order, court orders would become virtually meaningless).

**2.     Burden and Consumer Privacy Outweigh Any Possible Relevance of Request for Production No. 2.**

Even if the issue had not already been resolved by Court Order, Plaintiff's remarkable attempt through Request for Production No. 2 to compel copies of all screening reports issued over a multi-year period should be rejected.  Plaintiff demands the production of tens of thousands of confidential background screening reports or, alternatively, an entire dataset maintained by RealPage.  Yet, production of those documents would implicate critical issues of data security and consumer privacy, which Plaintiff does not even mention in her Motion, let alone address.  This Court should not compel the production of consumer reports, or an entire dataset, without any security protocols and specifications as to how such data would be securely transmitted, stored, maintained, and returned.  The possibility of a breach, no matter how well intentioned by Plaintiff, is also omnipresent once the data is transmitted outside of RealPage's secure environment.

Furthermore, the requested information would contain records and information where the disclosure of such information would be an invasion of privacy of third parties who are not parties in this action, such as their personal credit, criminal history, and landlord tenant litigation history.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984) (noting that privacy interests may be a basis for restricting discovery).  These consumers' privacy rights outweigh the

---

[3] There also is no question that RealPage fully responded to Interrogatory Nos. 16-17 in the manner requested by Plaintiff.

probative value of the request and Plaintiff's need for such information, especially where *many* persons included in the production would not even possibly be members of Plaintiff's proposed classes. *See Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 352 (1978). Accordingly, for these additional reasons, the Court should deny Plaintiff's Motion to compel a response to Request for Production No. 2.

## II.   PLAINTIFF'S MOTION FOR SANCTIONS SHOULD BE DENIED

### A.   Plaintiff's Request for Sanctions is Entirely Without Merit.

The purpose of sanctions is to: (1) secure compliance with the rules of discovery, (2) deter others from violating the discovery rules, and (3) punish those who do violate them. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). And, to be entitled to sanctions, the party seeking the instruction must show the other party had a culpable state of mind and did not timely produce discoverable evidence. *In re Williams*, 298 F. 3d 458, 463 (5th Cir. 2002) (citing *Vick v. Texas Employment Comm.*, 514 F.2d 734, 737 (5th Cir. 1975); *see also Whitt v. Stephens County*, 529 F.3d 278, 284 (5th Cir. 2008). Furthermore, a party's discovery conduct is "substantially justified" under Rule 37, and thus not susceptible to sanctions, if it is a response to a "genuine dispute, or if a reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Sanctions can also be denied when the moving party has suffered no prejudice. *FDIC v. Conner*, 20 F.3d 1376, 1381 (5th Cir. 1995) (violation of order compelling answers to interrogatories did not prejudice opposing party enough to justify requested sanction).

Sanctions against RealPage are not remotely warranted in this action, nor are they necessary to promote compliance with the Federal Rules of Civil Procedure. Initially, Plaintiff's request for sanctions should be denied because RealPage's response to Interrogatory No. 15 was fully compliant with the Court's Order. As explained in detail through this Opposition and Mr.

Sohal's deposition testimony, because RealPage complied with Interrogatory No. 15, Plaintiff cannot make a showing that RealPage acted in bad faith. Indeed, RealPage should not be sanctioned over what, at most, amounts to confusion or misunderstanding between the parties. *See, e.g.*, *Vicknair v. Louisiana Dep't of Pub. Safety & Corr.*, 555 F. App'x 325, 332 (5th Cir. 2014) (stating that sanctions "must be both just and specifically related to the claim at issue in the discovery order"); *De Angelis v. City of El Paso*, 265 F. App'x 390, 398 (5th Cir. 2008) (defining "substantially justified" a mean "a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]"); *Heller v. City of Dall.*, 303 F.R.D. 466, 477 (N.D. Tex. 2014) ("Substantial justification entails a reasonable basis in both law and fact, such that there is a genuine dispute . . . or if reasonable people could differ [as to the appropriateness of the contested action].") (internal quotation marks omitted).

In support of her Motion for Sanctions, Plaintiff cites *Mary Kay Inc. v. Reibel*, No. 3:17-cv-2634-D, 2019 U.S. Dist. LEXIS 38963 (N.D. Tex. Mar. 11, 2019). But *Reibel* only underscores the need for the denial of her request for sanctions. In *Reibel*, when awarding sanctions, the court held that "[t]he discovery obligations set forth in the Order [were] plain as day, there can be no dispute that Reibel has not complied with them, and there [was] no defensible basis" for the defendant to have acted as it did. *Id.* at *12. Nothing of the sort is present here. Instead, if anything, this is much more akin to the alternate situation addressed by the court, where the response to an interrogatory "disclose[d] a conscientious endeavor to understand the questio[n] and to answer fully [that question]," such that "a party's obligation under Rule 33 is satisfied." *Id.* at *4. RealPage's response to Plaintiff's Interrogatory No. 15, as supported by the explanation of Mr. Sohal's deposition testimony, shows the steps that RealPage took to fully answer the interrogatory that was asked.

Furthermore, none of RealPage's conduct has prejudiced Plaintiff such that sanctions would be appropriate.  *Conner*, 20 F.3d at 1381.  Plaintiff received all discovery responses required by this Court's Order, and RealPage fully complied with all discovery obligations. Even more, RealPage communicated to Plaintiff that it would voluntarily produce a verified response to a modified request.  In fact, the entire "dispute" raised in the Motion stems solely from Plaintiff's own failure to correctly word her interrogatory, and her subsequent refusal to agree to accept a further response by RealPage to her modified request.

**B.     RealPage Is Entitled to Its Fees and Costs for Having to Oppose Plaintiff's Motion to Compel and For Sanctions.**

Rule 37(a)(4)(B) provides the following remedy for when a Motion to Compel is denied:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and *must*, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

*Samsung*, 321 F.R.D. at 285-86 (emphasis added).  Plaintiff's Motion to Compel was not at all justified, and certainly not substantially justified.  Hence, RealPage should be awarded its fees and costs for having to oppose it.  That is true for multiple reasons.

First, Plaintiff's Motion to compel a response to Request for Production No. 2 is contrary to this Court's previous Order, where this Court already denied that request as moot.  There also was no good cause to seek a modification of the Court's Order.  *See supra McNeal*, 2016 U.S. Dist. LEXIS 169226 at *28-29.

Second, RealPage fully responded to Interrogatory No. 15, in accordance with the Court's prior order, and it fully explained that fact to Plaintiff's counsel before this Motion was filed.  Thus, the Motion was without justification.  *See supra Samsung*, 321 F.R.D. at 282; *Bethea*, 2003 U.S. Dist. LEXIS 1913, at *19.

13

Third, this Motion should have been avoided altogether, especially given RealPage's agreement to provide a response to a revised interrogatory. *See supra Vann*, 2014 U.S. Dist. LEXIS 47546, at *9. But, Plaintiff still refused and has unnecessarily burdened the parties and the Court with this unnecessary filing.

For all of these reasons, Plaintiff's Motion was in no way justified. Therefore, RealPage requests the Court deny Plaintiff's Motion and award RealPage its fees and costs RealPage incurred in opposing this Motion. RealPage will itemize its fees and costs after the hearing is completed and this request for relief is affirmed.

## CONCLUSION

For the reasons set forth above, RealPage respectfully requests that the Court deny Plaintiff's Motion to Compel and for Sanctions in its entirety and instead award RealPage its fees and costs in connection with opposing this Motion.

Dated: March 13, 2020

By: */s/ Jessica Lohr*
_____

Jessica Lohr (*pro hac vice*)
**TROUTMAN SANDERS LLP**
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 509-6000
Facsimile: (858) 509-6040

*Attorneys for Defendant*
*RealPage, Inc., d/b/a LeasingDesk*
*Screening*

14