**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DIANE D. JONES, individually and on behalf of herself and all others similarly situated, | ) ) ) ) | Civ. No. 3:19-cv-02087-B |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | |
| REALPAGE, INC. d/b/a LEASINGDESK SCREENING, | ) ) ) | |
| *Defendant*. | | |

**APPENDIX TO DEFENDANT REALPAGE, INC.'S OPPOSITION TO PLAINTIFF'S**
**MOTION TO COMPEL AND FOR SANCTIONS**

| Exhibit | Description | Beginning Page Number |
|---------|-------------|----------------------|
| 1 | Plaintiff's Second Set of Interrogatories | 001 |
| 2 | Plaintiff's counsel's letter dated February 14, 2020 | 005 |
| 3 | Email conversation between counsel | 009 |
| 4 | Deposition Testimony Transcript of Manjit Sohal | 012 |

# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISIN

| | | |
|---|---|---|
| DIANE D. JONES, individually and on behalf of herself and all others similarly situated, | ) ) ) ) | Civ. No. 3:19-cv-02087-B |
| *Plaintiff,* | ) ) ) | **PLAINTIFF JONES'S SECOND INTERROGATORIES TO DEFENDANT** |
| v. | ) ) | |
| REALPAGE, INC. d/b/a LEASINGDESK SCREENING, | ) ) ) | |
| *Defendant.* | ) | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Diane D. Jones hereby serves upon Defendant RealPage, Inc. the following Interrogatories.

### DEFINITIONS AND INSTRUCTIONS

Plaintiff incorporates those definitions and instructions set forth in her First Set of Interrogatories to Defendant herein by reference, except with respect to the definition of "Name," which for purposes of these Interrogatories is defined as first and last name taken together.

### INTERROGATORIES

12.    State the total number of consumers with an address in the United States and its Territories about whom you sold a report for each calendar year between March 6, 2017 and the present which included one or more items of criminal record information, and from whom you subsequently received a dispute or other communication stating that the criminal record information did not pertain or belong to them, or which RealPage interpreted as a "nonmatch" dispute.

001

13.     Of the consumers who comprise your response to Interrogatory No. 1, state the total number of consumers for whom you determined following a reinvestigation was a "nonmatch" to the criminal record on the report.

14.     Of the consumers who comprise your response to Interrogatory No. 1, state the total number of consumers for whom you removed the criminal record information from the consumer's report following the consumer's dispute or communication.

15.     State the total number of consumers about whom you provided a consumer report to a third party from March 6, 2017 to the present which included one or more items of criminal record information for which the Name of the individual who was the subject of the report was not a character for character match to either the Name of the offender or any of the alias Names listed on the criminal record.

16.     State the total number of consumers with an address in the United States and its Territories about whom you sold a report for each calendar year between March 6, 2017 and the present which included  one or more items of criminal record information, for which (i) the first name of the offender as listed on the criminal record was not a character-for-character match to the first name of the individual who was the subject of the report, and (ii) the criminal record you placed on the report represented the offender's date of birth as "1/1/XXXX – 12/31/XXXX".

17.     State the total  number of consumers with an address in the United States and its Territories about whom you sold a report for each calendar year between March 6, 2017 and the present which included  one or more items of criminal record information, for which (i) three or more characters, when taken in order, of the first name of the offender did not match the characters, when taken in order, of the first name of the individual who was the subject of the report, and (ii)

2

the criminal record you placed on the report represented the offender's date of birth as "1/1/XXXX

– 12/31/XXXX".

Dated: October 23, 2019          BY:

FRANCIS & MAILMAN, P.C.
JAMES A. FRANCIS (*pro hac vice*)
JOHN SOUMILAS (*pro hac vice*)
LAUREN KW BRENNAN (*pro hac vice*)
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215.735.8600
F: 215.940.8000
E: jfrancis@consumerlawfirm.com
E: jsoumilas@consumerlawfirm.com
E: lbrennan@consumerlawfirm.com

MICHAEL A. CADDELL
CYNTHIA B. CHAPMAN
AMY E. TABOR
CADDELL & CHAPMAN
628 East 9th Street
Houston, TX 77007
T: 713.751.0400
E. mac@caddellchapman.com
E: cbc@caddellchapman.com
E: aet@caddellchapman.com

COHEN & MIZRAHI LLP
DANIEL C. COHEN
EDWARD Y. KROUB
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
T: 929/575-4175
F: 929/575-4195
E: dan@cml.legal
E: edward@cml.legal

3

003

**O'TOOLE, McLAUGHLIN, DOOLEY & PECORA, CO., LPA**
Matthew A. Dooley
Stephen M. Bosak
5455 Detroit Road
Sheffield Village, Ohio 44054
T: (440) 930-4001
F: (440) 934-7208
E: apecora@omdplaw.com
E: sbosak@omdplaw.com

4

# Exhibit 2



FRANCIS · MAILMAN · SOUMILAS
CONSUMER LAW FIRM                    P.C.

February 14, 2020

<u>**Via Email**</u>
Ronald I. Raether
Timothy St. George
Troutman Sanders LLP
1001 Haxall Point, 15th Floor
Richmond, VA 23219
ron.raether@troutman.com
timothy.st.george@troutman.com

      Re:     **Jones v. RealPage, Inc., No. 3:19-cv-02087-B (N.D. Tex.)**

Dear Ron and Tim,

      I am writing to you because the discovery proceedings in this case have made me and the other counsel for Plaintiff very concerned that someone at your firm and/or your client RealPage, Inc. has engaged in what appears to be an orchestrated attempt to obstruct the taking of legitimate discovery in this matter.  We have observed what appears to be a pattern of intentional misreading of interrogatories, misrepresentations regarding RealPage, Inc.'s ability to provide answers to interrogatories, and unnecessary expenditures of time and resources to get such answers.  These problems have occurred most recently with respect to Plaintiff's Interrogatory 15, culminating in the testimony of Manjit Sohal's testimony on February 11, 2020.  Before seeking the Court's assistance again, we want to bring your attention to this issue in some detail.

      As you know, Plaintiff Diane Jones brought this case because RealPage, Inc. sold a tenant screening report about her which contained a criminal record which did not pertain to her.  The inaccuracy was obvious from the face of the report, because the name on the criminal record (Toni Taylor) was not a match to Ms. Jones's name, and none of the 13 alias names on the report was a match to Plaintiff's name.  Even the closest, Tina Jones, is a not a character-for-character match to Plaintiff's name. Plaintiff's contention, *inter alia*, is that any matching procedure that permits such disparate names to be considered a "match" is not reasonable within the meaning of 15 U.S.C. § 1681e(b).

      Since the outset of this case, Plaintiff has made clear that she seeks to represent similarly situated consumers affected by RealPage's name matching.  In her original complaint, and each subsequent complaint, Plaintiff sought to represent a class of consumers whose first and last name did not match the first and last name of the offender. Compl., Doc. 1; Am. Compl., Doc. 12; 2d Am. Compl., Doc. 66.

      In order to identify such consumers, Plaintiff served a series of targeted interrogatories in June 2019, including Plaintiff's Jones's Interrogatory 6, which sought "the total number of consumers with an address in the United States and its Territories about whom you sold a report for each calendar year between March 6, 2014 and the present which included one or more items of criminal record information, for which the first and last name of the individual who was the

1600 MARKET STREET | SUITE 2510 | PHILADELPHIA, PA 19103
P 215.735.8600 | F 215.940.8000
WWW.CONSUMERLAWFIRM.COM | WWW.CREDITREPORTPROBLEMS.COM

005



Ronald I. Raether
Timothy St. George
February 14, 2020
Page 2

subject of the report was not a character for character match to either the Name of the offender or any of the alias names list on the criminal record." In its July 18, 2019 responses, RealPage stated that the number of consumers meeting this criteria was "none" despite the fact that Plaintiff obviously meets this criteria. After the parties met and conferred regarding this request, RealPage took the position that it was not able to provide a response from its records. RealPage took this position with respect to several other interrogatories in this matter, including those seeking the number of disputes RealPage received and removed a "nonmatch" record as the result of the dispute. *See* RealPage's July 18, 2019 Responses to Plaintiff Arnold's Interrogatories 4-6. Obviously, dispute records exist and those with a confirmed "nonmatch" are ascertainable, and thus Defendant produced such discovery after Plaintiff initiated motion to compel proceedings in the Northern District of Ohio. These proceedings also referenced Jones Interrogatory 6, among others, and while that dispute was pending, the case was transferred to the Northern District of Texas.

Following transfer, Plaintiff served revised interrogatories in an attempt to make them as clear and understandable as possible, and to limit them as closely as possible to Plaintiff's circumstances. These interrogatories, including Interrogatory 15, were served on October 23, 2019. Interrogatory 15 is substantially similar to Interrogatory 6. Nonetheless, in its November 22, 2019 responses, RealPage once again stated that the number of consumers meeting the criteria of Interrogatory 15 was "none," and that it was unable to provide responses to the similar Interrogatories 16 and 17. During meet and confer discussions, RealPage stated that even if properly interpreted, it would state that it was unable to provide a response to Interrogatory 15. These responses led to Plaintiff's December 6, 2019 Motion to Compel.

Plaintiff made clear in the Motion to Compel and subsequent Joint Statement of Discovery Dispute that Interrogatories 15-17 were aimed at identifying "reports with characteristics similar to the report sold and Plaintiff – indicia that the criminal record included on the report did not pertain to the report's subject." Doc. 93 at p. 6. Plaintiff further clarified exactly what Interrogatory 15 is seeking, stating that it "is specifically targeted to identify consumers who are similarly situated... the name 'Diane Jones' is not a character-for-character match to 'Toni Taylor' or to any of the alias names listed" on the report at issue, which listed 13 different alias names, none of which matched "Diane Jones" character for character. Doc. 94 at p. 6. Plaintiff also expressed the nature of the information requested on the record during the January 15, 2020 hearing before Judge Ramirez. Doc. 101 at 12:7-17.

In discussions regarding the Joint Statement of Discovery Dispute as late as December 19, 2020, RealPage continued to state that it might be unable to derive a response to Interrogatory 15 from its business records. Then, at the January 15, 2020 hearing, RealPage indicated for the first time that it was in fact able to provide a substantive response to Interrogatories 15-17, and indeed had "preliminary data" available for Interrogatory 15. Doc. 101 at 9:2-4.

RealPage provided its response to Interrogatory 15 on February 5, 2020, following an agreed one-week extension beyond the time permitted by the Court's order on the discovery

006



dispute. The response went from "none" to 64,178. Plaintiff then took the deposition of Manjit Sohal regarding the steps taken to derive the figures provided. However, Mr. Sohal's testimony revealed that the response provided to Interrogatory 15 does not reflect the requested information at all. As Plaintiff repeatedly made clear, Interrogatory 15 sought the number of individuals for whom the name of the individual who was the subject of the report was not a character for character match to any of the names on the criminal record placed on the report – the offender's name or any of the alias names. But Mr. Sohal testified that RealPage included a report in the response to Interrogatory 15 any time there was a "nonmatch" to even a *single* alias name, even if all other offender and alias names were an exact character for character match. This is clearly not what Interrogatory 15 seeks, and such a query makes no sense in light of the substantial context available in this case, as outlined above.

According to Mr. Sohal, when only one alias name is a "nonmatch" (in his use of that term) to the consumer applicant's name, then that report is included within the scope of the answer Defendant provided to Interrogatory 15. This is so, according to Mr. Sohal, even in a situation of ten alias names where all nine of the others, and the offender name, are a character for character match to the applicant's name. This is an absurd reading of Interrogatory 15, which plainly askes for situation (like Plaintiff's) where "the Name [first and last taken together] of the individual who is the subject of the report [*i.e.*, the applicant]" "was not a character for character match" to "neither" the Name of the offender" or "any of the alias Names" listed on the criminal record. Defendant's reading of the interrogatory ignored the word "neither" and the phrase "any of the alias Names" (names in plural). It is simply meaningless to include as part of the answer to Interrogatory 15 situations where the name of the offender is a match but one alias is not. It is also meaningless to include situations where a single alias does not match, but one or more other alias names do match. Nor can this "confusion" be seen as legitimate at this stage of the litigation, after months of conferring about this subject matter, motion practice, and a hearing before the Court.

"Neither" means "neither" the offender name or "any of the alias Names" ("any" number of "Names" in plural, not just one). Both RealPage and your firm are aware that we seek situations like Plaintiff Diane Jones – where "neither" the name of the offender (Toni Taylor) nor "any" of the alias names (whether Tina Jones or "any" other of the multiple alias names listed in that report) is a character for character match to "Diane Jones."

Mr. Sohal further testified that the inquiry conducted in order to arrive at the response to Interrogatory 15 involved only a few days to create the query and "a matter of minutes" to run the inquiry. Even pulling the report data to be searched from RealPage's database, which appears to have been the bulk of the time expended on the project, took only one to two weeks, according to Mr. Sohal. Thus, it appears that the repeated claims RealPage has made over the past seven months regarding its inability to conduct the inquiries requested were false. As a result, rather than taking a few months to exchange relevant class size discovery, the parties have expended substantial additional resources on two motions to compel and associated briefing, meet and confer, travel to Dallas, and follow up discovery.



Ronald I. Raether
Timothy St. George
February 14, 2020
Page 4

In sum, Plaintiff has made abundantly clear exactly what information she seeks here, and RealPage is able to conduct searches for this information with relatively little burden. In light of this, the only explanation for RealPage's sustained refusal to provide this information appears to be a systematic and intentional effort on the part of RealPage and/or its counsel to frustrate discovery efforts.

If we are mistaken in reaching this conclusion, we are confident that you will promptly provide the data actually requested by Interrogatory 15, as well as an appropriate witness to testify about the revised query conducted (who appears to be the database administrator Ron Hall who designed and conducted the original query) within a matter of days. In the meantime, we are preparing a motion to the Court regarding these issues. Such a motion will seek not only an appropriate interrogatory response, but also the underlying documents in electronic format so that we can confirm the results with our own analysis, as well as sanctions.

I am generally disinclined to bring sanctions motions, but the defense here has not been a legitimate disagreement on the merits, but rather a calculated attempt to run up Plaintiff's litigations costs and to hide the truth.

Very truly yours,

JOHN SOUMILAS

Cc: (via email) All counsel of record

008

# Exhibit 3

**Archived:** Wednesday, March 11, 2020 4:24.13 PM
**From:** John Soumilas
**Sent:** Wednesday, February 19, 2020 1:56:03 PM
**To:** St. George, Timothy J.; Jeffrey Kabacinski; Raether, Ronald I.
**Cc:** Jim Francis; Lauren Brennan; Michael Caddell; Amy Tabor; jimf@lfdslaw.com; donnal@lfdslaw.com; Matthew Dooley; Stephen Bosak; dan@cml.legal; Edward Kroub; Lohr, Jessica
**Subject:** RE: Jones v. RealPage, Inc.: Correspondence from John Soumilas re: Discovery Dispute and Motion
**Sensitivity:** Normal

EXTERNAL SENDER

Tim:

As for the search parameters, your (alternative) formulation is mostly correct.  An applicant would be within Interrogatory 15 if his or her Name (first and last taken together) does not match (character for character) the Name of the offender <u>and also</u> does not match any of the alias Names for that offender – *i.e*, none of the offender Names <u>and also</u> none of alias Names are a match.  Just like the case of Diane Jones.  Your point 2 says "or" and that is fine if "neither" in point 1 modifies both categories 1 and 2.  In other words, it has to be true that there is no character for character match to any of the Names on the criminal record, regardless whether they are offender Names or alias Names – not a single Name could match.

Given all of the difficulties and inconsistent answers to this Interrogatory, we cannot accept the answer alone.  We also seek corroboration through documents and a deposition.  Moreover, next week will already be past the date for us to bring a discovery dispute to the court, and we are not willing to take that risk given the history of this case.  So we will seek the court's assistance this week.  We will note that your client is willing to provide another response to Interrogatory 15 next week, but not the documentary and testimonial corroboration that we think is necessary.

**John Soumilas, Esquire  (Bio)**
**FRANCIS ● MAILMAN ● SOUMILAS, P.C.**
**CONSUMER LAW FIRM**
**1600 Market St., Suite 2510**
**Philadelphia, PA 19103**
**P 215-735-8600**
**F 215-940-8000**
**E jsoumilas@consumerlawfirm.com**
**www.consumerlawfirm.com**
**www.creditreportproblems.com**

---

**From:** St. George, Timothy J. <Timothy.St.George@troutman.com>
**Sent:** Wednesday, February 19, 2020 4:07 PM
**To:** John Soumilas <jsoumilas@consumerlawfirm.com>; Jeffrey Kabacinski <jkabacinski@consumerlawfirm.com>; Raether, Ronald I. <Ron.Raether@troutman.com>
**Cc:** Jim Francis <jfrancis@consumerlawfirm.com>; Lauren Brennan <LBrennan@consumerlawfirm.com>; Michael Caddell <mac@caddellchapman.com>; Amy Tabor <aet@caddellchapman.com>; jimf@lfdslaw.com; donnal@lfdslaw.com; Matthew Dooley <mdooley@omdplaw.com>; Stephen Bosak <sbosak@omdplaw.com>; dan@cml.legal; Edward Kroub <edward@cml.legal>; Lohr, Jessica <Jessica.Lohr@troutman.com>
**Subject:** RE: Jones v. RealPage, Inc.: Correspondence from John Soumilas re: Discovery Dispute and Motion

John,

We won't agree to RFP No. 2.  We abided by the Court's Order, which specifically mooted that RFP as part of our compromise.  That Order remains in place.

As to No. 15, we also already responded to what was asked.  But, as a concession, we understand the parameters of your new request within the same period identified in INT No. 15 where:

1. neither the offender Name
2. or none of alias Names
3. are an exact match to the input applicant Name.

<u>Please confirm I have this exactly right</u>.

Assuming so, that query is now in process and should be provided next week.

Thanks,
Tim

**Timothy J. St. George**
troutman sanders
Direct: 804.697.1254
timothy.st.george@troutman.com

---

**From:** John Soumilas <jSoumilas@consumerlawfirm.com>
**Sent:** Wednesday, February 19, 2020 3:20 PM
**To:** St. George, Timothy J. <Timothy.St.George@troutman.com>; Jeffrey Kabacinski <jkabacinski@consumerlawfirm.com>; Raether, Ronald I. <Ron.Raether@troutman.com>
**Cc:** Jim Francis <jfrancis@consumerlawfirm.com>; Lauren Brennan <LBrennan@consumerlawfirm.com>; Michael Caddell <mac@caddellchapman.com>; Amy Tabor <aet@caddellchapman.com>; jimf@lfdslaw.com; donnal@lfdslaw.com; Matthew Dooley <mdooley@omdplaw.com>; Stephen Bosak <sbosak@omdplaw.com>; dan@cml.legal; Edward Kroub <edward@cml.legal>; Lohr, Jessica <Jessica.Lohr@troutman.com>
**Subject:** RE: Jones v. RealPage, Inc.: Correspondence from John Soumilas re: Discovery Dispute and Motion

EXTERNAL SENDER

Tim:

I'm afraid we are not agreed.  What we seek is:

1. A correct and properly verified answer to Interrogatory 15.

2. The reports on which the proper search for Rog. 15 can run against.  At his deposition (on page 24) Mr. Sohal testified that this data was already "extracted" for the date range sought in Interrogatory 15.  These reports are responsive to Plaintiff's RPD 2, which we had previously moved to compel.

3. The deposition of a person who can properly verify the truthfulness of the correct answer to Interrogatory 15.

**John Soumilas, Esquire (Bio)**
**FRANCIS ● MAILMAN ● SOUMILAS, P.C.**
CONSUMER LAW FIRM
1600 Market St., Suite 2510
Philadelphia, PA 19103
P 215-735-8600
F 215-940-8000
E jsoumilas@consumerlawfirm.com
www.consumerlawfirm.com
www.creditreportproblems.com

---

**From:** St. George, Timothy J. <Timothy.St.George@troutman.com>
**Sent:** Tuesday, February 18, 2020 2:06 PM
**To:** John Soumilas <jSoumilas@consumerlawfirm.com>; Jeffrey Kabacinski <jkabacinski@consumerlawfirm.com>; Raether, Ronald I. <Ron.Raether@troutman.com>
**Cc:** Jim Francis <jfrancis@consumerlawfirm.com>; Lauren Brennan <LBrennan@consumerlawfirm.com>; Michael Caddell <mac@caddellchapman.com>; Amy Tabor <aet@caddellchapman.com>; jimf@lfdslaw.com; donnal@lfdslaw.com; Matthew Dooley <mdooley@omdplaw.com>; Stephen Bosak <sbosak@omdplaw.com>; dan@cml.legal; Edward Kroub <edward@cml.legal>; Lohr, Jessica <Jessica.Lohr@troutman.com>
**Subject:** RE: Jones v. RealPage, Inc.: Correspondence from John Soumilas re: Discovery Dispute and Motion

John,

We can just move past the commentary.

We will provide the response to INT No. 15, as you have clarified.  If you want to depose the data analyst, you certainly can, but there won't be much to talk about in terms of the query.  I am not sure what you mean by the "underlying documents."  We won't be providing consumer reports, as that's precisely the compromise we brokered in responding to INT Nos. 16-17.  Nit sure what else you might be referencing, if anything.

Let me know if we are agreed.

Tim

**Timothy J. St. George**
**troutman** sanders
Direct: 804.697.1254
timothy.st.george@troutman.com

---

**From:** John Soumilas <jSoumilas@consumerlawfirm.com>
**Sent:** Tuesday, February 18, 2020 10:53 AM
**To:** St. George, Timothy J. <Timothy.St.George@troutman.com>; Jeffrey Kabacinski <jkabacinski@consumerlawfirm.com>; Raether, Ronald I. <Ron.Raether@troutman.com>
**Cc:** Jim Francis <jfrancis@consumerlawfirm.com>; Lauren Brennan <LBrennan@consumerlawfirm.com>; Michael Caddell <mac@caddellchapman.com>; Amy Tabor <aet@caddellchapman.com>; jimf@lfdslaw.com; donnal@lfdslaw.com; Matthew Dooley <mdooley@omdplaw.com>; Stephen Bosak <sbosak@omdplaw.com>; dan@cml.legal; Edward Kroub <edward@cml.legal>; Lohr, Jessica <Jessica.Lohr@troutman.com>
**Subject:** RE: Jones v. RealPage, Inc.: Correspondence from John Soumilas re: Discovery Dispute and Motion

**EXTERNAL SENDER**

Tim:

My letter of last week was provided as a courtesy precisely because I have known you and Ron for years.   Your client, on the other hand, I have never litigated against except the current three class cases (Jones, Kelly and McIntyre).  I have never seen a more obstructionist CRA.  In each case, this Defendant claims that it cannot figure out basic information – the number of consumer disputes, the number of consumer file disclosures, or how it matches specific public records to specific tenant applicants – even though that is its very business model.

Also, we cannot accept that after 7 months of meeting and conferring and motion practice, Defendant still "misunderstands" our requests for class data.  Our requests are clear.  The reference to context is only to explain that even if Defendant *initially* misunderstood that we were seeking information on consumers (like Plaintiff Diane Jones) whose name did not match the name of the criminal offender on their reports, it cannot any longer claim confusion given how many times we discussed this very issue.  We are not asking for anything "new."  We have always asked for instances where there was no exact alias or offender Name match across any alias or offender Name, to use your words.

Your client ran a query where the name of the consumer could, in fact, match character for character to that of the offender or his/her alias.  There is no rational basis for that in this case, and we did not ask for such meaningless data.  We are not looking for a "smaller" or "larger" class size number, like you allude.  We are looking for the correct number, and your client is just not willing to give it to us, despite our repeated efforts over 7 months and a court order.

At this point we will need the court's assistance again.  We are no longer willing to simply accept any of the varying and inconsistent objections and answers your client has given to Interrogatory 15.  We seek the real answer, corroborated by the underlying documents, and followed by a deposition of the person who actually knows the data and how to run a proper query on it.  If you are able to provide all of that voluntarily, please let me know.

**John Soumilas, Esquire (Bio)**
**FRANCIS ● MAILMAN ● SOUMILAS, P.C.**
CONSUMER LAW FIRM
1600 Market St., Suite 2510

Philadelphia, PA 19103
P 215-735-8600
F 215-940-8000
E jsoumilas@consumerlawfirm.com
www.consumerlawfirm.com
www.creditreportproblems.com

---

**From:** St. George, Timothy J. <Timothy.St.George@troutman.com>
**Sent:** Monday, February 17, 2020 6:20 PM
**To:** Jeffrey Kabacinski <jkabacinski@consumerlawfirm.com>; Raether, Ronald I. <Ron.Raether@troutman.com>
**Cc:** Jim Francis <jfrancis@consumerlawfirm.com>; John Soumilas <jSoumilas@consumerlawfirm.com>; Lauren Brennan <LBrennan@consumerlawfirm.com>; Michael Caddell <mac@caddellchapman.com>; Amy Tabor <aet@caddellchapman.com>; jimf@lfdslaw.com; donnal@lfdslaw.com; Matthew Dooley <mdooley@omdplaw.com>; Stephen Bosak <sbosak@omdplaw.com>; dan@cml.legal; Edward Kroub <edward@cml.legal>; Lohr, Jessica <Jessica.Lohr@troutman.com>
**Subject:** RE: Jones v. RealPage, Inc.: Correspondence from John Soumilas re: Discovery Dispute and Motion

John,

I am surprised by your letter. Suffice it to say, we disagree with every factual contention, which is not how we operate (as you know based on our extensive history).

We have worked to process every reasonable request you have made in this case, including with respect to Interrogatory No. 15. There can be no question that we responded in compliance with the request.

You don't reference the text of the request as it was served, for obvious reasons. As Mr. Sohal walked you through the reason why we responded as we did, our response aligned completely with what was asked. To have responded otherwise would have required us to modify your question to add words that did not exist. You seem to concede this point by then suggesting that we should re-written your request and provided different answers given the "context" of this case. However, there is no Federal Rule that would allow a defendant to modify the questions posed based on its subjective view of context. Indeed, to do so would have put us out of compliance with the Court's order. It would also be a dangerous and unprincipled stance for both plaintiffs and defendants to take. The "context" you reference also would have had us provide a much smaller number to you, which would have raised the concern that RealPage would have been later accused of "hiding" information and being nonresponsive.

Fundamentally, your new request seems to want us to run a new query to encompass only instances where there was no exact alias or offender Name match across any alias or offender Name. So, just make that ask. It will not, however, take "minutes" to do. The testimony you reference assumes that the data query had already been created. We now have to work with developers to draft another query, test it, and then QC the results – again. So, I will provide an update on timeframe shortly. To the extent you feel you need another modest extension of time based on your misunderstanding of what you asked, we will likewise take such a request to the client.

Thanks,
Tim

**Timothy J. St. George**
troutman sanders
Direct: 804.697.1254
timothy.st.george@troutman.com

---

**From:** Jeffrey Kabacinski <jkabacinski@consumerlawfirm.com>
**Sent:** Friday, February 14, 2020 4:46 PM
**To:** Raether, Ronald I. <Ron.Raether@troutman.com>; St. George, Timothy J. <Timothy.St.George@troutman.com>
**Cc:** Jim Francis <jfrancis@consumerlawfirm.com>; John Soumilas <jSoumilas@consumerlawfirm.com>; Lauren Brennan <LBrennan@consumerlawfirm.com>; Michael Caddell <mac@caddellchapman.com>; Amy Tabor <aet@caddellchapman.com>; jimf@lfdslaw.com; donnal@lfdslaw.com; Matthew Dooley <mdooley@omdplaw.com>; Stephen Bosak <sbosak@omdplaw.com>; dan@cml.legal; Edward Kroub <edward@cml.legal>
**Subject:** Jones v. RealPage, Inc.: Correspondence from John Soumilas re: Discovery Dispute and Motion

**EXTERNAL SENDER**

Counsel:

Please find attached correspondence from Mr. Soumilas in *Jones v. RealPage, Inc.*, No. 3:19-cv-02087-B (N.D. Tex.).

Sincerely,

Jeff Kabacinski
Paralegal

**Jeffrey Kabacinski, Paralegal**
FRANCIS ● MAILMAN ● SOUMILAS, P.C.
CONSUMER LAW FIRM
1600 Market St., Suite 2510
Philadelphia, PA 19103
P 215-735-8600
F 215-940-8000
E jkabacinski@consumerlawfirm.com
www.consumerlawfirm.com
www.creditreportproblems.com

---

This e-mail message (and any attachments) from Troutman Sanders LLP may contain legally privileged and confidential information solely for the use of the intended recipient. If you received this message in error, please delete the message and notify the sender. Any unauthorized reading, distribution, copying, or other use of this message (and attachments) is strictly prohibited. .

# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

DIANE D. JONES,              : Case No.
individually and on behalf :
of herself and all others  :
similarly situated,         :
                            :
              Plaintiff,    :
                            :
v.                          :
                            :
REALPAGE, INC., d/b/a       :
LEASINGDESK SCREENING,      :
                            :
              Defendant.    : 3:19-cv-02087-B


    ORAL DEPOSITION OF MANJITSINGH SOHAL, produced as a

witness at the instance of the Plaintiff, and duly

sworn, was taken in the above-styled and -numbered cause

on February 11, 2020, from 9:01 a.m. to 11:43 a.m.,

before Christine Simons, CSR in and for the State of

Texas, reported by machine shorthand, at RealPage, Inc.,

2201 Lakeside Boulevard, Richardson, Texas, 75082,

pursuant to the Federal Rules of Civil Procedure.


              SUMMIT COURT REPORTING, INC.
          Certified Court Reporters and Videographers
               1500 Walnut Street, Suite 1610
               Philadelphia, Pennsylvania 19102
           424 Fleming Pike, Hammonton, New Jersey 08037
          (215) 985-2400 * (609) 567-3315 * (800)477-8648
                  www.summitreporting.com

MANJITSINGH SOHAL

```
 1   A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFF:

 4        FRANCIS, MAILMAN & SOUMILAS, P.C.
          BY:   JOHN SOUMILAS, ESQUIRE
 5        BY:   LAUREN KW BRENNAN, ESQUIRE
          1600 Market Street, Suite 2510
 6        Philadelphia, Pennsylvania 19103
          Phone:  (215) 735-8600
 7        E-mail:  jsoumilas@consumerlawfirm.com
          E-mail:  lbrennan@consumerlawfirm.com
 8        (via videoconference)

 9

10

11

12   FOR THE DEFENDANT:

13        TROUTMAN SANDERS, LLP
          BY:   JESSICA R. LOHR, ESQUIRE
14        11682 El Camino Real
          Suite 400
15        San Diego, California  92130
          Phone:  (858) 509-6044
16        E-mail:  jessica.lohr@troutman.com

17        TROUTMAN SANDERS, LLP Mr.
          BY:   TIMOTHY J. ST. GEORGE, ESQUIRE
18        1001 Haxall Point
          15th Floor
19        Richmond, Virginia  23219
          Phone:  (804) 697-1200
20        E-mail:  timothy.st.george@troutman.com

21

22

23

24

25
```

**MANJITSINGH SOHAL**

1   plaintiff in this case, Diane Jones.  Let's assume that

2   the criminal record for Ms. Jones had a name of the

3   offender as Toni Taylor, like it actually has, okay, and

4   an alias name of Tina Jones, like it actually has.  You

5   told me that would place the plaintiff, Diane Jones,

6   within the population ███████ that comprise

7   interrogatory 15; is that correct?

8      A.  Yes.

9      Q.  Now let's assume that Tina Jones was not the

10   only alias on the record, that there were five aliases

11   and none of the aliases matched Diane Jones

12   letter-by-letter, character-by-character.  Would the

13   plaintiff, Diane Jones, still be within the population

14   ███████ that comprise your answer to interrogatory 15?

15      A.  As long as one of the criminal record name or

16   of the alias name had a nonmatch, it would be in that

17   list.

18      Q.  Okay.

19      A.  That's how the query is constructed.

20      Q.  I'm sorry, I didn't hear the last part of your

21   answer, sir.

22      A.  I said, that's how the query was constructed,

23   as long as any one of the names, either the criminal

24   record name or the alias names had a

25   character-by-character nonmatch, they would be in the

**MANJITSINGH SOHAL**

1    list.

2         Q.   Okay.  Now, let's assume that the scenario that

3    I gave you is that Diane Jones is the applicant, the

4    criminal name is Toni Taylor, and there are five

5    aliases, like the example I gave you before, okay,

6    except two of the aliases are Diane Jones spelled

7    character-for-character exactly like the plaintiff's

8    name, Diane Jones.  Would you consider that to be part

9    of the population within interrogatory 15 or is it

10   outside of interrogatory 15?

11        A.   It would be in included in the interrogatory

12   15.

13        Q.   Okay.  Because -- it would be included within

14   interrogatory 15?

15        A.   Correct.

16        Q.   Okay.  And are you able to run the query to --

17   in such a fashion as to see that the only people

18   included in interrogatory 15 are those people where

19   neither the name of the offender nor any of the aliases

20   on the criminal record, whether there's one alias, five

21   aliases, 10 aliases, 100 aliases, match the tenant

22   applicant character-for-character?

23             MR. ST. GEORGE:  So just to clarify, John,

24   your question has all of the aliases and none of them

25   are a character-for-character match; is that what you're

**MANJITSINGH SOHAL**

1    asking?

2                MR. SOUMILAS:  That's right.

3                MR. ST. GEORGE:  Okay.

4         A.  I would have to check.  I'm not sure.

5         Q.  Okay.  So what if we have this scenario with

6    the plaintiff, Diane Jones.  She has a criminal record

7    appearing on her background report and the name of the

8    criminal on the official record is Diane Jones.  But

9    that person has five aliases and four of the aliases are

10   Diane Jones, but one of them is Tina Jones.  You're

11   following me?

12        A.  Yes.

13        Q.  In that scenario, would that person be within

14   the population ███████ or outside of it?

15        A.  It would be in the population ███████ because

16   at least one of them had a character-by-character

17   nonmatch.  So I think you used the key word, "nor"

18   right, when you described it, you said neither the name

19   nor the aliases, that's not how you worded the

20   interrogatory, right?  And that's what made -- the "or"

21   word means any one of those would be causing an

22   inclusion ███████.

23        Q.  All right.  Well, we're going to disagree with

24   you about what that question asks for, but let me try it

25   another way.  If you wanted to identify a population

**MANJITSINGH SOHAL**

1    included a criminal record where the name of the

2    individual who was the tenant applicant and the subject

3    of the report was not a character-for-character match to

4    neither the name nor the aliases, any of the aliases.

5    So that's what we're looking for, sir.  Let me just be

6    very clear about this, we're not looking for situations

7    where the applicant's name actually matches the --

8    character-for-character the offender's name or one of

9    the alias names.  But that's not what you ran, that's

10   not the search you ran, correct?

11        A.   Not based on what you just described.

12        Q.   Okay.  And you don't know whether you could run

13   that search or not?

14        A.   No, I can't say for sure at this point.

15        Q.   Okay.  What database did you run your search on

16   to answer the question as you understood it, No. 15?

17        A.   Are you asking the name of the database?

18        Q.   Yeah, what's the name of the database?

19        A.   It's a Microsoft SQL server database.

20        Q.   Does it have a name at RealPage or is that what

21   you call it, Microsoft SQL server?

22        A.   It's got a cryptic name like, you know, some

23   characters and numbers which identify it as a server or

24   a database.

25        Q.   What format is the -- are the background