**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DIANE D. JONES, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civ. No. 3:19-cv-02087-B |
| | ) | |
| REALPAGE, INC. d/b/a LEASINGDESK SCREENING, | ) ) | |
| | ) | |
| *Defendant*. | ) | |

**DEFENDANT REALPAGE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE**

## TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................. 1

RELEVANT PROCEDURAL BACKGROUND .................................................................. 3

LEGAL STANDARD ............................................................................................................. 6

ARGUMENT .......................................................................................................................... 7

I.  PLAINTIFF WAS AWARE OF THE CORPORATE TESTIMONY OF GDS AND MARIETTA, WHICH PRECLUDES RELIEF .......................................... 7

II. REALPAGE WAS NOT OBLIGATED TO SUPPLEMENT ITS INITIAL DISCLOSURES TO INCLUDE THE SPECIFIC INDIVIDUAL WHO WOULD ACT AS THE THIRD PARTIES' CORPORATE REPRESENTATIVES ....................... 7

III. PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED BECAUSE REALPAGE'S SECOND SUPPLEMENTAL DISCLOSURES WERE TIMELY ........ 10

IV. PLAINTIFF CANNOT SHOW THAT REALPAGE'S ACTIONS WERE NOT SUBSTANTIALLY JUSTIFIED OR THAT THEY WERE HARMFUL ..................... 11

    1. There is No Prejudice in Allowing Corporate Representatives of Identified Third Parties to Participate in this Case. ................................. 12

    2. Even If Plaintiff Can Show Prejudice, the Availability of a Continuance Can Cure Any Prejudice. ...................................................... 13

    3. Testimony and Evidence from the Third Parties at Issue is Important to Both Plaintiff and RealPage. .............................................. 13

V. REALPAGE IS ENTITLED TO ITS FEES AND COSTS FOR HAVING TO OPPOSE PLAINTIFF'S MOTION TO STRIKE ........................................................... 14

CONCLUSION ..................................................................................................................... 15

## TABLE OF AUTHORITIES

Page

**Cases**

*Betzel v. State Farm Lloyds*,
    480 F.3d 704 (5th Cir. 2007) ..................................................................................................13

*Brumfield v. Hollins*,
    551 F.3d 322 (5th Cir. 2008) ..............................................................................................6, 11

*Butler v. Exxon Mobil Ref. & Supply Co.*,
    No. 07-CV-386, 2011 U.S. Dist. LEXIS 6988 (M.D. La. Jan. 25, 2011) ..........................10, 13

*Carroll v. Jaques*,
    926 F. Supp. 1282 (E.D. Tex. 1996) .......................................................................................14

*CQ, Inc. v. TXU Min. Co., L.P.*,
    565 F.3d 268 (5th Cir. 2009) ..................................................................................................12

*Crowe v. Smith*,
    261 F.3d 558 (5th Cir. 2001) ..................................................................................................14

*David v. Caterpillar, Inc.*,
    324 F.3d 851 (7th Cir. 2003) ....................................................................................................8

*De Angelis v. City of El Paso*,
    265 F. App'x 390 (5th Cir. 2008) ...........................................................................................11

*Drechsel v. Liberty Mut. Ins. Co.*,
    No. 14-CV-162, 2015 U.S. Dist. LEXIS 153336 (N.D. Tex. Nov. 12, 2015) ..........................7

*Edick v. Allegiant Air, LLC*,
    No. 11-CV-259, 2012 U.S. Dist. LEXIS 143190 (D. Nev. Oct. 3, 2012) ................................7

*Forever Green Athletic Fields, Inc. v. Babock L. Firm, LLC*,
    No. 11-CV-633, 2014 WL 4995100 (M.D. La. Oct. 7, 2014) ..................................................6

*Garrett v. Trans Union, LLC*,
    No. 04-CV-582, 2006 WL 2850499 (S.D. Ohio 2006) ............................................................9

*JMC Constr. LP v. Modular Space Corp.*,
    No. 07-CV-01925, 2008 U.S. Dist. LEXIS 121618 (N.D. Tex. Oct. 28, 2008) ......................11

*Klein v. Fed. Ins. Co.*,
    No. 03-CV-102, 2015 WL 1525109 (N.D. Tex. Apr. 6, 2015) ..............................................12

# TABLE OF AUTHORITIES
(continued)

Page

*Krawczyk v. Centurion Capital Corp.*,
   No. 06-CV-6273, 2009 U.S. Dist. LEXIS 12204 (N.D. Ill. Feb. 18, 2009) ..............................8

*Moore v. Computer Assoc. Intern.*,
   653 F. Supp. 2d 955 (D. Ariz. 2009) ..................................................................................9, 10

*Neel v. Fannie Mae*,
   No. 12-CV-311, 2014 U.S. Dist. LEXIS 45354 (S.D. Miss. Apr. 2, 2014) ...........................12

*Orchestrate HR, Inc. v. Trombetta*,
   178 F. Supp. 3d 476 (N.D. Tex. 2016) ...................................................................................14

*Positive Software Solutions, Inc. v. New Century Mortg. Corp.*,
   619 F.3d 458 (5th Cir. 2010) ..................................................................................................14

*Reed v. Iowa Marine and Repair Corp.*,
   16 F.3d 82 (5th Cir. 1994) ........................................................................................................6

*In re Stone*,
   986 F.2d 898 (5th Cir. 1993) ..................................................................................................14

*Topalian v. Ehrman*,
   3 F.3d 931 (5th Cir. 1993) ......................................................................................................15

*Zubulake v. UBS Warburg LLC*,
   220 F.R.D. 212 (S.D.N.Y. 2003) .............................................................................................9

**Statutes**

15 U.S.C. §§ 1681, et seq...............................................................................................................3

**Rules**

Fed. R. Civ. P. 26..........................................................................................................................4, 9

Fed. R. Civ. P. 26(a) ....................................................................................................................8, 11

Fed. R. Civ. P. 26(a)(1)....................................................................................................................9

Fed. R. Civ. P. 26(a)(1)(A)(i) ......................................................................................................6, 9

Fed. R. Civ. P. 26(e) ......................................................................................................................10

Fed. R. Civ. P. 26(e)(1)................................................................................................................6, 7

## TABLE OF AUTHORITIES
(continued)

Page

Fed. R. Civ. P. 26(e)(1)(A) .................................................................................................. 10

Fed. R. Civ. P. 30 ............................................................................................................... 9

Fed. R. Civ. P. 30(b)(6) .............................................................................................. 2, 8, 9

Fed. R. Civ. P. 33 ............................................................................................................... 9

Fed. R. Civ. P. 37 ............................................................................................................. 12

Fed. R. Civ. P. 37(c) ......................................................................................................... 11

Fed. R. Civ. P. 37(c)(1) ...................................................................................................... 6

**Other Authorities**

8A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE
    § 2053 (3d ed. 2008) .................................................................................................. 6

William B. Rubenstein, NEWBERG ON CLASS ACTIONS § 7:18 (5th ed. 2013) ............... 14

Defendant RealPage, Inc. ("RealPage"), by counsel, submits the following Opposition to Plaintiff Diane Jones's ("Plaintiff") Motion to Strike ("Motion," Dkt. No. 112). RealPage also requests that the Court award RealPage its fees and costs for having to oppose this baseless and unnecessary filing.

## INTRODUCTION

Plaintiff has moved to strike any testimony of corporate representatives from two third-party companies she has known about since at least August of 2019 – if not from the outset of the litigation – which she identified in her own initial disclosures, and which RealPage also identified in discovery over six months ago. Plaintiffs' request has no basis in law or fact. Indeed, by omitting from her Motion: (1) all relevant factual context; and (2) on-point authority previously identified by RealPage to Plaintiff that refutes her position, Plaintiff's Motion should not be seen as a legitimate discovery dispute but rather a sanctionable waste of the Court's limited resources. In sharp contrast, RealPage provides that context and caselaw below, which require swift denial.

Plaintiff first moves to strike any future testimony from the corporate representative from the property where she applied for housing (Marietta Road Senior High Rise). Yet, there are allegations in the Complaint regarding Plaintiff's interactions with the property and, ironically, Plaintiff even identified the same unknown "representatives" from the property in her own Initial Disclosures. She also moves to strike any future testimony of a corporate representative from the vendor from which RealPage obtained the criminal record included in Plaintiff's screening report (Genuine Data Services, LLC). That entity, too, is a core witness. And, Plaintiff also disclosed unknown "representatives" of the vendor in her Initial Disclosures, which is the same thing she challenges here by RealPage.[1] That duplicity in position is never mentioned in Plaintiff's Motion.

---

[1] Based on the nature of Plaintiff's corporate "representative" disclosure, for her own arguments to have any merit, she would have to admit that her own initial disclosures were invalid.

Plaintiff also cannot claim prejudice or surprise. RealPage also disclosed those core fact witnesses over six months ago. The property was identified in RealPage's initial disclosures in August 2019, along with the topics of its knowledge. The vendor was identified in RealPage's discovery responses in July 2019. And, RealPage also supplemented its initial disclosures in January 2020 to again identify the vendor, along with its topics of knowledge. Therefore, Plaintiff had ample opportunity to notice depositions of those two third parties under Fed. R. Civ. P. 30(b)(6), but she chose not to do so.

Even though these two entities were clearly identified by both parties to this litigation, Plaintiff's counsel insisted in early March that RealPage identify specific names of the third-parties' corporate representatives with knowledge of the disclosed topics before the class discovery cutoff or Plaintiff would move to strike those disclosures. Despite the fact that RealPage was not obligated to do so, to try to avoid a needless discovery dispute, RealPage quickly obtained that information and disclosed it to Plaintiff within the timeframe that her counsel requested. Even more, despite Plaintiff's total lack of diligence, RealPage offered to allow Plaintiff to depose those individuals at their convenience; an offer that was possible because Plaintiff's motion for class certification was not due until May 29, 2020, which was almost 90 days in the future.

Yet, Plaintiff now argues that the Initial Disclosures that identified the specific corporate witnesses should be stricken. Plaintiff's Motion should be denied for several reasons.

First, RealPage did not have any obligation to identify the specific names of disclosed corporate representatives. In the context of corporate witnesses, the law is clear – a party need only identify the company and the proposed topics on which its representative would testify, which is then sufficient for the opposing party to then take discovery from the company on the topics disclosed. In fact, that is the same practice Plaintiff herself undertook in this case with her Initial Disclosures, and it is the only practice that makes sense when dealing with third party witnesses.

Second, the corporate representatives were identified during the class discovery period based on the schedule requested by Plaintiff's counsel.

Third, due to RealPage's offer to go forward with depositions of the specific identified witnesses in advance of the forthcoming May 29, 2020 motion for class certification deadline, Plaintiff cannot claim to have suffered any harm sufficient to justify the sanction of preclusion.

Accordingly, Plaintiff's Motion should be denied, and the Court should award RealPage its fees and costs incurred in opposing this Motion.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed her Complaint against RealPage on March 6, 2019, on behalf of herself and a proposed class of consumers[2] for alleged violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681, et seq. (Dkt. No. 1.) Plaintiff alleges that RealPage violated the FCRA in connection with a screening report generated as part of her application for housing at the Marietta Road Senior High Rise Apartments ("Marietta"). (*Id.* at p. 4-5.)

On June 21, 2019, Plaintiff served a subpoena *duces tecum* to Genuine Data Services, LLC ("GDS"). As Plaintiff knew at that time, GDS is the vendor that provided the criminal record to RealPage that was subsequently included in the screening report generated by the property for Plaintiff. (*See* **Exhibit 1**, Plaintiff's Subpoena to GDS (Appendix 001-008).)

On July 15, 2019, Plaintiff identified in her initial disclosures, among others, the following entities: (1) "Representatives of any third party vendors from which Defendant obtains public records data. These vendors will have knowledge of the information available to Defendant regarding public records"; and (2) "Representatives of Interstate Realty Management, operators of Marietta Road Senior High Rise apartments. Interstate Realty has knowledge of Plaintiff Diane

---

[2] Plaintiff amended her Complaint on May 20, 2019, and again on October 11, 2019.

3

Jones's application to rent housing." (*See* **Exhibit** 2, Plaintiff's Initial Disclosures (Appendix 010).) Thus, as of July 2019, even *Plaintiff* had identified GDS and Marietta as fact witnesses.

RealPage also disclosed these fact witnesses and the topics of their knowledge. On July 18, 2019, in its responses to Plaintiff's First Set of Interrogatories, RealPage identified GDS as the entity from which RealPage had obtained the criminal record that was included in Plaintiff's screening report. (*See* **Exhibit 3**, RealPage's Responses to Plaintiff's Interrogatories, I Nos. 1-2 (Appendix 015-016).) On August 16, 2019, in its Initial Disclosures, RealPage identified "Representative(s) of Marietta Road Senior High Rise Apartments" as having relevant information about "the allegations and claimed damages by Plaintiff," as well as Plaintiff's "alleged application for housing and the report at issue in this case." (*See* **Exhibit 4**, RealPage's Initial Disclosures (Appendix 021).) On January 17, 2020, in Supplemental Initial Disclosures, RealPage identified "Corporate representative(s) of Genuine Data Services" as having relevant information about "the allegations and claimed damages by Plaintiff," including "relative to GDS's practices for collecting and suppling public records to RealPage." (*See* **Exhibit 5**, RealPage's Supplemental Initial Disclosures (Appendix 025).)

On January 23, 2020, the Court issued an Amended Scheduling Order, which is currently in effect. The Scheduling Order includes the following relevant deadlines:

- March 6, 2020 – Close of class certification fact discovery;
- May 29, 2020 – Plaintiff's renewed motion for class certification due;
- June 19, 2020 – Defendant's response to motion for class certification due; and
- July 10, 2020 – Plaintiff's reply in support of class certification due.

(Dkt. No. 100.)

On January 27, 2020, Plaintiff's counsel sent a one-paragraph letter to counsel for RealPage stating that its Initial Disclosures did not meet the requirements of Rule 26. (*See* **Exhibit 6**, letter from Plaintiff's counsel (Appendix 028).) Counsel for RealPage reached out to Plaintiff's counsel

4

to meet and confer on the issues raised in this correspondence, as it was unclear from the brief letter what exactly Plaintiff's counsel contended was insufficient. (*See* **Exhibit 7**, Declaration of Jessica Lohr ("Lohr Decl."), ¶ 3 (Appendix 029).) Over a week passed without a response from Plaintiff's counsel, and only after a further request to meet and confer by counsel for RealPage did Plaintiff's counsel make themselves available on March 3, 2020. (*Id*. at ¶ 4 (Appendix 029).)

During that meet and confer call, Plaintiff's counsel indicated that they would move to strike the Initial Disclosures unless RealPage disclosed the name of the corporate representative before the class certification fact discovery cut-off, which was three days later (March 6, 2020). (*Id*. at ¶ 5 (Appendix 030).) On the call, Plaintiff's counsel raised the potential need to take the depositions of these companies, through their representatives. (*Id*. at ¶ 6 (Appendix 030).) While Plaintiff could have issued deposition notices to these companies at any time in the prior six months – and did in fact subpoena GDS without following up in any way – RealPage's counsel pointed out that there was obviously not going to be time for Plaintiff to depose such persons before the class certification discovery cut-off. (*Id*. at ¶ 7 (Appendix 030).) Accordingly, RealPage's counsel tried to proactively find a practical solution to the issue, and the parties discussed the possibility of Plaintiff taking those two depositions after the certification discovery cutoff, including the potential of submitting a joint stipulation to the Court in that regard. (*Id*. at ¶ 8 (Appendix 030).) The Parties discussed that, given that Plaintiff's class certification motion was not due until May 29, 2020, there was plenty of time for these depositions to take place, and that the parties could agree to stipulate to an extension for that limited purpose. (*Id*. at ¶ 9 (Appendix 030).)

As a result of the meet and confer call, counsel for RealPage reached out to the third parties to obtain the names of the corporate representatives that each party would be designating on the topics identified by RealPage. (*Id*. at ¶ 10 (Appendix 030).) RealPage was then able to obtain the names of the corporate representative that GDS and Marietta currently anticipate they would use

5

in connection with any testimony on the topics identified. (*Id*. at ¶ 11 (Appendix 030).) Accordingly, on March 6, 2020, RealPage served its Second Supplemental Initial Disclosures identifying the names of the corporate representatives from the third parties. (*See* **Exhibit 8**, RealPage's Second Supplemental Initial Disclosures (Appendix 033).)

Based on the meet and confer discussions that had happened mere days prior, RealPage believed that was the end of the issue. However, Plaintiff's counsel reneged on the position taken during the meet and confer call and filed the present Motion a few days later.

## LEGAL STANDARD

Rule 26(a)(1)(A)(i) requires a party to make an initial disclosure identifying each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. Initial disclosures "are limited to the potential witnesses and the documents then known to the disclosing party." 8A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2053 (3d ed. 2008). Rule 26(e)(1) imposes a duty to supplement the initial disclosures with later-acquired information if the party learns that in some material respect the disclosure or response is incomplete or incorrect. However, a party has a duty to supplement discovery responses only if the additional information has not otherwise been made known to the other parties during the discovery process. *See Reed v. Iowa Marine and Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).

Moreover, courts will not impose the exclusionary sanctions of Rule 37(c)(1) if the failure to disclose was either "substantially justified or harmless." *Forever Green Athletic Fields, Inc. v. Babock L. Firm, LLC*, 11-CV-633, 2014 WL 4995100, at *4 (M.D. La. Oct. 7, 2014); *see also Brumfield v. Hollins*, 551 F.3d 322, 330 (5th Cir. 2008).

# ARGUMENT

## I. PLAINTIFF WAS AWARE OF THE CORPORATE TESTIMONY OF GDS AND MARIETTA, WHICH PRECLUDES RELIEF

The relief requested by Plaintiff is precluded by the basic fact that she was aware that corporate representatives from Marietta and GDS would be providing information in this case. The property was named in Plaintiff's Complaint, Plaintiff then identified both the vendor and the property in her Initial Disclosures, and Plaintiff also served a Subpoena on GDS in this case. (*See* Dkt. No. 1, Plaintiff's Complaint, p. 4-5; **Exhibit 1**, Plaintiff's Subpoena to GDS (Appendix 001-008); and **Exhibit 4**, Plaintiff's Initial Disclosures (Appendix 010).) Thus, based on Plaintiff's own disclosures, those two entities were available for discovery/testimony by either party. *See, e.g.*, *Edick v. Allegiant Air, LLC*, No. 11-CV-259, 2012 U.S. Dist. LEXIS 143190, at *7 (D. Nev. Oct. 3, 2012) (denying exclusion as to information that "plaintiff put at issue in this case").

Despite this context, Plaintiff cites to *Drechsel v. Liberty Mut. Ins. Co.*, No. 14-CV-162, 2015 U.S. Dist. LEXIS 153336 (N.D. Tex. Nov. 12, 2015). However, the analysis in *Drechsel* only supports the denial of this Motion. The *Drechsel* court held that excluding a witness was inappropriate when "the information disclosed has otherwise been made known to the other parties during the discovery process or in writing — in which case its inclusion in any supplemental or amended disclosures is, strictly speaking, unnecessary under Rule 26(e)(1)." *Id*. at *6. That is what happened here.

## II. REALPAGE WAS NOT OBLIGATED TO SUPPLEMENT ITS INITIAL DISCLOSURES TO INCLUDE THE SPECIFIC INDIVIDUAL WHO WOULD ACT AS THE THIRD PARTIES' CORPORATE REPRESENTATIVES

Even if Plaintiff had not herself disclosed corporate "representatives" of GDS and Marietta, her Motion would still lack any merit based on RealPage's repeated disclosure of those same witnesses.

Plaintiff does not claim – nor could she – that she did not have knowledge that RealPage would potentially advance testimony from GDS and Marietta in this case. Both entities were listed in RealPage's discovery responses, Initial Disclosures, and First Supplemental Disclosures. (*See* **Exhibit 3**, RealPage's Responses to Plaintiff's Interrogatories (Appendix 015-016); **Exhibit 4**, RealPage's Initial Disclosures (Appendix 021-022); **Exhibit 5**, RealPage's Supplemental Initial Disclosures (Appendix 025).)[3] That alone should be decisive.

Instead, the crux of Plaintiffs' Motion is the contention that because RealPage did not list *specific individuals* employed by those third parties until its Second Supplemental Disclosures, no representative from those companies can offer any testimony in this case. That position, however, has been squarely rejected by courts. In *Krawczyk v. Centurion Capital Corp.*, No. 06-CV-6273, 2009 U.S. Dist. LEXIS 12204, at *6 (N.D. Ill. Feb. 18, 2009), for instance, just like here, the plaintiff moved to strike declarations from two employees as the "corporate representatives" of companies previously identified in the defendant's initial disclosures. In rejecting that ploy, the Court held:

> The Court is not persuaded by Plaintiff's argument that the affidavits of Kavanagh and Fish should be stricken because they were not properly disclosed as persons with discoverable information as required by Federal Rule of Civil Procedure Rule 26(a). In their Rule 26(a) disclosures, Defendants identified "unknown representatives" of Centurion and Palisades. These disclosures adequately notified Plaintiff that Defendants might use information from company representatives to support their claims or defenses. Rule 26(a) initial disclosures are just that - preliminary disclosures - and are not intended to be a substitute for conducting the necessary discovery. Plaintiff could have filed a notice for a Rule 30(b)(6) deposition of the Centurion or Palisades representatives, but he failed to do so. Any prejudice to Plaintiff resulted from not conducting his own discovery with respect to Defendants' witnesses, not from Defendants' bad faith or willfulness in failing to specify the names of the representatives whom they intended to use.

---

[3] Both third parties were also disclosed in Rule 30(b)(6) deposition testimony of RealPage on August 9, 2019. (*See* **Exhibit 9**, Deposition Transcript of Pavithra Ramesh ("Ramesh Dep. Tr."), at 16:6-7; 17:4-18; 21:4-9; 23:14-17; and 68:24-25 (Appendix 036-040).) That is yet another reason why Plaintiff's Motion must be denied.

*Id.* at *18 (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

Similarly, in *Moore v. Computer Assoc. Intern.*, 653 F. Supp. 2d 955 (D. Ariz. 2009), the court articulated the reasoning for this same conclusion under the Federal Rules of Civil Procedure:

> Rule 26 requires a party to "provide to the other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). The text appears to support Defendant's interpretation, that is, limited to individuals and exclusive of corporate entities, an exclusion which would necessarily apply to individuals who testify on behalf of corporate entities.
>
> Moreover, Defendant's interpretation of Rule 26(a)(1) also comports with the Federal Rules' separate treatment of corporations and individuals during discovery. For example, under Federal Rules of Civil Procedure 30 and 33 ("Rules 30 and 33"), a party requesting discoverable material from a corporation need not serve a notice of deposition or interrogatory upon a particular officer or agent of the corporation, as would be required if information were being discovered from an individual. Rather, the moving party need only submit the interrogatory or deposition questions to corporate counsel and the corporation is then required to designate an agent or officer with sufficient knowledge to be deposed or to answer the interrogatory. The purpose is to reduce the burden on both parties, by not requiring the movant to guess which corporate officer or agent has the desired information and not requiring the respondent to expose all of its officers or agents to the burdens of discovery . . . . [I]t is certain that if Plaintiff had wanted to depose [the company] on these topics [in the declarations], Plaintiff could have submitted the appropriate questions within the body of the Rule 30(b)(6) deposition notice . . . . Simply because Plaintiff failed to raise these questions does not entitle Plaintiff to strike the Lester affidavit.

*Id.* at 959-60. Numerous other courts have reached this same result. *See*, *e.g.*, *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217-18 (S.D.N.Y. 2003); *Garrett v. Trans Union, LLC*, No. 04-CV-582, 2006 WL 2850499, *7 (S.D. Ohio 2006).

The authority in this regard comports with common sense, especially in the context of third parties. RealPage cannot choose (or even know) who the representative of a third-party will be on the topics identified. Instead, the identity of the person(s) whom the third-party wishes to make available as its corporate witness is a decision that rests solely with that third-party, and it is a decision that could change over time. Thus, RealPage did what it could reasonably do in this case,

and all that was required, which was to identify those entities and the topics of their knowledge.

Fundamentally, Plaintiff had full ability to depose the corporate representatives of GDS and Marietta on the topics that were set forth in RealPage's Initial Disclosures, as those two entities have been known to Plaintiff for months.  Her failure to do so during the class discovery period is an "oversight [that] falls squarely on Plaintiff."  *Moore*, 653 F. Supp. 2d at 960.

### III. PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED BECAUSE REALPAGE'S SECOND SUPPLEMENTAL DISCLOSURES WERE TIMELY

Even if the Court determines that RealPage had the legal obligation to identify the specific names of the third-party representatives of GDS and Marietta, Plaintiff's Motion should be denied because RealPage timely supplemented its disclosures to identify the names of those persons.

Fed. R. Civ. P. 26(e)(1)(A) provides that a party must supplement its initial disclosure "in a timely manner if the party learns that in some material respect the disclosure [is] incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Plaintiff's argument that the disclosure was not timely because it was made on the last day of the discovery period is not accurate or legally supported.  Plaintiff does not contest that the supplemental disclosure was made on March 6, 2020, which was within the class certification fact discovery period set by the Court.  (*See* Dkt. No. 100.)  In an analogous case, a court held that a disclosure on last day of the discovery period was timely.  *Butler v. Exxon Mobil Ref. & Supply Co.*, No. 07-CV-386, 2011 U.S. Dist. LEXIS 6988, at *4 (M.D. La. Jan. 25, 2011).  In *Butler*, the defendant supplemented its disclosure on the last day of the discovery period, following a meet and confer discussion with plaintiff's counsel a few days prior.  *Id.*  Under those facts, the court cited to Rule 26(e), and held that defendant's supplemental response was clearly made in a timely manner.  *Id.*  That is the situation here.

10

Moreover, this argument rings hollow because the delay in meeting and conferring on these topics was attributable to counsel for Plaintiff, who did not make themselves available for over a week after a request was made by counsel for RealPage to talk about their unfounded concerns. And, after learning more about those concerns, RealPage acted expeditiously.

On her end, Plaintiff cites *JMC Constr. LP v. Modular Space Corp.*, No. 07-CV-01925, 2008 U.S. Dist. LEXIS 121618 (N.D. Tex. Oct. 28, 2008). But in *JMC*, the defendant served its initial disclosures twenty-seven days *after* the discovery period had ended and more than six months after they were due. *Id*. at *9. The defendant "did not provide the required Rule 26(a) initial disclosures within the proper deadline, or even within the time period for discovery." *Id*. at *3. It was not until defendant filed a response to plaintiff's motion for summary judgment that defendant identified for the first time two fact witnesses who had never been disclosed. *Id*. at *4. That case has no relation to the facts present here.

## IV. PLAINTIFF CANNOT SHOW THAT REALPAGE'S ACTIONS WERE NOT SUBSTANTIALLY JUSTIFIED OR THAT THEY WERE HARMFUL

Exclusion under Rule 37(c) is only appropriate if the conduct of a party was *neither* substantially justified *nor* harmless. *Brumfield*, 551 F.3d at 330. Plaintiff's Motion fails both tests for attempted preclusion.

### A. RealPage's Position is Legally Correct And Thus Necessarily Substantially Justified.

For the reasons set forth in detail above, RealPage's conduct was more than substantially justified, it is objectively correct. However, at the very least, the above authority provided RealPage with ample justification for its position. *See, e.g.*, *De Angelis v. City of El Paso*, 265 F. App'x 390, 398 (5th Cir. 2008) (defining "substantially justified" to mean "if reasonable people could differ as to [the appropriateness of the contested action]"). Preclusion is not appropriate on that basis alone.

11

### B. Any Possible Technical Disclosure Violation was Harmless.

Plaintiff's motion also fails as a matter of law because she suffered no harm from RealPage's supplemental disclosures. *Klein v. Fed. Ins. Co.*, No. 03-CV-102, 2015 WL 1525109, at *3 (N.D. Tex. Apr. 6, 2015) ("'Rule 37(c)(1) . . . does not require witness preclusion for untimely disclosure if missing the deadline is harmless.'").

To determine whether an untimely disclosure is "harmless" under Rule 37, the Court considers: (1) the explanation for the party's failure to disclose the evidence; (2) the potential prejudice in allowing the evidence; (3) the availability of a continuance to cure such prejudice; and (4) the importance of the evidence. *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). With respect to the first factor, RealPage's explanation for the disclosures made and the timing of those disclosures is discussed at length above. The three other relevant factors are addressed below.

#### 1. There is No Prejudice in Allowing Corporate Representatives of Identified Third Parties to Participate in this Case.

With respect to the second factor, Plaintiff's primary concern appears to be that she will not have a chance to depose the third parties, through the identified corporate witnesses, since the names of the corporate representatives were provided on the last day of the discovery period. (*See* Motion, p. 6-7.) Plaintiff could have, of course, taken the corporate depositions of these third parties at any time throughout the class discovery period. Upon serving a 30(b)(6) notice, the third parties would have designated and put forth these same corporate representatives. Accordingly, any alleged prejudice here was suffered as a result of Plaintiff's own inaction. *See Neel v. Fannie Mae*, No. 12-CV-311, 2014 U.S. Dist. LEXIS 45354, at *9 (S.D. Miss. Apr. 2, 2014) (denying defendant's motion to strike medical records where the defendant knew they existed two months before discovery closed but chose not to subpoena them).

### 2. Even If Plaintiff Can Show Prejudice, the Availability of a Continuance Can Cure Any Prejudice.

As to the third factor, Plaintiff had every opportunity to take the third-party depositions in this case, but she chose not to. Regardless, RealPage agreed during the Parties' meet and confer discussions that it would not oppose Plaintiff taking those depositions past the March 6, 2020 class certification fact discovery cutoff. Given that Plaintiff's class certification motion is not due until May 29, 2020, there is ample time for Plaintiff to take such fact depositions without needing to move *any* future deadlines in this case.

The Fifth Circuit has "repeatedly emphasized that a continuance is the preferred means of dealing with a party's [alleged] attempt to designate a witness out of time." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007). Plaintiff does not make any argument for why the Court should not grant a limited and brief extension of the class discovery cutoff, except the claim that "granting a continuance would only allow defendant to benefit from its manipulation of the discovery rules and bad faith." (*See* Motion, p. 6.) There was not remotely any "bad faith" here, and it was Plaintiff that failed to exercise diligence. In any event, Plaintiff's argument is contrary to accepted practices within the Fifth Circuit, where cases are to be resolved on the merits. *Butler*, 2011 U.S. Dist. LEXIS 6988, *4-5 (while there was no untimely disclosure, "[t]his Court prefers that cases, to the extent possible, be resolved on the merits of the parties' claims and defenses after a full opportunity to engage in the discovery authorized by the Federal Rules of Civil Procedure. Thus, defendant's request to reopen fact discovery for the sole purpose of allowing plaintiff to depose Hermann is granted.").

### 3. Testimony and Evidence from the Third Parties at Issue is Important to Both Plaintiff and RealPage.

Finally, the fourth factor, "the importance of the evidence," weighs in favor of denying Plaintiff's Motion. Both the property and the vendor have information that is material to this case,

13

and which is important to both the claims and defenses of the Parties. That is especially true in a putative class context, where Plaintiffs are seeking substantial relief. William B. Rubenstein, NEWBERG ON CLASS ACTIONS § 7:18 (5th ed. 2013) ("The class certification decision is generally the most important aspect of a class action case."). Preventing the corporate representatives of these important third-party witnesses from offering their testimony when they have important evidence to RealPage's defense against Plaintiff's class certification for the Court to consider would not serve the ends of justice. Thus, Plaintiff's Motion should be denied.

## V. REALPAGE IS ENTITLED TO ITS FEES AND COSTS FOR HAVING TO OPPOSE PLAINTIFF'S MOTION TO STRIKE

"Federal courts have undisputed, inherent power to regulate practice in cases pending before them." *Carroll v. Jaques*, 926 F. Supp. 1282, 1288 (E.D. Tex. 1996). That includes the inherent power to issue appropriate sanctions "to control the litigation before it." *Carroll*, 926 F. Supp. at 1289; *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 482–83 (N.D. Tex. 2016) (citing *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010)). Under that inherent power, a court may levy sanctions against attorneys for "bad faith conduct in litigation." *Orchestrate HR, Inc.*, 178 F. Supp. 3d at 482–83 (citing *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) and *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001)).

As is clear from the record that is now before the Court, Plaintiff's counsel was fully aware that testimony would be needed from both GDS and Marietta from at least the Summer of 2019, and more likely, since the inception of the case. Plaintiff's opening brief displayed a startling lack of candor and factual context, and it was further devoid of any attempt to develop any authority supporting her position in the face of contrary authority already provided to her by RealPage. And, RealPage even offered multiple times, both before and after the Motion was filed, to stipulate to the Court that certain depositions could go forward, despite Plaintiff failing to take those

depositions in a timely manner.  (*See* **Exhibit 7**, Lohr Decl., ¶ 12 (Appendix 030-031).)  Thus, Plaintiff's Motion was a bad-faith attempt to exclude relevant and known testimony.

Consequently, the Court should award RealPage "the least severe sanctions adequate to accomplish the purpose for which the sanction was imposed," *Topalian v. Ehrman*, 3 F.3d 931, 938 (5th Cir. 1993), which in this case is the fees and costs RealPage incurred in responding to the meritless Motion.  RealPage will itemize its fees and costs after the hearing is completed and this request for relief is affirmed.

## CONCLUSION

For the reasons set forth above, RealPage respectfully requests that the Court: (1) deny Plaintiff's Motion to Strike in its entirety; and (2) sanction Plaintiff's counsel for the amount of fees that RealPage was forced to incur in defending the Motion, subject to further itemization by RealPage.

Dated:  April 2, 2020

By:  */s/ Jessica Lohr*

Jessica Lohr (*pro hac vice*)
**TROUTMAN SANDERS LLP**
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 509-6000
Facsimile: (858) 509-6040

*Attorneys for Defendant*
*RealPage, Inc., d/b/a LeasingDesk*
*Screening*

41834621

15