## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DIANE D. JONES, individually and on behalf of herself and all others similarly situated, | ) ) ) ) | Civ. No. 3:19-cv-02087-B |
| *Plaintiff*, | ) ) | |
| v. | ) ) | |
| REALPAGE, INC. d/b/a LEASINGDESK SCREENING, | ) ) ) | |
| *Defendant*. | ) | |

## APPENDIX TO DEFENDANT REALPAGE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

| Exhibit | Description | Beginning Page Number |
|---|---|---|
| 1 | Plaintiff's Subpoena to Genuine Data Services, LLC | 001 |
| 2 | Plaintiff's Initial Disclosures | 009 |
| 3 | RealPage's Responses to Plaintiff's Interrogatories, I Nos. 1-2 | 014 |
| 4 | RealPage's Initial Disclosures | 019 |
| 5 | RealPage's Supplemental Initial Disclosures | 025 |
| 6 | Letter from Plaintiff's Counsel (Jan. 27, 2020) | 028 |
| 7 | Declaration of Jessica Lohr | 029 |
| 8 | RealPage's Second Supplemental Initial Disclosures | 032 |
| 9 | Deposition Transcript of Pavithra Ramesh | 035 |

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

DIANE D. JONES and JAMES ARNOLD,  )
individually and on behalf of themselves and )
all others similarly situated,  )
  )
  )
  *Plaintiffs*,  )   Civ. No. 1:19-cv-501-JG
  )
  v.  )
  )
REALPAGE, INC. d/b/a LEASINGDESK  )   PLAINTIFFS' NOTICE OF INTENT TO SERVE
SCREENING,  )   SUBPOENAS AND CERTIFICATE OF SERVICE
  )
  *Defendant*.  )
  )

PLEASE TAKE NOTICE that the undersigned intends to serve the attached subpoenas

upon the Federal Trade Commission and Genuine Data Services, LLC.

The undersigned certifies that he served via this document and a copy of the

aforementioned subpoenas upon all counsel of record in this matter as outlined below:

| | |
|---|---|
| Ronald I. Raether, Jr. | Timothy J. St. George |
| Troutman Sanders LLP | Troutman Sanders LLP |
| 5 Park Plaza, Suite 1400 | 1001 Haxall Point, 15th Floor |
| Irvine, CA 92614 | Richmond, VA 23219 |
| Tel: 949-622-2700 | Tel: 804-697-1200 |
| Fax: 949-622-2739 | Fax: 804-698-6013 |
| ron.raether@troutman.com | timothy.st.george@troutman.com |

DATED:   June 21, 2019          */s/ James A. Francis*
                               **FRANCIS & MAILMAN, P.C.**
                               JAMES A. FRANCIS (*pro hac vice*)
                               JOHN SOUMILAS (*pro hac vice*)
                               LAUREN KW BRENNAN (*pro hac vice*)
                               1600 Market Street, Suite 2510
                               Philadelphia, PA 19103
                               T: 215.735.8600
                               F: 215.940.8000
                               E: jfrancis@consumerlawfirm.com
                               E: jsoumilas@consumerlawfirm.com
                               E: lbrennan@consumerlawfirm.com

**COHEN & MIZRAHI LLP**
DANIEL C. COHEN (*pro hac vice forthcoming*)
EDWARD Y. KROUB (*pro hac vice forthcoming*)
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
T: 929/575-4175
F: 929/575-4195
E: dan@cml.legal
E: edward@cml.legal

**O'TOOLE, McLAUGHLIN, DOOLEY
& PECORA, CO., LPA**
Matthew A. Dooley (Ohio #0081482)
Stephen M. Bosak (Ohio #0092443)
5455 Detroit Road
Sheffield Village, Ohio 44054
T: (440) 930-4001
F: (440) 934-7208
E: apecora@omdplaw.com
E: sbosak@omdplaw.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| Diane D. Jones, James Arnold, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:19CV00501 |
| RealPage, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Genuine Data Services, LLC, 12770 Colt Road, Dallas, TX 75251

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment A

| Place: Francis & Mailman, P.C. | Date and Time: |
|---|---|
| 1600 Market Street, Suite 2510 Philadelphia, PA 19103 | 07/09/2019 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/21/2019

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Diane D. Jones,
James Arnold, Plaintiffs                                        , who issues or requests this subpoena, are:

James A. Francis, Francis & Mailman, P.C., 1600 Market St., Suite 2510, Philadelphia, PA 19103; (215) 735-8600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Appendix 003

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:19CV00501

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Appendix 004

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Appendix 005

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS.

The following definitions and instructions apply:

A.      "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, including electronically stored data, and specifically includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; telegrams; cables; facsimiles; memoranda; records, books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printout and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

B.      The terms "GDS," "you" and "your" are used to refer to Genuine Data Services, LLC.

C.      The term "RealPage" refers to RealPage, Inc., d/b/a Leasing Desk Screening.

D.      The term "Jones" refers to Diane D. Jones, a plaintiff in the case of *Jones and Arnold v. RealPage, Inc., d/b/a Leasing Desk Screening*, Civ. No. 19-cv-501-JG (N.D. Ohio).

E.      The term "Arnold" refers to James Arnold, a plaintiff in the case of *Jones and Arnold v. RealPage, Inc., d/b/a Leasing Desk Screening*, Civ. No. 19-cv-501-JG (N.D. Ohio).

F.      The term "Relevant Time Period" means the period of time from May 20, 2014 through the date of your response to this subpoena.

## DOCUMENTS

1.      Any and all documents relating to contracts between you and RealPage for providing public record information during the Relevant Time Period.

2.      Any and all documents relating to your policies, procedures and business practices regarding your relationship with RealPage.

3.      All documents identifying the total number of criminal records you have sold to RealPage in each calendar year from 2013 to the present.

4.      All documents identifying the total number of Ohio criminal records you have sold to RealPage in each calendar year from 2013 to the present.

5.      All documents relating to your business relationship with RealPage with respect to ensuring the accuracy of the information you provide to RealPage and which RealPage includes on report about consumers, including but not limited to procedures when a consumer disputes the accuracy or completeness of information on a report that RealPage obtained from you.

6.      Any and all documents relating to communications between you and RealPage concerning Jones.

7.      Any and all documents relating to communications between you and RealPage concerning Arnold.

8.      All communications with RealPage or its counsel related to this case.

Appendix 007

9.    Any and all documents provided by you to the Federal Trade Commission concerning RealPage.

# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

DIANE D. JONES and JAMES ARNOLD, )
individually and on behalf of themselves and )   Civ. No. 1:19-cv-501-JG
all others similarly situated, )
                            )
      *Plaintiffs*,           )   **PLAINTIFF'S INITIAL DISCLOSURES**
                            )
v.                             )
                            )
REALPAGE, INC. d/b/a LEASINGDESK )
SCREENING,                  )
                            )
     *Defendant*.

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs state as follows:

     **A.**    **Knowledgeable Persons**.  The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would solely be for impeachment.

     1.    Diane D. Jones, c/o Francis & Mailman, P.C., 1600 Market Street, Suite 2510, Philadelphia, PA 19103, T: (215) 735-8600.  Ms. Jones has knowledge of her claims in this matter, her application to rent housing from Marietta Road Senior High Rise Apartments, operated by Interstate Real Estate Management, and her request for her file from Defendant.

     2.    James Arnold, c/o Francis & Mailman, P.C., 1600 Market Street, Suite 2510, Philadelphia, PA 19103, T: (215) 735-8600.  Mr. Arnold has knowledge of his claims in this matter, his applications to rent housing from the San Juan in Montrose and Anciano, a property managed by Foundation Property.

     3.    Representatives of Defendant RealPage, Inc.  Defendant's representatives

will have knowledge of Defendant's policies and procedures for obtaining public record information, compiling consumer reports, and disclosing information to consumers upon request, and about Defendant's actions with respect to Plaintiffs, including its sale of data to third parties, and its interactions directly with Plaintiffs.

4.      Representatives of any third party vendors from which Defendant obtains public records data.  These vendors will have knowledge of the information available to Defendant regarding public records.

5.      Representatives of Interstate Realty Management, operators of Marietta Road Senior High Rise apartments.  Interstate Realty has knowledge of Plaintiff Diane Jones's application to rent housing.

6.      Representatives of the San Juan in Montrose.  The San Juan has knowledge of Plaintiff James Arnold's application to rent housing

7.      Representatives of Foundation Property, managers of Anciano, a complex of rental homes.  Foundation Property has knowledge of Plaintiff James Arnold's application to rent housing

8.      All persons identified by Defendant in its Initial Disclosures.

These individuals have information and knowledge of the allegations contained within Plaintiffs' Class Action Complaint, Defendant's practice of obtaining and selling public records on consumer reports, Defendant's practice for disclosing information to consumers, and the public record information available to Defendant.

**B.      Documents**.  A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Appendix 010

Without waiving any objections, Plaintiff identifies the following documents:

• Documents relating to Plaintiff Diane Jones's application for housing through Interstate Realty Management, operators of Marietta Road Senior High Rise apartments.

• Documents relating to Plaintiff James Arnold's application for housing at the San Juan in Montrose.

• Documents relating to Plaintiff James Arnold's application for housing through Foundation Property, managers of Anciano.

• Documents related to the criminal records incorrectly alleged by Defendant to be matched to Plaintiffs.

• Documents relating to Plaintiff's request for a copy of his file from Defendant. [???]

Plaintiff reserves the right to identify and use additional categories of documents if, during the course of discovery and investigation concerning this litigation, Plaintiff learns that such additional documents may be relevant.

**C.     Damages**. A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Under the Fair Credit Reporting Act, Plaintiffs seek that an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Class; that judgment be entered for Plaintiffs and the Classes against Defendant for statutory, actual, and punitive damages, pursuant to 15 U.S.C. § 1681n; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n, 1681o; and that the Court grant such other and further relief as may be just and proper.   There is no "computation" for the statutory damages at issue in this case, other than their valuation by a jury.

Appendix 011

No computation of actual or punitive damages can be made without further discovery.

      **D.**    **Insurance**. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

      Not applicable.

      As investigation and discovery in this matter is ongoing, Plaintiff reserves the right to supplement these disclosures pursuant to the requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure, if necessary.

Dated: July 15, 2019

BY:   */s/ John Soumilas*
**FRANCIS & MAILMAN, P.C.**
JAMES A. FRANCIS (*pro hac vice*)
JOHN SOUMILAS (*pro hac vice*)
LAUREN KW BRENNAN (*pro hac vice*)
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215.735.8600
F: 215.940.8000
E: jfrancis@consumerlawfirm.com
E: jsoumilas@consumerlawfirm.com
E: lbrennan@consumerlawfirm.com

**COHEN & MIZRAHI LLP**
DANIEL C. COHEN (*pro hac vice forthcoming*)
EDWARD Y. KROUB (*pro hac vice forthcoming*)
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
T:  929/575-4175
F: 929/575-4195
E: dan@cml.legal
E: edward@cml.legal

**O'TOOLE, McLAUGHLIN, DOOLEY
& PECORA, CO., LPA**
Matthew A. Dooley (Ohio #0081482)
Stephen M. Bosak (Ohio #0092443)
5455 Detroit Road
Sheffield Village, Ohio 44054
T: (440) 930-4001
F: (440) 934-7208
E: apecora@omdplaw.com
E: sbosak@omdplaw.com

5

# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **DIANE D. JONES and JAMES ARNOLD,** | |
| Plaintiffs, | Case No. 1:19-cv-501-JG |
| | **DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF JONES' FIRST SET OF INTERROGATORIES** |
| v. | District Court Judge James S. Gwin |
| **REALPAGE, INC. d/b/a LEASINGDESK SCREENING,** | Magistrate Judge William H. Baughman |
| Defendant. | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF JONES' FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant RealPage, Inc. d/b/a LeasingDesk Screening, ("RealPage" or "Defendant") objects and responds to Plaintiff Diane D. Jones' ("Plaintiff") First Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

Defendant has not yet completed its investigation of the facts relating to this action, has not yet completed its discovery, and has not yet completed its preparation for trial. Consequently, the following responses are provided without prejudice to Defendant's right to introduce, at the time of trial or other proceedings, subsequently discovered information relating to the proof of presently known material facts and to introduce all information, whenever discovered, relating to

1

Appendix 014

the proof of subsequently discovered material facts. However, Defendant does not assume any duty of ongoing amendment to these responses.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

RealPage objects to the definition of "Defendant/You/Your" insofar as it includes any "agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or others connected by legal relationship, in the broadest sense." This definition is vague, ambiguous, and woefully overly broad and unduly burdensome, given that it would encompass third parties or entities, whose information and/or documents are not within RealPage's possession, custody, or control, or whose information has no relevance or bearing on the claims or defenses at issue in this matter.

## RESPONSES TO INTERROGATORIES

1.      Identify all entities, public or private, from which you have obtained any of the criminal record information that you sell about consumers, from March 6, 2014 to the present.

**ANSWER:**  RealPage objects to this Interrogatory as vague, ambiguous, and overbroad, including because it is not limited to the specific claims or the tenant screening reports at issue in this action.

Subject to and without waiving any objections, RealPage obtains criminal record information from publicly available sources.  The criminal record information contained in the relevant tenant screening reports was obtained from the Maryland Department of Corrections, the Nevada Department of Corrections, and the Georgia Corrections Supplemental.  This information was accurately retrieved by a reputable vendor, Genuine Data Services, LLC, and thereafter provided to RealPage.

Appendix 015

2.      Identify the entity or entities, public or private, from which you obtained the criminal record information appearing on the consumer report you sold about Plaintiff Jones on or about August 28, 2017.

**ANSWER:** RealPage objects to this Interrogatory as vague and ambiguous, including with respect to the phrase "consumer report you sold."

Subject to and without waiving any objections, RealPage obtains criminal record information from publicly available sources.  The criminal record information contained in the relevant tenant screening report was obtained from the Georgia Corrections Supplemental.  This information was accurately retrieved by a reputable vendor, Genuine Data Services, LLC and thereafter provided to RealPage.

3.      How much did you charge for the consumer report that you sold about Plaintiff Jones to Interstate Realty Management/Marietta Road?

**ANSWER:**  RealPage objects to the Interrogatory as not relevant because the amount RealPage charges for consumer reports has no bearing on the claims or defenses asserted in this action.  RealPage objects to this Interrogatory on the basis that it calls for trade secret, confidential business, financial, commercial or proprietary information.

4.      State the cost to you of obtaining the Fulton County, Georgia criminal record information appearing on the consumer report you sold about Plaintiff Jones on or about August 28, 2017.

**ANSWER:**  RealPage objects to this Interrogatory as vague and ambiguous, specifically with respect to the undefined terms "cost" and "criminal record information."  RealPage objects

Appendix 016

Plaintiffs' screening reports, including with respect to any changes made "since the filing of this lawsuit."

Dated: July 18, 2019    By:*/s/ Timothy St. George*     

           Ronald I. Raether, Jr.
           **Troutman Sanders LLP**
           5 Park Plaza, Suite 1400
           Irvine, CA 92614
           Tel: (949) 622-2700
           Fax: (949) 622-2739

           Timothy St. George (pro hac vice)
           **Troutman Sanders LLP**
           1001 Haxall Point
           Richmond, Virginia 23219
           Telephone: (804) 697-1200
           Facsimile: (804) 698-1339

           Attorneys for Defendant
           RealPage, Inc.

Appendix 017

## **VERIFICATION**

I, James Hilliard, state that I have read the foregoing RealPage, Inc.'s Responses to Plaintiff Jones' First Set of Interrogatories ("Responses"), and that while I do not have personal knowledge of all of the facts recited in these Responses, the information contained has been collected and made available to me by others, and these Responses are true to the best of my knowledge, information, and belief based upon the information made available to me; and that these Responses are verified on behalf of RealPage, Inc. in this litigation.

Executed on July __17__, 2019

_____

James Hilliard

11

Appendix 018

# Exhibit 4

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DIANE D. JONES and JAMES ARNOLD,** **on behalf of themselves** **and all others similarly situated,** | |
| Plaintiff, | Case No. 1:19-cv-501-JG |
| v. | |
| **REALPAGE, INC. d/b/a LEASINGDESK** **SCREENING,** | District Court Judge James S. Gwin |
| Defendant. | Magistrate Judge William H. Baughman |

## DEFENDANT REALPAGE, INC.'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), and this Court's policies and procedures, Defendant RealPage, Inc., incorrectly identified as RealPage, Inc. d/b/a LeasingDesk Screening ("RealPage"), provides the following Initial Disclosures to Plaintiffs, Diane D. Jones and James Arnold ("Plaintiffs").

While RealPage has made reasonable efforts under the circumstances to identify and locate witnesses, responsive documents, and information, RealPage reserves the right to identify further witnesses and to produce documents that are subsequently located at a later date. RealPage has not completed its investigation of the facts, witnesses, or documents relating to this case, has not completed discovery, has not completed an analysis of available data, and has not completed

preparation for trial. Accordingly, the following disclosures are made without waiving the rights of RealPage to supplement the disclosures to include information that has been subsequently discovered or omitted through inadvertence or good faith oversight.

By making these disclosures, RealPage does not represent that it is identifying every witness, document or tangible thing that it may use to support their case. Rather, the disclosures of RealPage represent a good faith effort to identify discoverable information it currently reasonably believes may be used to support its claims or defenses as required by Federal Rule of Civil Procedure 26(a)(1). These disclosures do not include information that may be used solely for impeachment purposes.

The disclosures of RealPage are made without waiving, in any way:  (1) any claim of privilege or work product; (2) the right to object on the grounds of competency, relevancy and materiality, hearsay, or any other proper ground, to the use of any such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (3) the right to object on any and all grounds, at any time, to any discovery request or proceeding involving or relating to the subject matter of these disclosures.

Finally, these disclosures do not identify or otherwise include information concerning experts, as that subject is not covered by Federal Rule of Civil Procedure 26(a)(1).

## I.   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT DEFENDANTS MAY USE TO SUPPORT THEIR DEFENSES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) and based on the information reasonably available to RealPage at this time and subject to further investigation of the case, RealPage: (a) describes the individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses (unless solely for impeachment); and (b) identifies the subject of the information. The following list should not be construed as a final witness list,

Appendix 020

and RealPage reserves the right to supplement or amend this disclosure upon further investigation and discovery in this case. Accordingly, RealPage identifies the following individuals:

1.     Plaintiffs have knowledge of the claims and alleged damages set forth in the First Amended Complaint. On information and belief, Plaintiffs' addresses and telephone numbers are as follows:

(a)     Plaintiff Jones – Address: 22709 Lakeshore Blvd., Apt. 250C, Euclid, OH 44123; Phone: 216-640-5419

(b)     Plaintiff Arnold – Address: 227 N. Ute Avenue, Apt. 12 G, Montrose, CO 81401; Phone: 970-417-1242

2.     Employees of RealPage (including those involved in handling any data about Plaintiff) may have information or knowledge relating to the allegations and claimed damages set forth in Plaintiffs' First Amended Complaint, the preparation of the reports at issue in this case, the general operation of RealPage, and the authenticity of any documents produced by RealPage. RealPage identifies James Hilliard, Becky Boyst, Pavithra Ramesh, and Lee Castiglione as its corporate representatives, who may only be contacted through RealPage's counsel in this matter.

3.     Representative(s) of Marietta Road Senior High Rise apartments ("Marietta") are likely to have information or knowledge related to the allegations and claimed damages by Plaintiff Jones in the First Amended Complaint, including relative to Plaintiff Jones' alleged application for housing and the report at issue in this case. The representative(s)' addresses and telephone numbers are unknown at this time;

4.     Representative(s) of the San Juan apartments ("San Juan") are likely to have information or knowledge related to the allegations and claimed damages by Plaintiff Arnold in the First Amended Complaint, including relative to Plaintiff Arnold's alleged application for housing and the report at issue in this case. The representative(s)' addresses and telephone numbers are unknown at this time;

Appendix 021

5.      Representative(s) of the Anciano Tower apartments ("Anciano") are likely to have information or knowledge related to the allegations and claimed damages by Plaintiff Arnold in the First Amended Complaint, including relative to Plaintiff Arnold's alleged application for housing and the report at issue in this case. The representative(s)' addresses and telephone numbers are unknown at this time;

6.      Certain individuals identified in documents produced by Plaintiffs, RealPage; and third parties may have information or knowledge related to the allegations and claimed damages set forth in Plaintiffs' First Amended Complaint;

7.      Other third parties may have information or knowledge of Plaintiff's allegations and claimed damages, as well as the authenticity of any documents produced, the identity of whom may be obtained through discovery;

8.      Certain persons identified by Plaintiffs in their Rule 26(a)(1) Initial Disclosures may have information or knowledge related to the allegations and claimed damages set forth in Plaintiffs' First Amended Complaint;

9.      Any person necessary for rebuttal or impeachment;

10.     Any person deposed by any party to this action;

11.     RealPage reserves the right to add additional witnesses as they become known through the course of discovery; and

12.     RealPage further reserves the right to supplement these disclosures upon receiving additional information concerning the nature of Plaintiffs' claims and alleged damages.

## II.     DOCUMENTS DEFENDANTS MAY USE TO SUPPORT THEIR DEFENSES

Based on the information reasonably available to RealPage at this time, pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), the documents that RealPage may use to support their

- 4 -

Appendix 022

defenses consist of certain documents concerning the furnishing of information to Marietta, the San Juan, and Anciano relating to Plaintiffs. These documents are located in RealPage's offices in Texas. These documents consist of the following:

- Documents consisting of and relating to the screening reports at issue in this case;

- Communications, and internal records indicating communications, with Plaintiffs relating to disputes submitted and their requests for a copy of their consumer file;

- Internal records relating to Plaintiffs' disputes and their requests for a copy of their consumer file;

- Documents relating to the retrieval and use of public record information; and

- Certain of RealPage's final, confidential, and proprietary policies and procedures relating to their compliance with relevant sections of the FCRA.

RealPage also may rely on documents, data, compilations and tangible things that are produced by Plaintiffs in support of their First Amended Complaint, including those produced as part of any Rule 26(a)(1) Initial Disclosures or in response to any Requests for Production of Documents, or that are produced in response to any subpoena *duces tecum* issued in this case, including any subpoena to Marietta, the San Juan, and/or Anciano. This identification of documents does not waive any privilege that may apply to those documents or any such documents which are inadvertently produced as part of these disclosures. RealPage reserves the right to supplement its disclosures.

### III.    COMPUTATION OF DAMAGES

RealPage does not seek any damages at this time, but it reserves the right to do so. Further, RealPage denies liability to Plaintiffs for any damages.

Appendix 023

## IV.    INSURANCE PAYMENTS

RealPage states that its has not identified any insurance agreement implicated by this action at this stage of the proceedings.  RealPage further refers Plaintiff to the documents produced in this case.

Dated: August 16, 2019                          TROUTMAN SANDERS LLP

                                     By:        */s/ Ronald I. Raether*
                                                Ronald I. Raether (Bar No. 0067731)
                                                5 Park Plaza, Suite 1400
                                                Irvine, California 92614
                                                Tel: (949) 622-2700
                                                Fax: (949) 622-2739
                                                Ron.Raether@troutman.com

                                                Timothy St. George (*pro hac vice*)
                                                1001 Haxall Point
                                                Richmond, Virginia 23219
                                                Telephone: (804) 697-1200
                                                Facsimile: (804) 698-1339
                                                Tim.st.george@troutman.com

                                                Jessica R. Lohr (*pro hac vice*)
                                                11682 El Camino Real, Suite 400
                                                San Diego, California 92130
                                                Tel: (858) 509-6044
                                                Fax: (858) 509-6040
                                                Jessica.lohr@troutman.com

                                                *Attorneys for Defendant*
                                                *RealPage Inc., d/b/a LeasingDesk Screening*

Appendix 024

# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **DIANE D. JONES,** | |
| Plaintiff, | Case No. 3:19-cv-02087-B |
| v. | |
| **REALPAGE, INC. d/b/a LEASINGDESK SCREENING,** | |
| Defendant. | |

## DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant RealPage, Inc., incorrectly identified as RealPage, Inc. d/b/a LeasingDesk Screening ("RealPage"), provides the following Supplemental Initial Disclosures to Plaintiff Diane D. Jones ("Plaintiff").

**I.     INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT DEFENDANT MAY USE TO SUPPORT ITS DEFENSES**

RealPage supplements its initial disclosures to identify the following persons:

1.     Manjit Sohal, a current employee of RealPage, as its corporate representative, who may only be contacted through RealPage's counsel in this matter.

2.     Corporate representative(s) of Genuine Data Services, LLC ("GDS") are likely to have information or knowledge related to the allegations and claimed damages by Plaintiff in the Second Amended Complaint, including relative to GDS's practices for collecting and supplying public records to RealPage.  The representative(s)' addresses and telephone numbers are unknown at this time.

Dated: January 17, 2020                     TROUTMAN SANDERS LLP

By:     */s/ Ronald I. Raether*
        Ronald I. Raether (Bar No. 0067731)
        5 Park Plaza, Suite 1400
        Irvine, California 92614
        Tel: (949) 622-2700
        Fax: (949) 622-2739
        Ron.Raether@troutman.com

        *Attorneys for Defendant*
        *RealPage Inc., d/b/a LeasingDesk Screening*

Appendix 026

## <u>CERTIFICATE OF SERVICE</u>

I declare under penalty of perjury that a copy of the foregoing Defendants' Supplemental

Initial Disclosures was mailed today with postage prepaid to:

> James A. Francis
> John Soumilas
> Lauren K.W. Brennan
> Francis and Mailman, P.C.
> 1600 Market Street, 25th Floor
> Philadelphia, PA 19103

Date: January 17, 2020                    /s/ *Ronald I. Raether*
                                          Ronald I. Raether

Appendix 027

# Exhibit 6



**FRANCIS·MAILMAN·SOUMILAS**
CONSUMER LAW FIRM                                   P.C.

January 27, 2020

**Via Electronic Mail**

Ronald I. Raether
Troutman Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614

Re:   *Jones v. RealPage, Inc.*, No. 3:19-cv-02087-B (N.D. Tex.)

Ron:

We are in receipt of Defendant's Supplemental Initial Disclosures, dated January 17, 2020. Although the document identifies Manjit Sohal and an unidentified corporate representative of Genuine Data Services, LLC, the disclosure does not meet the requirements of Fed. R. Civ. P. 26(a)(1)(A)(i): "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information ...." As such, the supplemental disclosure does not meet the purposes of the Federal Rule, and Plaintiff seeks information required by the Rule so that she can take discovery from these witnesses, as may be appropriate. If we do not receive a complete disclosure as required by Rule 26, we cannot properly take discovery, and thus we will seek to preclude Defendant from using improperly disclosed persons in its defense of this case.

Sincerely,

John Soumilas

cc:   Timothy J. St. George
      Jessica Lohr
      Virginia Bell Flynn

1600 MARKET STREET | SUITE 2510 | PHILADELPHIA, PA 19103
P 215.735.8600 | F 215.940.8000
WWW.CONSUMERLAWFIRM.COM | WWW.CREDITREPORTPROBLEMS.COM

# Exhibit 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DIANE D. JONES, individually and on behalf of herself and all others similarly situated, | ) ) ) | Civ. No. 3:19-cv-02087-B |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REALPAGE, INC. d/b/a LEASINGDESK SCREENING, | ) ) | |
| | ) | |
| *Defendant*. | | |

### DECLARATION OF JESSICA LOHR IN SUPPORT OF REALPAGE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

I, Jessica Lohr, the undersigned, hereby declare:

1.       I am admitted *pro hac vice* to the United States District Court for the Northern District of Texas.  I am a member in good standing of the State Bar of California, an attorney in the law firm of Troutman Sanders, LLP, and counsel for defendant RealPage, Inc. ("RealPage") in the above captioned matter.

2.       I submit this declaration in support of RealPage's Opposition to Plaintiff's Motion to Strike.

3.       After receiving Plaintiff's meet and confer letter regarding RealPage's initial disclosures, on February 19, 2019, I reached out to Plaintiff's counsel to meet and confer on the issues raised in the correspondence, as it was unclear from the brief letter what exactly Plaintiff's counsel contended was insufficient.

4.       Over a week passed without a response from Plaintiff's counsel, and only after I further requested a meet and confer did Plaintiff's counsel make themselves available on March 3, 2020.

41937928

5.      During that March 3, 2020 meet and confer call, Plaintiff's counsel, Lauren Brennan, indicated that Plaintiff would move to strike the Initial Disclosures unless RealPage disclosed the name of the corporate representative before the class certification fact discovery cut-off, which was three days later (March 6, 2020).

6.      On the call, Ms. Brennan raised the potential need to take the depositions of these companies, through their representatives.

7.      I pointed out that there was obviously not going to be time for Plaintiff to depose such persons before the class certification discovery cut-off, which was only days later.

8.      Ms. Brennan and I discussed the possibility of Plaintiff taking the depositions of the third parties at issue after the certification discovery cutoff, including the potential of submitting a joint stipulation to the Court in that regard.

9.      Ms. Brennan and I also discussed that, given that Plaintiff's class certification motion was not due until May 29, 2020, there was plenty of time for these depositions to take place, and that the parties could agree to stipulate to an extension for that limited purpose.

10.     As a result of the meet and confer call, I reached out to the third parties to obtain the names of the corporate representatives that each party would be designating on the topics identified by RealPage.

11.     I was then able to obtain the names of the corporate representatives that the third parties currently anticipated they would use in connection with any testimony on the topics identified.

12.     After the Motion was filed, on March 23, 2020, my colleague Timothy St. George reached out to Plaintiff's counsel to request that Plaintiff withdraw the Motion to Strike.  In this correspondence, RealPage's counsel offered again that it would consent to Plaintiff taking

41937928

additional discovery as to these third parties if needed, even though the class certification discovery cut-off had passed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 2, 2020, at San Diego, California.

*/s/ Jessica Lohr*
Jessica Lohr

41937928

Appendix 031

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DIANE D. JONES,** | |
| Plaintiff, | Case No. 3:19-cv-02087-B |
| v. | |
| **REALPAGE, INC. d/b/a LEASINGDESK SCREENING,** | |
| Defendant. | |

**DEFENDANT'S SECOND SUPPLEMENTAL INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant RealPage, Inc., incorrectly identified as RealPage, Inc. d/b/a LeasingDesk Screening ("RealPage"), provides the following Second Supplemental Initial Disclosures to Plaintiff Diane D. Jones ("Plaintiff").

**I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT DEFENDANT MAY USE TO SUPPORT ITS DEFENSES**

RealPage supplements its initial disclosures to identify the following persons:

1.    Kevin Cook, the Regional Property Manager for The Michaels Organization ("TMO"), which is the property management company that manages the Marietta Road Apartments ("Marietta"), is likely to have information or knowledge related to the allegations and claimed damages by Plaintiff in the First Amended Complaint, including relative to Plaintiff Jones' application for housing at Marietta and the report at issue in this case.  Mr. Cook resides in Atlanta, Georgia and can be contacted by email at kcook@tmo.com or by phone at (404) 516-3512.

2.    Jessica Jordan, the corporate representative of Genuine Data Services, LLC ("GDS") is likely to have information or knowledge related to the allegations and claimed damages

by Plaintiff in the Second Amended Complaint, including relative to GDS's practices for collecting and supplying public records to RealPage.  Ms. Jordan resides in Lexington County, South Carolina and can only be contacted through counsel: John Papianou at Montgomery McCracken Walker & Rhoads LLP, (215) 772-7389, jpapianou@mmwr.com.


Dated: March 6, 2020                        TROUTMAN SANDERS LLP

                                            By:     */s/ Jessica R. Lohr*
                                                    Jessica R. Lohr (CA Bar No. 302348)
                                                    11682 El Camino Real, Suite 400
                                                    San Diego, California 92130
                                                    Tel: (858) 509-6044
                                                    Fax: (858) 509-6040
                                                    Jessica.lohr@troutman.com

                                                    *Attorneys for Defendant*
                                                    *RealPage Inc., d/b/a LeasingDesk Screening*

- 2 -

Appendix 033

## <u>CERTIFICATE OF SERVICE</u>

I declare under penalty of perjury that a copy of the foregoing Defendants' Second

Supplemental Initial Disclosures was sent by electronic mail and by U.S. Mail today, with

postage prepaid to:

> James A. Francis
> John Soumilas
> Lauren K.W. Brennan
> Francis and Mailman, P.C.
> 1600 Market Street, 25th Floor
> Philadelphia, PA 19103

Date: March 6, 2020                              /s/ *Jessica R. Lohr*
                                                 Jessica R. Lohr

Appendix 034

# Exhibit 8

```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF OHIO


DIANE D. JONES and                :
JAMES ARNOLD, individually        :
and on behalf of                  :
themselves and all others         :
similarly situated,               :
                                  :
                Plaintiffs,       :
                                  :
v.                                :  Case No. 1:19-cv-501-JG
                                  :
REALPAGE, INC., d/b/a             :
LeasingDesk SCREENING,            :
                                  :
                Defendant.        :
```

    VIDEOTAPED AND ORAL DEPOSITION OF PAVITHRA RAMESH,

produced as a witness at the instance of the Plaintiffs,

and duly sworn, was taken in the above-styled and

-numbered cause on August 9, 2019, from 11:05 a.m. to

3:49 p.m., before Christine Simons, CSR in and for the

State of Texas, reported by machine shorthand, at

RealPage, Inc., 2201 Lakeside Boulevard, Richardson,

Texas, 75082, pursuant to the Federal Rules of Civil

Procedure.




               SUMMIT COURT REPORTING, INC.
          Certified Court Reporters and Videographers
               1500 Walnut Street, Suite 1610
               Philadelphia, Pennsylvania 19102
          424 Fleming Pike, Hammonton, New Jersey 08037
          (215) 985-2400 * (609) 567-3315 * (800) 447-8648
                    www.summitreporting.com

**PAVITHRA RAMESH**

1   understanding of what their process is and what

2   RealPage's process is.

3       Q.   All right.   So you've mentioned the word

4   "vendors" multiple times, who do you mean when you use

5   that term?

6       A.   For criminal bulk data, we use Genuine Data

7   Services, and we also have out-of-network searches with

8   backgroundchecks.com, and for landlord/tenant data, we

9   have LexisNexis.

10      Q.   So these are private companies that sell

11  information about public records to RealPage?

12      A.   I don't know if they're private, but yes, they

13  are companies that sell public records, criminal and

14  landlord/tenant, to RealPage.

15      Q.   And am I correct that the basic part of the

16  business is that RealPage investigates and does

17  background reports on tenant applicants and tries to

18  determine whether any of those applicants have a

19  criminal background or some eviction-type record with --

20  with a prior landlord?

21           MR. RAETHER:   Objection, vague and

22  ambiguous.

23      A.   We provide a comprehensive screening report

24  based on the property's criteria, so criminal and

25  landlord/tenant could be included if the property wants

**PAVITHRA RAMESH**

1  it.  We also do rental history and credit checks, so it

2  depends on what the property has said and asked for.

3      Q.  Okay.  That's helpful.

4          With respect to Genuine Data Services, you

5  said that RealPage acquires bulk criminal data is I

6  believe what you called it; is that correct?

7      A.  That is correct, yes.

8      Q.  Could you pinpoint what bulk criminal data is?

9      A.  For sure.  So Genuine Data Services gathers

10  public records information across different

11  jurisdictions and provides it to us in a regular

12  cadence, it provides updates to us in a regular cadence

13  as a file, which we then maintain in our severs, SQL

14  severs, which is what we call bulk data.  It makes

15  searching easier and instantaneous.

16      Q.  And am I correct that Genuine Data Services

17  focuses on criminal records?

18      A.  Yes.

19      Q.  What does backgroundchecks.com focus on?

20      A.  They also focus on criminal records, but they

21  focus on county-level criminal records, things that we

22  cannot get in the bulk data, either because it's not

23  readily available or there's reasons why the

24  jurisdiction cannot provide it to the bulk.  So in those

25  cases, they send a court runner to gather the

**PAVITHRA RAMESH**

1              THE REPORTER:  I didn't hear the end of the

2    question.  Could you restate that?

3              MR. SOUMILAS:  Yes.

4         Q.  As part of the contractual relationship between

5    Genuine Data Services and RealPage, do you know whether

6    Genuine Data Services is required to go out and acquire

7    the complete court record for any crime to deliver it as

8    part of these bulk deliveries of data to RealPage?

9         A.  Yes, they are.

10        Q.  So let's just make sure I understand your

11   testimony in that regard, and to help with that, I want

12   to show you a document, which we'll mark as Ramesh 3 for

13   purposes of today's proceedings.  It has Bates numbers

14   RealPage Jones 1 through 3.

15              (Exhibit No. 3 marked.)

16              THE REPORTER:  I have it marked.

17        Q.  Okay.  Ms. Ramesh, have you seen this document

18   before?

19        A.  I have.

20        Q.  What is it?

21        A.  Say that again?  Sorry.

22        Q.  What is it?

23        A.  Yesterday.

24        Q.  I'm sorry.  So what is this document, could you

25   identify it for the record, please?

**PAVITHRA RAMESH**

1        Q.   And that is because RealPage, you know, daily

2   uses Genuine Data Services to acquire bulk criminal data

3   you said?

4        A.   That is correct, yes.

5        Q.   (Inaudible.)

6        A.   Sorry, could you repeat that?

7        Q.   I'm sorry?

8        A.   Could you repeat -- could you repeat that,

9   please?

10       Q.   (Inaudible) as the vendor source for this

11   information?

12            THE REPORTER:  The first part cut out

13   again.

14       Q.   I'm sorry, I'll try again.  Is there anything

15   unusual about the fact that we see Genuine Data Services

16   as the vendor source for this information?

17       A.   No, nothing unusual.

18       Q.   And then it tells us that Genuine Data Services

19   is pulling records from something called GADOCSPL.  Do

20   you see that on the left side of that same line?

21       A.   Yes, I do.

22       Q.   Do you know what that is?

23       A.   It is -- it's a jurisdictional code that

24   Genuine Data Services uses to tell us where the -- which

25   jurisdiction they're pulling that information from.

**PAVITHRA RAMESH**

1  ████████████████████

2  ███████████████████████████

3  █████████████████████████████

4  ████████████████████████████

5  ██████████████████████

6  ██████

7      Q.  All right.  Now along with that, I'd like you

8  to take a look at Ramesh 3, which is the screening

9  report that was prepared in this case in August 2017 for

10  the plaintiff, Diane Jones.  Do you have that as well?

11      A.  Yes, I do.

12      Q.  All right.  So I want to see if I can walk you

13  through the process of matching.  Let's start, I guess,

14  where the beginning would be, where you're getting an

15  inquiry from a client that there's a tenant applicant

16  and they're looking to screen them; would that be

17  correct?

18      A.  Yes, that is correct.

19      Q.  Are your tenant applicants allowed to access

20  some computer system to make that request for a -- for a

21  screening report?

22      A.  Yes.

23      Q.  Okay.  And in this case, it looks that it's --

24  Marietta Road is the landlord that's making the request,

25  correct?