IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DIANE D. JONES, individually and on behalf of herself and all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>REALPAGE, INC. d/b/a LEASINGDESK SCREENING,<br><br>    *Defendant*. | Civ. No. 3:19-cv-02087-B |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF'S RULE 37(c) MOTION TO STRIKE DEFENDANT'S
<u>SECOND SUPPLEMENTAL DISCLOSURES</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.     INTRODUCTION ........................................................................................................ 1

II.    BACKGROUND .......................................................................................................... 1

III.   LEGAL STANDARD................................................................................................... 2

IV.   ARGUMENT................................................................................................................ 2

        A.     Plaintiff was not "aware" of the "corporate testimony" of GDS or Marietta ......... 3

        B.     Defendant RealPage Was Obligated to Supplement Its Initial Disclosures ........... 5

        C.     Plaintiff's Motion to Strike Should Be Granted Because Defendant RealPage's Second Supplemental Disclosures Were Intentionally Made On the Last Day of Discovery ................................................................................ 7

        D.     There Is No Justification for Defendant's Actions, Actions Which Have Already Caused Harm And Will Cause Greater Harm Without Court Intervention ............................................................................................................. 7

               1.     Defendant has no justification for its discovery violation .......................... 8

               2.     Defendant's discovery violation was harmful and requires preclusion of the untimely disclosed witnesses ......................................... 8

V.     CONCLUSION........................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Butler v. Exxon Mobil Refinery & Supply Co.*,
   2011 U.S. Dist. LEXIS 6988 (M.D. La. Jan. 25, 2011) ..................................................... 7

*Drechsel v. Liberty Mutual Insurance Co.*,
   2015 WL 7067793 (N.D. Tex. Nov. 12, 2015) ............................................................. 4, 5

*Edick v. Allegiant Air, LLC*,
   2012 U.S. Dist. LEXIS 143190 (D. Nev. Oct. 3, 2012) .................................................... 4

*Geico Cas. Co. v. Beauford*,
   2007 WL 2412953 (M.D. Fla. Aug. 21, 2007) ................................................................ 6

*JMC Constr. LP v. Modular Space Corp.*,
   2008 WL 11425650 (N.D. Tex. Oct. 28, 2008) ............................................................ 2, 7

*Krawczyk v. Centurion Capital Corp.*,
   2009 U.S. Dist. LEXIS 12204 (N.D. Ill. Feb. 18, 2009) .................................................. 6

*Lyon v. Banks Life and Casualty Co.*,
   2011 WL 124629 (D.S.D. Jan.14, 2011) ......................................................................... 6

*Moore v. Computer Associates International*,
   653 F. Supp. 2d 955 (D. Ariz. 2009) ............................................................................... 6

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*,
   382 F.3d 546 (5th Cir.2004) ............................................................................................ 9

*Rogers v Bank of Am.*
   2014 WL 4681031 (D. Kan. Sept. 19, 2014) ................................................................... 6

*Toney v. Hakala*,
   2012 WL 1554911 (E.D. Mo. Apr. 30, 2012) ................................................................. 6

*Windom v. FM Industries, Inc.*,
   2003 WL 21939033 (D. Neb. 2003) ................................................................................ 3

### STATUTES & FEDERAL RULES

28 U.S.C. § 1920 ....................................................................................................................... 4

Fed. R. Civ. P. 1 ........................................................................................................................ 3

Fed. R. Civ. P. 26 ............................................................................................................ *passim*

Fed. R. Civ. P. 26(a) ........................................................................................................2, 3, 6

Fed. R. Civ. P. 26(a)(1) ..............................................................................................................3

Fed. R. Civ. P. 26(a)(1)(A) ................................................................................................ *passim*

Fed. R. Civ. P. 26(e) ...........................................................................................................3, 9

Fed. R. Civ. P. 37 ...................................................................................................2, 6, 7, 8

**I.     INTRODUCTION**

The facts underlying the instant Motion to Strike could not be more straight-forward: Defendant, asked for months to supplement its disclosures and all the while assuring Plaintiff's counsel it would do so, serves them on the last day of discovery and identifies witnesses Defendant **had already told Plaintiff's counsel** it intends to use to thwart class certification. The penalty for such a premediated and transparent act of discovery bad faith is the automatic exclusion of those witnesses.

Bizarrely, rather than simply admit a *mea culpa* and seek to mitigate its actions, Defendant has double-downed, with a twenty page responsive brief that seeks not only to rewrite the factual history that led us here but also invert the discovery rules and mangle the case law beyond recognition, all in a futile attempt to try and justify its most shopworn of discovery ploys.

Having never challenged Plaintiff's request that it provide the name of the "corporate representatives" on its Rule 26(a)(1)(A) disclosures or its obligations to do so under the rules, Defendant now espouses the view that it was never under any such obligation, and argues that its newfound and unsubstantiated conception of Rule 26 retroactively justifies its months of negotiating with Plaintiff in bad faith.

Defendant's response only brings into further clarity the utter absence of good faith it has brought to these proceedings and the need to send a message that this sort of amateurish and willful discovery violation will not be tolerated.

**II.    BACKGROUND**

Defendant's prolix recapitulation of the operative facts is designed to obscure the very straightforward factual history presented by Plaintiff in her Memorandum of Law in support of her Motion to Strike. ECF 113 at pp. 2-3. Essentially, for months Plaintiff's counsel requested that Defendant supplement its Rule 26(a)(1)(A) disclosures after Defendant served disclosures noting

"corporate representatives" from GDS and Marietta Road Senior High Rise apartments. And Defendant purposefully chose not to disclose these names until the last day of discovery.

What these facts outline is a fairly routine discovery violation, the remedy for which is exclusion of the previously undisclosed witnesses. What these facts also show is that, **at no time between August 16, 2019 and March 6, 2020** did Defendant **ever** take the position that it had complied with their obligations under Rule 26(a)(1)(A) or that it was Plaintiff's duty to carpet bomb GDS and The Michaels Organization with deposition notices in an effort to suss out the individuals whom Defendant would use to try and defeat Plaintiff's class certification motion. Defendant has decided to adopt these ridiculous positions only now, in a doomed attempt to extricate itself from the corner it has been painted into with its own culpable conduct.

### III.   LEGAL STANDARD

The "'sanction of exclusion is *automatic* and *mandatory* unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" *JMC Constr. LP v. Modular Space Corp.*, Civ. A. No. 3:07-CV-01925-B, 2008 WL 11425650, at *3 (N.D. Tex. Oct. 28, 2008) (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (emphasis added)).

### IV.   ARGUMENT

Again, given that Defendant served Supplemental Disclosures on the day discovery closed, under Rule 37's two-part "justification" and "harm" analysis and the case law discussed at length in Plaintiff's Motion to Strike, ECF pp. 5-7, the Court should exclude these witnesses from participating in this matter on behalf of the defense. Defendant's arguments discussed below do nothing to substantively challenge Plaintiff's position and the bad faith these arguments demonstrate only further emphasizes the need for an exclusion sanction.

### A.    Plaintiff was not "aware" of the "corporate testimony" of GDS or Marietta

Defendant first claims that, because Plaintiff knew that GDS and Marietta were entities involved in the case, Defendant was under no obligation to inform Plaintiff of the specific fact witnesses it was planning to reveal at the close of discovery to try and defeat Plaintiff's upcoming certification motion. Not only does this argument ignore Defendant's obligations under Rule 26(a)(1)(A) and 26(e) to disclose its witnesses but it also stands the logic of the discovery process on its head.

First, the text of Rule 26 which states that, *without waiting for a discovery request*, a party must provide to the other parties:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

The mandatory disclosure requirements under Rule 26(a)(1) are designed to accelerate the exchange of basic information, to "help focus the discovery that is needed, and facilitate preparation for trial or settlement." See Fed.R.Civ.P. 26(a) Adv. Comm. Notes (1993). Initial disclosures should provide the parties "with information essential to the proper litigation of all relevant facts, to eliminat[e] surprise, and to promot[e] settlement." *Windom v. FM Industries, Inc.*, 2003 WL 21939033, at *2 (D. Neb. 2003). In short, the Rule 26(a)(1) disclosure requirements should "be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. *The litigants should not indulge in gamesmanship with respect to the disclosure obligations.*" *See* Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a) (emphasis added).

As the Advisory Committee Notes make clear, the purpose of the disclosure rules is to help eliminate ambush, surprise, and other sharp practices and assist with trial preparation. In the

3

parallel universe that Defendant's have constructed to try and justify its discovery abuses, however, the rules are reversed, and it is the opposing party that has the obligation to ferret out all of the other party's witnesses, lest they be surprised at trial. Not only is such a position diametrically opposed to the letter and spirit of the discovery rules, but it would also be unworkable as a practical matter,[1] hence the reason for the rules in the first place.

Unsurprisingly, Defendant here points to no case law to support its novel view of the disclosure rule – a position it puts forth here for the first time. The one case it cites *en passant* is *Edick v. Allegiant Air, LLC*, No. 11-CV-259, 2012 U.S. Dist. LEXIS 143190 (D. Nev. Oct. 3, 2012). But *Edick* is a taxation of costs opinion, **not** an exclusion opinion as Defendant represents in its parenthetical, ECF 123, p. 7. In that case, after losing summary judgment, plaintiff was taxed costs pursuant to 28 U.S.C. § 1920. Plaintiff tried to have those costs lowered by arguing, *inter alia*, that under Rule 26, defendant was obligated to disclose to her that they were subpoenaing her medical records (an expense she claimed was unnecessary as she produced these same records as part of discovery). The court found the application of the disclosure rule inapposite and denied plaintiff's motion. *Id.* at *7. Fortunately for Plaintiff, this case is not in Nevada, and is not about the taxation of costs, and Plaintiff is not trying to get out of paying for subpoenas. What Plaintiff is trying to do is have Defendant live up to its discovery obligations, which Defendant appears bent on attempting to re-write.

Defendant also references a case cited by Plaintiff in her brief, *Drechsel v. Liberty Mutual Insurance Co.*, No. 3:14-cv-162-M-BN, 2015 WL 7067793 (N.D. Tex. Nov. 12, 2015), where the Court excluded witnesses disclosed on the last day of discovery that were previously unknown to

---

[1] Lest Defendant think for a moment that both Plaintiff (and no doubt the Court) are not acutely aware of what a giant, infernal game of Whack-A-Mole this vision of discovery would instantly devolve into.

4

movant. According to Defendant, this case actually cuts against Plaintiff because, in dicta, the court stated that exclusion is inappropriate when untimely disclosed information is already known to the other parties.

However in that case, many of the witnesses were employees of movant's *own* company, and the Court *still* held they were excluded because plaintiff had failed to disclose them as witnesses with discoverable information. *Id.* at *3. Defendant therefore believes its best authority for the proposition that it was Plaintiff's responsibility to somehow *intuit* the surprise witnesses that Defendant intended to smuggle into its opposition to Plaintiff's eventual class certification motion is a case which holds exactly the **opposite** and in which individuals *who worked for the movant* – and whom movant was therefore readily familiar with and certainly "aware" of in Defendant's parlance – were excluded because the other side did not disclose them as witnesses.

To reiterate, there is no basis in the plain text of Rule 26(a)(1)(A), the Advisory Notes, or the case law for Defendant's newly-minted interpretation of its disclosure obligations.

### B. Defendant RealPage Was Obligated to Supplement Its Initial Disclosures

Defendant next argues that its reference to "corporate representatives" on its Initial and Supplemental Disclosures concluded its disclosure obligations under Rule 26 such that the two witnesses it disclosed on the last day of discovery should not be excluded – a position it again advances here for the first time.[2]

Defendant has scant support for its position. Having scoured the case law, Defendant makes use of only two cases, both out of circuit, that held referring to a "corporate representative"

---

[2] And a position which also begs the question as to why, if Defendant actually believed this, it didn't stake out this view months ago so that Plaintiff could have sought the Court's assistance to clear up Defendant's misunderstanding of Rule 26. The reason is obvious: Defendant knew all along it had to supply these names and so chose to feign that it would comply with its disclosure obligations simply to run out the discovery clock.

was sufficient for disclosure purposes under Rule 26, *Krawczyk v. Centurion Capital Corp.*, No. 06-CV-6273, 2009 U.S. Dist. LEXIS 12204 (N.D. Ill. Feb. 18, 2009) and *Moore v. Computer Associates International*, 653 F. Supp. 2d 955 (D. Ariz. 2009).[3]

However, these cases are not only factually remote to the case at bar, but also completely ignore the context here – context which is critical to contemplating exclusion under Rule 37's two-prong "justification" and "harm" test.  In this case, the question is not whether the mere designation of a "corporate representative" is sufficient under Rule 26(a)(1)(A), but rather whether a party can negotiate in bad faith for months over supplementing its disclosures and then supplement them on the day discovery closes, *see* ECF 113, at pp. 2-3, robbing the other party of the ability to take discovery of these witnesses through its duplicity.  Under the "substantial justification" and "harmlessness" prongs of the Rule 37 test, the answer is clearly and emphatically **no**. This is precisely the sorts of gamesmanship and sharp practice that the federal courts abhor and that the federal rules are meant to prevent, and is the basis for the array of Northern District of Texas cases excluding witnesses disclosed out of time. ECF 113, at p. 6.

---

[3] *But see, Rogers v Bank of Am.*, N.A., CIV.A. 13-1333-CM-TJ, 2014 WL 4681031, at *3 (D. Kan. Sept. 19, 2014) (holding that "corporate representative" designations were insufficient under Rule 26(a)(1)(A)) ("Defendant's use of generic categories of unnamed individuals could apply to many individuals within its company and does not advance the goal of exchanging basic discoverable information about individuals likely to have discoverable information Defendant may use to support its claims or defenses. It also impedes the goal of eliminating the need for serving and responding to separate written discovery requests to obtain this information."); *Toney v. Hakala,* No. 4:10-CV-2056-JAR, 2012 WL 1554911, at *1 (E.D. Mo. Apr. 30, 2012) (holding that listing witnesses such as "Custodian of Records," among others  to be partial disclosures that did not provide the plaintiff with any names or contact information and thereby prevented the plaintiff from conducting effective discovery); *Lyon v. Banks Life and Casualty Co.,* No. 09-5070-JLV, 2011 WL 124629, at *6 (D.S.D. Jan.14, 2011) (holding that allowing a mere "corporate representative" disclosure to suffice would defeat the automatic disclosure intent of Rule 26(a) and impair the ability of the other party to prepare appropriate interrogatories to develop testimony of those potential witnesses); *Geico Cas. Co. v. Beauford*, No. 8:05-CV-697-T-24EAJ, 2007 WL 2412953, at *5 (M.D. Fla. Aug. 21, 2007) (finding that "naming a general category such as 'corporate representative' is not a sufficient disclosure under Rule 26," and granting a motion in limine "to the extent that Geico has not disclosed the specific name of the witness that will testify as its corporate representative").

> C. **Plaintiff's Motion to Strike Should Be Granted Because Defendant RealPage's Second Supplemental Disclosures Were Intentionally Made On the Last Day of Discovery**

Defendant next argues that Plaintiff's Motion to Strike should be denied because Defendant's revelation of the GDS and Marietta representatives was made within the discovery deadline (on the last day of discovery when Plaintiff could not serve discovery on them or take their depositions). Naturally, there is no legal support for Defendant's position and the two cases it cites for support directly cut against it.

Unlike in this case, in *Butler v. Exxon Mobil Refinery & Supply Co.,* No. 07-CV-386, 2011 U.S. Dist. LEXIS 6988 (M.D. La. Jan. 25, 2011) the defendant served supplemental disclosures *prior* to the discovery deadline, and only a day or two after plaintiff requested they be supplemented. *Id*. at *2. Here, in contrast, Plaintiff's counsel sought supplemental disclosures identifying the corporate witnesses for months, and Defendant intentionally waited until the close of discovery to serve them so that it could prevent discovery of these individuals while still technically appearing to adhere to the discovery deadline.

And in *JMC Construction*, 2008 WL 11425650, while the disclosures there were after the discovery deadline, the practical effect is the same – Plaintiff Jones is unable to take discovery on the untimely disclosed witnesses. What's more, for purposes of Rule 37's twin analysis (justification and harm), the type of blatant, premeditated, and overt manipulation of the discovery rules engaged in by Defendant here is far more harmful, and far less justified, than if it had simply missed a deadline.

> D. **There Is No Justification for Defendant's Actions, Actions Which Have Already Caused Harm And Will Cause Greater Harm Without Court Intervention**

Having unsuccessfully attempted to reverse-engineer a justification for its blatant discovery abuses with two out-of-circuit opinions and a novel take on Rule 26's disclosure

7

requirements, Defendant next argues that even if it was wrong, its actions were (1) justified and (2) harmless and thus disclosure is unwarranted under Rule 37. Plaintiff has already addressed both prongs of the Rule 37 test at length in her Memorandum of Law in support of her Motion to Strike, ECF 113, pp. 5-7, and only responds to the points raised by Defendant in its opposing brief.

### 1. Defendant has no justification for its discovery violation

Defendant first argues that not only were its actions substantially justified, they were legally correct. Quickly backing down from this position, Defendant RealPage argues that, even if it was wrong, it had a justification for its position. But this "position" has only been cobbled together *post-facto*, in an attempt to obscure its calculated discovery abuse. Essentially, Defendant is arguing its discovery abuse should be sanctioned by this Court because, after acknowledging its disclosure obligations for months and purposefully only fulfilling its obligations on the last day of discovery, it was justified in doing so because its lawyers have since unearthed two out-of-circuit and factually disanalogous cases where citing a "corporate representative" was deemed sufficient for discovery purposes.

Needless to say, defense counsel never took that position at any point in its discussions with Plaintiff's counsel regarding the disclosures and did in fact disclose the names of the corporate representatives on the last day, begging the question of how Defendant could be substantially justified for adopting an incorrect legal position that it never actually adopted until now.

### 2. Defendant's discovery violation was harmful and requires preclusion of the untimely disclosed witnesses

Defendant next argues that it's premeditated manipulation of its disclosure obligations, which it refashions as a "possible technical disclosure violation," was harmless. However, Defendant's inarguable violation of its disclosure obligations was designed to allow it to file Declarations opposing Plaintiff's eventual class certification motion from last-minute witnesses

8

Plaintiff was robbed the opportunity of vetting in discovery. This is a significant harm and Defendant's mendacity in re-writing this history only underlines why simply extending the deadlines to allow discovery of these surprise witnesses is an insufficient remedy.

In assessing whether an untimely disclosure is harmless, the Court looks at four factors: (1) the party's explanation for failing to disclose; (2) the prejudice in allowing the evidence; (3) whether a continuance will cure the prejudice; and (4) the evidence's importance. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563–64 (5th Cir.2004).

As Plaintiff previously outlined in her Memorandum of Law in support of her Motion to Strike, ECF 113 at p. 7, these factors weigh in favor of excluding these last-minute witnesses. Defendant's ever-shifting and contradictory reasons why it failed to make the disclosures lack plausibility. Plaintiff will be greatly prejudiced if these improperly disclosed witnesses are allowed to participate in the proceedings and submit declarations opposing Plaintiff's motion for class certification. And Defendant's response to the Motion to Strike shows precisely why a continuance is insufficient to cure the prejudice, since without the Court's censure in the form of granting the motion to strike, Defendant will only be emboldened to further attempt to manipulate and subvert the Court's rules.

Having already addressed its "explanation" for choosing not to disclose the two corporate representatives, Defendant next argues that its actions are not prejudicial because Plaintiff could have deposed representatives from these organizations. Again, this argument ignores the plain text of Rule 26(a)(1)(A) and (e), the case law, *see* ECF 113, pp. 6-7, and the realities of contemporary deposition practice.

Defendant's next argument, that any prejudice can be cured with a continuance to allow discovery of these witnesses, ignores the significance and gravity of Defendant's actions. Not

only did Defendant negotiate in bad faith for months when it claimed it would disclose these witnesses, but now, after Plaintiff was forced to file a Motion to Strike to try and mitigate the damage caused by the untimely disclosures, Defendant attempts a complete *about face*, claiming without any basis that it never had any obligation to disclose these witnesses. Defendant's elaborate scheme to evade this most basic of discovery obligations has already wasted a great deal of time and energy, and without the strong message granting the Motion to Strike will send that this outrageous conduct will not be tolerated, Plaintiff is concerned that these abuses will only proliferate.

Finally, Defendant argues that the importance of the evidence its untimely disclosed witnesses' possess cuts against excluding them. Irony is not a concept Defendant is apparently familiar with: if these witnesses were so important, the fact that they were not disclosed is even *less* justified, and Defendant's culpability in preventing their disclosure even *more* pronounced.[4]

## V. CONCLUSION

For the reasons outlined in Plaintiff's Memorandum of Law in support of her Motion to Strike and the instant Reply Brief, Plaintiff respectfully requests that the Court grant her Motion and strike the untimely disclosed corporate representatives.

Respectfully submitted,

*/s/ John Soumilas*
James A. Francis
John Soumilas
Lauren KW Brennan
**Francis Mailman Soumilas, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000

---

[4] Defendant RealPage concludes its brief by arguing it is entitled to its fees and costs for opposing the motion to strike – a claim that, even after twenty pages of duplicitous and bad faith arguments, beggars belief.

        Michael A. Caddell
        Cynthia B. Chapman
        Amy E. Tabor
        **Caddell & Chapman**
        628 East 9th Street
        Houston, TX 77007
        T: 713.751.0400
        E. mac@caddellchapman.com
        E: cbc@caddellchapman.com
        E: aet@caddellchapman.com

        Jim Flegle
        **Loewinsohn Flegle Deary Simon LLP**
        12377 Merit Drive, Suite 900
        Dallas, TX 75251
        T: 214.572.1700
        E: jimf@lfdslaw.com

        Edward Y. Kroub
        **Cohen & Mizrahi LLP**
        300 Cadman Plaza West, 12th Floor
        Brooklyn, NY  11201
        T:  929/575-4175
        F: 929/575-4195
        E: edward@cml.legal

        *Attorneys for Plaintiff Diane D. Jones*

Dated:  April 16, 2020