IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DIANE D. JONES, individually and on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>REALPAGE, INC. d/b/a LEASINGDESK SCREENING,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§  Civ. No. 3:19-cv-02087-B<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## [PROPOSED] ORDER GRANTING MOTION FOR CLASS CERTIFICATION

AND NOW, this _____ day of _____, 202__, upon consideration of Plaintiff's Motion for Class Certification (the "Motion") and Defendant's response thereto, and good cause appearing therefore:

IT IS HEREBY ORDERED that the Motion is **GRANTED**. This action shall be maintained as a class action in accordance with Federal Rule of Civil Procedure 23(a) and (b)(3) pursuant to the following findings of fact:

1.  Plaintiff has asserted claims for Defendant's violations of section 1681e(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, on behalf of the following general class and sub-class:

> *Facially Mon-matching Records Class*: All persons residing in the United States and its Territories, beginning two years prior to the filing of the Complaint in this matter and continuing through the resolution of the action, about whom RealPage furnished a consumer report which included one or more items of criminal record information for which the first and last name of the offender did not match the first and last name of the person who was the subject of the report.
>
> *Confirmed Non-match Sub-Class*: All persons residing in the United States and its Territories, beginning two years prior to the filing of the Complaint in this

matter and continuing through the resolution of the action, about whom RealPage furnished a consumer report which included one or more items of criminal record information, and for whom RealPage subsequently determined that the item(s) of criminal record information was a "nonmatch.".

2. The Classes are so numerous that joinder of all members is impracticable.

3. There are questions of law and/or fact common to the Classes. The principal questions include:

    a. Whether Defendant violated FCRA section 1681e(b) by failing to follow reasonable procedures that assure the maximum possible accuracy of records that it places on any one person's consumer report;

    b. Whether Defendant acted willfully, *i.e.*, in reckless disregard of the law; and

    c. The quantum of statutory damages for the violation(s).

4. The claim of representative Plaintiff Diane D. Jones is typical of the claim of the Classes. Like every member of the proposed classes, she encountered an inaccurate criminal record item on her consumer report sold by Defendant. Ms. Jones's claim for uniform statutory damages under FCRA section 1681n is the same claim of every class member.

5. Plaintiff and her counsel will fairly and adequately represent the interests of the Classes. Ms. Jones has no interests that appear antagonistic to the Classes, and Plaintiff's counsel, Jim Flegle and Donna Lee of Loewinsohn Flegle Deary Simon, LLC; Michael A. Caddell, Cynthia B. Chapman and Amy E. Tabor of Caddell & Chapman; John Soumilas, David A. Searles, Lauren KW Brennan and Edward H. Skipton of Francis Mailman Soumilas, P.C.; and Edward Y. Kroub of Cohen & Mizrahi LLP, have been shown to be experienced and competent in consumer class litigation.

6. Common proof will predominate in this FCRA class action seeking only statutory damages, including:

   a. Defendant's policies and practices allegedly demonstrating incorrect criminal record information for any class member,

   b. Defendant's alleged institutional knowledge about whether it should have followed reasonable procedures to assure the maximum possible accuracy of records it places on any one person's consumer report, and

   c. Defendant's alleged motivations for not following reasonable procedures.

  7. A class action is superior to other available methods for the fair and efficient adjudication of this controversy in that:

   a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class;

   b. In view of the complexities of the issues and the expenses of litigation, the separate claims of individual class members are not sufficient in amount to support separate actions;

   c. The amount which may be recovered by individual class members is modest in relation to the expense and effort of proceeding with individual lawsuits, thus making this class proceeding more economical; and

   d. The Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final relief appropriate with respect to the Class.

It is therefore further **ORDERED**:

  A. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court hereby **CERTIFIES** the following Classes:

> ***Facially Mon-matching Records Class***: **All persons residing in the United States and its Territories, beginning two years prior to the filing of the Complaint in this matter and continuing through the resolution of the**

action, about whom RealPage furnished a consumer report which included one or more items of criminal record information for which the first and last name of the offender did not match the first and last name of the person who was the subject of the report.

*Confirmed Non-match Sub-Class*: All persons residing in the United States and its Territories, beginning two years prior to the filing of the Complaint in this matter and continuing through the resolution of the action, about whom RealPage furnished a consumer report which included one or more items of criminal record information, and for whom RealPage subsequently determined that the item(s) of criminal record information was a "nonmatch."

B. Plaintiff Diane D. Jones is certified as Class representative;

C. The firms of Loewinsohn Fleagle Deary Simon, LLC; Caddell & Chapman; Francis Mailman Soumilas, P.C.; and Cohen & Mizrahi, LLP are certified as Class Counsel;

D. Plaintiff shall submit a proposed form of class notification to the Court for review and approval within 30 days of this Order;

E. Defendant shall produce a class list to Plaintiff's counsel within 14 days of this Order; and

F. After an Order approving and directing notice to the Class, a further Scheduling Order will issue.

By the Court:

_____
Hon. Jane J. Boyle
United States District Judge

4