IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIANE D. JONES, individually and on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>REALPAGE, INC. d/b/a LEASINGDESK SCREENING,<br><br>*Defendant*. | § § § § § § § § § § § § § § § | Civ. No. 3:19-cv-02087-B |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FO LEAVE TO FILE
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
<u>MOTION TO CERTIFY CLASS</u>**

**I.   Introduction**

This Court presently has before it Plaintiff's Motion to Certify Class, which was filed on May 29, 2020. (Doc. 127.) Defendant filed its response in opposition on June 29, 2020 (Doc. 138), and Plaintiff filed her reply on July 21, 2020 (Doc. 146).

On August 25, 2020, the U.S. District Court for the Eastern District of Pennsylvania issued a decision in the matter of *McIntyre v. RealPage, Inc.*, No. 2:18-cv-03934-CFK, granting the Plaintiff's motion for class certification. 2020 WL 5017612 (E.D. Pa. Aug. 25, 2020). Plaintiff believes that the decision in *McIntyre* is relevant to the Court's analysis and would aid the

disposition of the pending class certification motion in this matter, and therefore seeks leave to file the decision in *McIntyre* as supplemental authority.[1]

## II.     Legal Standard

"A movant seeking to file a supplemental brief must: (1) 'show that it has new information that was not available at the time it filed its [motion] in order to receive leave to file" its supplemental briefing; and (2) 'demonstrate that this information is relevant to the Court's ... analysis and would therefore aid the justiciable disposition of [the] case.'" *Silvas v. Equifax Info. Servs., LLC*, 2020 WL 4000848, at *2 (N.D. Tex. Jul. 15, 2020) (quoting *Hoffman v. AmericaHomeKey, Inc.,* 2014 WL 12577347, at *1–2 (N.D. Tex. July 29, 2014)).

## III.    Argument

The requirements for filing a supplemental submission are easily met with respect to the *McIntyre v. RealPage* class certification decision. First, the decision was issued on August 25, 2020, more than a month after the completion of class certification briefing in this matter, and was therefore not available for submission at the time Plaintiff filed her motion or reply. Second, the decision is relevant to the determination of class certification issues in this matter because, like this case, the *McIntyre* decision deals with class allegations under section 1681e(b) of the Fair Credit Reporting Act. The decision certifies a class of consumers with claims regarding the accuracy of tenant screening reports sold by the same defendant, and addresses many of the same arguments Defendant makes here with respect to ascertainability of class members, commonality, and predominance under Fed. R. Civ. P. 23. Thus, *McIntyre* will aid the justiciable disposition of the class certification motion.

---

[1] Mistakenly believing that L.R. 56.7 applied only to motions for summary judgment filed pursuant to Fed. R. Civ. P. 56 and L.R. 56, Plaintiff originally filed a notice of supplemental authority, which was stricken from the docket. Docs. 147, 148.

IV.    **Conclusion**

For the reasons set forth herein, Plaintiff respectfully requests leave to file the decision in *McIntyre v. RealPage, Inc.*, 2020 WL 5017612 (E.D. Pa. Aug. 25, 2020) as supplemental authority regarding class certification briefing in this matter.

DATED:    September 11, 2020

                                      Respectfully submitted,

                                      **FRANCIS MAILMAN SOUMILAS, P.C.**

                                      */s/ John Soumilas*
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
Lauren KW Brennan (*pro hac vice*)
Edward H. Skipton (*pro hac vice*)
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Telephone:    (215) 735-8600
Facsimile:    (215) 940-8000
Email:    jsoumilas@consumerlawfirm.com
         dsearles@consumerlawfirm.com
         lbrennan@consumerlawfirm.com
         eskipton@consumerlawfirm.com

Michael A. Caddell
Cynthia B. Chapman
Amy E. Tabor
**Caddell & Chapman**
628 East 9th Street
Houston, TX 77007
T: 713.751.0400
E. mac@caddellchapman.com
E: cbc@caddellchapman.com
E: aet@caddellchapman.com

Jim Flegle
Donna Lee
**Loewinsohn Flegle Deary Simon LLP**
12377 Merit Drive, Suite 900
Dallas, TX 75251
T: 214.572.1700
E: jimf@lfdslaw.com
E: donnal@lfdslaw.com

3

Matthew A. Dooley (0081482)
Stephen M. Bosak, Jr. (0092443)
**O'TOOLE, McLAUGHLIN, DOOLEY & PECORA, CO., LPA**
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:   (440) 930-4001
Facsimile:   (440) 934-7208
Email:   mdooley@omdplaw.com
         sbosak@omdplaw.com

Edward Y. Kroub
**Cohen & Mizrahi LLP**
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
T:  929/575-4175
F: 929/575-4195
E: edward@cml.legal

*Counsel for Plaintiffs and the Proposed Class*


## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020, caused a copy of Plaintiff's Motion for Class Certification was electronically filed with the Court's CM/ECF system, which shall send electronic notification of this filing to all counsel/parties of record.

                                           */s/ John Soumilas*
                                           John Soumilas
                                           *Counsel for Plaintiff*