## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| DIANE D. JONES, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )   Civ. No. 3:19-cv-02087-B |
| | ) |
| REALPAGE, INC. d/b/a LEASINGDESK SCREENING, | ) |
| | ) |
| | ) |
| *Defendant*. | ) |

### DEFENDANT REALPAGE, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF <u>MOTION TO CERTIFY CLASS</u>

Defendant RealPage, Inc. ("RealPage"), by counsel, submits the following response to Plaintiff, Diane Jones's ("Plaintiff"), Motion for Leave to File Notice of Supplemental Authority in Support of Motion to Certify Class ("Motion," Dkt. Nos. 149, 150).

After having had their prior notice struck by the Court, *see* Dkt. No. 147, Plaintiff requests leave to file a notice of "supplemental authority" identifying a recent decision issued from the United States District Court for the Eastern District of Pennsylvania, in which the district court certified a class involving issues that are distinct from those presently before this Court. *McIntyre v. RealPage, Inc.*, No. 18-3934, 2020 WL 5017612 (E.D. Pa. Aug. 25, 2020).

As an initial matter, RealPage does not oppose the Court's consideration of the *McIntyre* decision, which is readily available to the Court through regular legal research channels and has been appealed to the Third Circuit. However, RealPage submits this succinct response to Plaintiff's Motion because the description of the case in the Motion is inaccurate, given that the *McIntyre* decision is both irrelevant to the issues in the present case and incorrectly decided. This

Court should disregard the contention that the *McIntyre* decision constitutes "supplemental authority" for several reasons.

First, *McIntyre* involves the issue of reporting updated dispositions for housing-related cases that indisputably belonged to the named Plaintiff. *McIntyre* has nothing to do with, and did not consider: (1) criminal records; or (2) RealPage's criminal matching logic, including the *many* variations in matching logic and changes to that logic over time that RealPage highlighted in its opposition brief in this case (Dkt. No. 138). Yet, those are the relevant issues at the core of this case. *McIntyre* is irrelevant.

Second, *McIntyre* has no bearing on the typicality or adequacy of the named Plaintiff in this case. Thus, the arguments made by RealPage in those regards in this action remain decisive.

Third, to the extent there is overlap in issues between the two matters, *McIntyre* is contrary to the voluminous and persuasive authority cited in RealPage's opposition (Dkt. No. 138).

Lastly, the *McIntyre* decision was improperly decided, and a petition to appeal that decision under Fed. R. Civ. P. 23(f) was submitted to the Third Circuit on September 8, 2020. That petition highlights the district court's lack of rigorous analysis, along with some of the many legal and factual errors in the court's order. A copy of that brief is attached as **Exhibit A**.

Dated: September 14, 2020

By:  */s/ Jessica R. Lohr*

Ronald I. Raether (*pro hac vice*)
Jessica R. Lohr (*pro hac vice*)
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, California 92614
Telephone: (949) 622-2700
Facsimile: (949) 622-2739
ron.raether@troutman.com
Jessica.lohr@troutman.com

Timothy St. George (*pro hac vice*)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-1339
Tim.st.george@troutman.com

*Attorneys for Defendant*
*RealPage, Inc., d/b/a LeasingDesk Screening*