UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIANE D. JONES, individually and on behalf of herself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-2087-B |
| REALPAGE, INC. d/b/a LEASINGDESK SCREENING, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Diane D. Jones's Motion to Strike Defendant's Second Supplemental Disclosures (Doc. 112). For the reasons stated below, Jones's Motion is **DENIED**.

### I.

### BACKGROUND

Jones filed this consumer class action against Defendant RealPage, Inc., d/b/a Leasingdesk Screening ("RealPage") on March 6, 2019, in the Northern District of Ohio. Doc. 1, Compl., ¶ 1. Jones alleges that RealPage systematically violated 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act (FCRA) by failing to assure the maximum possible accuracy of the information that it includes on the background reports it sells to prospective landlords, resulting in the sale of reports to landlords containing incorrect or false criminal history. *Id.* ¶¶ 1–2.

On August 26, 2019, Jones filed a Motion for Class Certification. *See* Doc. 38, Pl.'s Mot. for

Class Certification, 1. Subsequently, however, on September 3, 2019, the Ohio district court transferred the case to this district. *See* Doc. 41, Mem. Op. & Order, 5–6. Upon being transferred to this Court, the parties filed a joint status report, in which they indicated that they agreed Jones should file a revised motion for class certification based on the law of this circuit. Doc. 62, Joint Status Report, 2–3. Further, the parties agreed that additional discovery on the issue of class certification was warranted. *Id.* After multiple extension requests, the Court entered an Amended Scheduling Order, which currently governs. Doc. 100, Am. Sched. Order on Mot. for Class Certification, 1. Under that order, discovery related to class certification was due on March 6, 2020. *Id.*

RealPage served its initial disclosures on August 26, 2019. *See* Doc. 124, Ex. 4, App. to Def.'s Opp'n to Pl.'s Mot. to Strike ("Def.'s App."), 19–24. In its initial disclosures, RealPage identified "representative(s) of Marietta Road Senior High Rise apartments (Marietta)," as one likely to have information or knowledge related to Jones's claims. *Id.* at 21 ¶ 3. On January 17, 2020, RealPage served supplemental initial disclosures, which listed "corporate representative(s) of Genuine Data Service (GDS)." *Id.* at 25. In response to the supplemental initial disclosures, Jones told RealPage on January 27, 2020, that it was her position that RealPage's disclosures violated Rule 26. *Id.* at 28. Jones believed that the disclosures should have included the name, address, and telephone number of the GDS corporate representative. *Id.* at 28. Jones informed RealPage that if RealPage did not provide the information Jones claimed was lacking, Jones would seek to preclude RealPage from using any corporate representative disclosed to support its defense. *Id.*

On March 6, 2020, the deadline for class certification discovery, RealPage served a second

supplement to its initial disclosures. *Id.* at 32–33. The second supplemental disclosures identified two individuals as representatives of Marietta and GDS, respectively: (1) Kevin Cook; and (2) Jessica Jordan. *Id.*

On March 12, 2020, Jones filed a Motion to Strike the Second Supplemental Disclosures pursuant to Rule 37(c). Doc. 112, Pl.'s Rule 37(c) Mot. to Strike, 1. Jones argues that, as the disclosures were made on the last day of discovery, they should be excluded under Rule 37(c). Doc. 113, Pl.'s Br., 1.

In response, RealPage claims first that it properly disclosed GDS and Marietta in its initial and first supplemental initial disclosures. *See* Doc. 123, Def.'s Resp., 2. Second, RealPage argues that the second supplemental disclosures were, in fact, timely as they were made on the discovery deadline. *Id.* Moreover, RealPage notes that it provided the supplemental information on the discovery deadline only to comply with Jones's request. *Id.* at 6. Specifically, RealPage recounts that Jones had indicated that she would move to strike the initial disclosures unless RealPage disclosed the names of the corporate representatives before the discovery deadline on March 6, 2020. *See id.* at 5 (citing Doc. 124, Def.'s App., 30). According to RealPage, during a meet and confer, RealPage's counsel suggested to Jones that the names of the corporate representatives could be provided to Jones by the deadline in order to avoid a protracted fight over a motion to strike. *Id.* at 5–6. RealPage's counsel also suggested to Jones that it would be willing to stipulate to another extension of the discovery deadline so that Jones would have the opportunity to depose these witnesses after the discovery deadline passed. *Id.* But, after RealPage filed its second supplemental disclosures with the representatives' names, Jones went ahead and filed her motion to strike. *Id.* at 6.

All briefing has been submitted, and the motion is now ripe for review.

## II.

## LEGAL STANDARD

Under Rule 26(a)(1) of the Federal Rules of Civil Procedure, a party must make certain initial disclosures within the early stages of litigation without awaiting a discovery request. Fed. R. Civ. P. 26(a). This includes a duty to disclose "each individual likely to have discoverable information—along with the subject of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).

Under Rule 37 of the Federal Rules of Civil Procedure, a party who fails to provide information or identify a witness through initial disclosures or proper supplementation of discovery responses, pursuant to Rule 26(a) and (e), "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Tex. A & M. Res. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 401–02 (5th Cir. 2003); *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004).

## III.

## ANALYSIS

Jones argues that RealPage's second supplemental disclosures related to the third-party corporate representatives violated Rule 26(a) because they were made on the class certification discovery deadline. Doc. 113, Pl.'s Br., 1. Because of this purported violation, Jones asserts that these

witnesses should be excluded under Rule 37(c). *Id.* at 2.

The Court disagrees and finds that RealPage's initial disclosures comply with Rule 26(a). First, far before the discovery deadline, RealPage properly listed Marietta and GDS in its initial disclosures and first supplemental disclosures, respectively. *See* Doc. 124, Def.'s App., 21 & 25. Listing "corporate representatives" of these entities was sufficient, in the first instance, to comply with Rule 26(a)'s initial-disclosure requirements. *See* Fed. R. Civ. P. 26(a); *see also Moore v. Computer Assocs. Int'l, Inc.*, 653 F. Supp. 2d 955, 959 (D. Ariz. 2009) (holding that disclosure of a corporate witness was not required under Rule 26(a) and denying motion to strike). Second, even if failing to identify the specific corporate representatives violated Rule 26(a), the supplemental disclosures were timely made on the deadline of discovery. Finally, assuming there was a Rule 26(a) violation, any such violation was harmless and justified, as any prejudice to Jones stemmed from her own inaction in seeking discovery from these third-party companies, on top of her failure to work with RealPage to come to an agreed solution.

A.     *Failing to Specifically Identify Corporate Representatives Does Not Violate Rule 26(a)*

The Court starts with Jones's argument that RealPage's initial disclosures, which listed unnamed "corporate representatives" from GDS and Marietta as witnesses, were deficient and needed to be supplemented with specific names to comply with Rule 26(a). *See* Doc. 113, Pl.'s Br., 1–2.

RealPage asserts that its initial disclosures complied with Rule 26(a) by listing "corporate representatives" of Marietta and GDS. Doc. 123, Def.'s Resp., 8. RealPage maintains that it was not required to disclose the names of specific individuals in its disclosures. *Id.* Jones responds that specific

- 5 -

individuals must be listed, or parties would be required to ferret out witnesses, contrary to Rule 26(a)'s purpose. Doc. 126, Pl.'s Reply, 4–6. Jones asserts that RealPage's failure to list the names of the specific representatives until the close of discovery "robb[ed]" her of the ability to take discovery of these witnesses. *Id.* at 6.

Jones's arguments come up short. As discussed above, Rule 26(a) imposes a duty to disclose "each individual likely to have discoverable information—along with the subject of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).

To start, as RealPage points out, other district courts facing this issue have concluded that listing "corporate representatives," or something similar, in initial disclosures can be sufficient to comply with Rule 26(a). For example, in *Krawczyk v. Centurion Capital Corporation*, the plaintiff moved to strike testimony for disclosures it claimed violated Rule 26(a). 2009 WL 395458, at *6 (N.D. Ill. Feb. 18, 2009). The defendants there had listed "unknown representatives" in their initial disclosures, which the plaintiff claimed violated Rule 26(a). *Id.* The court determined that "unknown representatives" adequately notified the plaintiff that the defendants might use information from those corporate representatives. *Id.* The court first noted that "Rule 26(a) initial disclosures are just that—preliminary disclosures—and are not intended to be a substitute for conducting the necessary discovery." *Id.* The court stated that "Plaintiff could have filed a notice for a Rule 30(b)(6) deposition" of the representatives but failed to do so. *Id.* Thus, the court concluded, any prejudice to the plaintiff arose from her failure to conduct discovery, not from the defendants' failure to specify the names of third-party corporate representatives. *Id.*

The same thing occurred here. Jones herself identified both GDS and Marietta in her own initial disclosures. Doc. 124, Def.'s App., 1–8. And Jones has sought discovery from GDS in this case already. *Id.* at 10. More significantly, as in *Krawczyk*, RealPage's initial disclosures and supplemental initial disclosures adequately notified Jones that RealPage intended to call the representatives of GDS and Marietta to oppose class certification. Doc. 123, Def.'s Resp., 8 (citing Doc. 124, Def.'s App., 15–16, 21–22, and 25). Yet, also like in *Krawczyk*, Jones did not notice a Rule 30(b)(6) deposition for either of them or otherwise seek additional discovery related to these representatives once she was aware that they had discoverable information. Jones provides no explanation for this failure. Thus, Jones's complaints that she was "robb[ed]" of time needed to take the depositions of these representatives fall short.

Moreover, other courts have reasoned that Rule 26(a)(1)(A)(i) is "limited to individuals and exclusive of corporate entities, an exclusion which would necessarily apply to individuals who testify on behalf of corporate entities." *Moore*, 653 F. Supp. 2d at 959 (citing, *inter alia*, *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217–18 (S.D.N.Y. 2003)). This reasoning is further bolstered, the *Moore* court explained, by "the Federal Rules' separate treatment of corporations and individuals during discovery," *i.e.*, through Rules 30(b)(6) and 33(b)(1)(B). *Id.* at 959–60. Here, where Jones is seeking to exclude the testimony of individuals who will testify on behalf of corporate entities, the same conclusion applies.

While there appears to be a dearth of in-circuit precedent on this issue, the Court agrees with the *Moore* court and the cases cited therein that the disclosure of the names of the specific corporate witnesses of Marietta and GDS was not required by Rule 26(a). Moreover, like in *Krawczyk*, Jones

in this instance had the opportunity to serve a notice of a Rule 30(b)(6) deposition but failed to do so. *See Krawcyzk*, 2009 WL 395458, at *6. This would have saved both herself and RealPage the trouble of guessing who those representatives would be. That she did not is her fault and is not due to any Rule 26(a) violation on the part of RealPage.[1] The Court thus denies Jones's motion on this ground.

*B.     The Second Supplemental Disclosures Were Timely*

RealPage's second supplemental disclosures were timely, even though they were made on the final day of class certification discovery.

Jones argues that RealPage's second supplemental disclosures were untimely as they were served on the last day of discovery. Doc. 113, Pl.'s Br., 3. She claims that *JMC Construction LP v. Modular Space Corporation* is instructive. *Id.* at 5 (discussing *JMC Constr. LP v. Modular Space Corp.*, 2008 WL 11425650, at *3 (N.D. Tex. Oct. 28, 2008)). Jones asserts that in *JMC*, this Court determined that the non-moving party violated Rule 26(a) as its disclosures were provided after the discovery deadline and the moving party would be unable to take discovery on the witnesses. Doc. 126, Pl.'s Reply, 7. As such, the motion to strike was granted. *See id.* Here, Jones believes that her motion is similar because she would also be unable to take discovery on the witnesses that RealPage disclosed due to the date at which the second supplemental disclosures were issued. *Id.*

In response, RealPage maintains that its second supplemental disclosures were timely. Doc.

---

[1] Jones points to other district courts that have held that "corporate representatives" do not fulfill Rule 26(a) requirements, Doc. 126, Pl.'s Reply, 6 n.3, but in those cases the corporation was a party to the suit, rather than a third party. *See Rogers v. Bank of Am., N.A.*, 2014 WL 4681031, at *1 (D. Kan. Sept. 19, 2014); *Toney v. Hakala*, 2012 WL 1554911, at *1 (E.D. Mo. Apr. 30, 2012). Also, in neither case does the term "corporate representative" appear to be used to refer to an individual who speaks on behalf of a corporation, as the term is used here and as provided for in the Federal Rules. *See* Fed. R. Civ. P. 30(b)(6).

123, Def.'s Resp., 10. RealPage points to *Butler v. Exxon Mobil Refining and Supply Company*, where a Louisiana federal court held that a supplemental disclosure on the last day of discovery after a meet-and-confer discussion with opposing counsel was timely. *See* 2011 WL 289645, at *2 (M.D. La. Jan. 25, 2011). RealPage also claims that the delay in Jones receiving the specific names was, at least in part, due to Jones's counsel waiting a week to meet and confer with RealPage about Jones's concerns. Doc. 123, Def.'s Resp., 11.

The Court believes the circumstances here more closely mirror *Butler* than *JMC*. In *JMC*, the non-moving party provided its disclosures twenty-seven days after the discovery period had ended and six months after initial disclosures were due. *See JMC Constr.*, 2008 WL 11425650, at *3. The non-moving party did not file its initial disclosures until the moving party filed a motion for summary judgment. *Id.* Moreover, the non-moving party did not provide any documents during the discovery period, giving instead only a promise to supplement. *Id.* The court there found that the non-moving party had shown a "wholesale disregard for the discovery rules and discovery deadlines." *Id.* at *4.

Here, however, RealPage submitted its supplemental disclosures on the deadline, rather than twenty-seven days later, and the supplement was made at Jones's request. *See* Doc. 124, Def.'s App., 30. Also, RealPage provided initial disclosures and supplemented them through the discovery process. *See id.* at 19–25. And finally, the information in question was not readily available to RealPage; it was in the sole possession of third-party entities. *Cf. JMC Constr.*, 2008 WL 11425650, at *3. Thus, RealPage's actions do not show the "wholesale disregard" of discovery rules that the non-movant in *JMC* demonstrated. *Id.* The Court thus finds that while RealPage's supplemental disclosures were not the hallmark of a timely response under Rule 26, they were nonetheless

sufficient to meet this Court's deadline, made in good faith, and, as such, timely.

C.     *Jones's Request to Exclude the Witness Testimony Under Rule 37 Is Denied*

As determined above, RealPage's second supplemental disclosures did not violate Rule 26(a). Since there was no violation of Rule 26(a), exclusion under Rule 37(c) will not be granted. *See* Fed. R. Civ. P. 37(c)(1).

Further, even if RealPage's supplemental disclosures violated Rule 26(a), the Court would not find that exclusion was proper because any such violation would have been harmless and justified. *See id.* (stating that a party is not permitted to use the undisclosed witness to supply evidence "unless the failure [to disclose or supplement] was substantially justified or is harmless").

Jones has failed to offer any explanation as to why she was prejudiced by her own inaction in noticing a Rule 30(b)(6) deposition, or otherwise seeking discovery from these third-party companies, when she knew long before the discovery deadline that the representatives from Marietta and GDS had relevant information. Nor has she explained why a continuance would not have cured any prejudice, assuming any prejudice exists. As stated above, RealPage had indicated during a meet and confer that it would have been willing to stipulate to extend the discovery deadline so that Jones could depose these witnesses. Indeed, instead of asking the Court to extend the deadline, Jones filed the instant motion. Thus, even if there was a Rule 26(a) violation here, any tardiness on the part of RealPage was harmless as Jones was prejudiced, if at all, by her own failures and not those of RealPage. *See* Fed. R. Civ. P. 37(c)(1). Moreover, even if one assumes Jones was correct in her legal position that the specific corporate representatives needed to be identified in initial disclosures,

RealPage would have been substantially justified[2] in its position based on the lack of Fifth Circuit authority and the out-of-circuit authority that cuts in its favor. *See supra* Part III.A.

*D.     RealPage's Request for Fees and Costs Is Denied*

Finally, the Court considers whether to grant RealPage's request for attorneys' fees and costs. It is within the Court's inherent powers to assess attorneys' fees, including when a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). However, the Supreme Court has cautioned courts to exercise these powers with restraint and discretion because of their potency. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980).

RealPage claims that Jones has acted in bad faith in bringing this motion. Doc. 123, Def.'s Resp., 14–15. RealPage claims that Jones was aware that testimony would be needed from GDS and Marietta and that Jones's motion was a bad faith attempt to exclude relevant testimony. *Id.* Jones, predictably, disagrees. *See* Doc. 126, Pl.'s Reply, 10 n.4.

With the Supreme Court's warning in mind, the Court declines to award RealPage attorneys' fees and costs. The Fifth Circuit has not ruled on some of the issues presented here—*e.g.,* whether Rule 26(a) requires that parties disclose the specific individuals who plan to give testimony on behalf of a corporation. Thus, Jones did not disregard governing law in her motion. There was also some merit to her argument that RealPage may have been dragging its feet in providing the names of those representatives. However, more for her own actions than for RealPage's, her motion was denied.

---

[2] "A substantial justification for failing to comply with Rule 26 is 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure [obligation].'" *Flores v. AT&T Corp.*, 2019 WL 2746774, at * (W.D. Tex. Mar. 27, 2019) (citing *Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 205 (5th Cir. 2016)).

Nonetheless, the Court does not find that she acted in bad faith in bringing this motion. RealPage's request for fees and costs is denied.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Jones's Motion to Strike the Second Supplemental Disclosures (Doc. 112). The Court also **DENIES** RealPage's request for fees and costs.

**SO ORDERED.**

**SIGNED: October 19, 2020.**

*[Signature]*
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE