UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DIANE D. JONES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:19-CV-2087-B** |
| **REALPAGE, INC. d/b/a LEASINGDESK SCREENING,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

Before the Court is Defendant RealPage, Inc. d/b/a LeasingDesk Screening ("RealPage")'s Motion for the Court to Issue a Redacted and Unsealed Version of its Order Denying Class Certification (Doc. 159). The motion is **GRANTED**.

The briefing on Plaintiff Diane Jones's motion for class certification contained descriptions of a proprietary algorithm belonging to RealPage. Thus, most documents related to Jones's motion for class certification were filed twice: once under seal and once publicly available, with redactions to omit reference to the proprietary algorithm. *Compare* Doc. 129, Pl.'s Br., *and* Doc. 129, Pl.'s App., *and* Doc. 138, Def.'s Br., *and* Doc. 139, Def.'s App., *with* Doc. 135, Pl.'s Sealed Br., *and* Doc. 136, Pl.'s Sealed App., *and* Doc. 141, Def.'s Sealed Br., *and* Doc. 142, Def.'s Sealed App.

Because the Court relied on evidence describing the proprietary algorithm and recounted those descriptions in its memorandum opinion and order denying Jones's motion for class certification ("Opinion"), the Court filed the Opinion under seal. *See* Doc. 155, Sealed Mem. Op. & Order.

Now, RealPage asks the Court to file a publicly available version of the Opinion, implementing certain redactions to omit reference to the proprietary algorithm. Doc. 160, Def.'s Br., 2. RealPage enumerates the portions of the Opinion it seeks to have redacted, *id.* at 3, and those redactions would, in total, account for approximately two and one-half pages of the twenty-four-page Opinion. The certificate of conference accompanying RealPage's motion states that counsel for Jones "initially noted . . . . that the Motion could be filed as unopposed, given that the information sealed consisted solely of Defendant's confidential information" but that counsel for Jones "later changed her position." Doc. 159, Def.'s Mot., 2.

Indeed, Jones opposes RealPage's motion on two grounds. First, Jones posits that the relief RealPage seeks—entry of a publicly available Opinion containing redactions—is "inconsistent with RealPage's position throughout this litigation" because RealPage now wants publicized what it has previously sought to keep secret. Doc. 161, Pl.'s Resp., 1–2. Second, Jones states that filing a redacted Opinion would contravene "the purpose behind public disclosure of judicial records" because it would confuse the public as to the basis for the Court's conclusion and lead to "both purposeful and unintentional misapplication." *Id.* at 2.

The Court disagrees. First, the relief RealPage seeks is not inconsistent with its position throughout this litigation. As noted above, all briefs and appendices related to the motion for class certification are filed twice—one of each is publicly available and contains limited redactions to protect RealPage's confidential information. RealPage "narrowly tailored its request" with respect to sealing the documents related to the motion for class certification and sought "only to seal or redact information that would implicate [its] most private and confidential information[.]" Doc. 137-1, Def.'s Mot. Seal Br., 2. Now, RealPage seeks the same relief. It asks the Court to file the Opinion

with minimal redactions to protect only its proprietary algorithm. Doc. 160, Def.'s Br., 2. Thus, RealPage's requested relief is consistent with the position it has taken throughout this litigation.

Second, the Court is not convinced that filing a redacted Opinion would contravene the purpose behind public access to judicial records as Jones suggests.

"[F]ederal courts routinely limit the public's access to commercially sensitive and proprietary information." *Rodriguez v. United Rentals (N. Am.), Inc.*, 2018 WL 4184321, at *1 (S.D. Miss. Aug. 31, 2018) (collecting cases). But "the public has a common law right to inspect and copy judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing, *inter alia*, *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 597 (1978). And "the district court's discretion to seal the record of judicial proceedings is to be exercised *charily*." *Id.* (emphasis added) (quoting *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987). In deciding whether to seal judicial records, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Id.* (citations omitted).

As noted above, the portions of the Opinion that contain sensitive proprietary information account for approximately two and one-half pages of a twenty-four-page Opinion. Thus, the public is entitled to access to the vast majority of the opinion. Yet, today, the opinion is sealed in its entirety. To find that the opinion should remain sealed in its entirety would disregard the Fifth Circuit's directive that this Court should seal the record of judicial proceedings "charily." Jones cites no authority for her position that a redacted Opinion would cause confusion or lead to misuse of the Opinion. In fact, as RealPage points out, "courts routinely issue opinions with previously sealed information partially redacted." Doc. 164, Def.'s Reply, 2 (collecting cases). This Court will do the same.

For the foregoing reasons, RealPage's motion (Doc. 159) is **GRANTED**. The Court will unseal the Opinion by re-filing the same Opinion implementing the redactions RealPage requests.

**SO ORDERED.**

**SIGNED: January 27, 2021.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE